Nicole M. Goodwin, SBN 024593
Nicole.Goodwinn@gtlaw.com
Adrianna Griego Gorton, SBN 031836
GortonA@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Arthur Otteson, Trustee and Authorized Representative of the VKNG Fleet Trust,<br><br>Plaintiff,<br><br>vs.<br><br>JPMorgan Chase Bank, N.A.,<br><br>Defendant. | Case No. 3:25-cv-08198-DWL<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), through undersigned counsel, moves to dismiss Plaintiff Erik Arthur Otteson, Trustee and Authorized Representative of the VKNG Fleet Trust's ("Otteson" or "Plaintiff") First Amended Complaint filed on August 29, 2025. This Motion is based on the following grounds, as well as the entire record in this matter. Concurrent with this Motion, Defendant has also filed a Certificate of Attempted Good Faith Consultation pursuant to Rule 7.1(h).

### INTRODUCTION

Plaintiff's Complaint must be dismissed because (1) Mr. Erik Otteson is not a licensed attorney and cannot represent VKNG Fleet Trust in these proceedings and (2) on its face, the Complaint fails to state any legally cognizable claim against Chase.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

1    Aside from Plaintiff's unauthorized practice of law, his attempt to assert various

2  sovereign-citizen type claims against Chase in the First Amended Complaint ("FAC")

3  fails: (1) Plaintiff cannot state a claim for breach of contract because Plaintiff's allegations

4  regarding a supposed "agreement" between Plaintiff and Chase are belied by the very

5  document Plaintiff attempts to enforce – a Certification of Trust is not a valid and

6  enforceable agreement between the parties; (2) Plaintiff's claim for breach of the implied

7  covenant of good faith and fair dealing fails because there is no contract between the

8  parties; and (3) Plaintiff's claims under Article 2, Section 4 for deprivation of "liberty"

9  or the "right to contract" require state action and Chase is not a state actor.  Simply put,

10  Plaintiff's FAC fails and must be dismissed in its entirety.

11  **FACTUAL BACKGROUND**

12    In this matter, Mr. Otteson "appears solely in his capacity as duly appointed

13  Trustee and Authorized Representative of the VKNG FLEET TRUST…" FAC ¶ I(A).

14  According to Plaintiff, this matter arises from a "Certification of Trust" that Plaintiff

15  submitted to Chase and now contends created a binding agreement between Plaintiff and

16  Chase.  FAC ¶ III(A).  Under A.R.S. § 14-11013, a trustee is permitted to provide a

17  Certification of Trust to third parties in lieu of disclosing the full trust instrument.  *See*

18  A.R.S. § 14-11013(A).

19    Plaintiff alleges that on May 14, 2025, he endorsed the Certification of Trust with

20  the key words "'Without Prejudice' pursuant to A.R.S. § 47-1308 to reserve rights."  *Id*.

21  at III(B). Plaintiff then opened an account with Chase on or around May 22, 2025.  *Id*. at

22  III(C).   Thereafter, on May 27, 2025, Chase issued a notice requesting updated

23  documentation regarding the trust by June 6, 2025 or the account would be closed.  *Id*. at

24  III(D).  Plaintiff claims that he disputed that additional or updated documentation was

25  required and Chase's demand for such documentation was an "anticipatory breach and

26  obstruction of contracted banking functions."  *Id*.  Plaintiff then contends that Chase

27  closed the account, which "constituted breach, as [Chase] unlawfully reversed

28  performance already tendered under an accepted contract."  *Id*. at III(G).

2

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

1    Based on the above allegations, Plaintiff now asserts his specious claims for (1)

2 breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3)

3 "Irreparable Harm: Liberty"; and (4) "Fraudulent Obstruction of Liberty."

4                                    **LEGAL STANDARD**

5    To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is

6 plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal can be

7 based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged

8 under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699

9 (9th Cir. 1988) (citation omitted).  Although well-pled factual allegations are taken as

10 true, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

11 face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

12 plausibility when the plaintiff pleads factual content that allows the court to draw the

13 reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

14 *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

15    "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed

16 factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

17 relief' requires more than labels and conclusions, and a formulaic recitation of the

18 elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and

19 citations omitted). Legal conclusions couched as factual allegations are not entitled to the

20 assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure

21 to state a claim. *Iqbal*, 556 U.S. at 679–80.

22                                        **ARGUMENT**

23 **I.    MR. OTTESON CANNOT REPRESENT THE VKNG FLEET TRUST IN**
       **THESE PROCEEDINGS.**
24

25    As a threshold matter, Plaintiff's First Amended Complaint is fatally flawed

26 because Mr. Otteson cannot represent or bring claims on behalf of the VKNG FLEET

27 Trust as a *pro se* litigant.  Courts in both the Ninth Circuit and Arizona have squarely held

28 that a trustee of a trust cannot represent the trust in court.  In this jurisdiction (and the

ACTIVE 714772922v3

majority of, if not all, other jurisdictions), trusts must be represented by counsel. *See C.E. Pope Equity Tr. v. United States* ("*Pope*"), 818 F.2d 696, 698 (9th Cir. 1987) (holding that a trustee "may not claim that his status as trustee includes the right to present arguments *pro se* in federal court"); *see also R. Charles Bryfogle/MacKenzie Tr. (1998) v. Afinowich* ("*Bryfogle*"), 1 CA-CV 06-0790, 2007 WL 5463550, at *3 (App. Nov. 1, 2007) (holding that the trial court "did not err in concluding the Trust could only be represented in court by a licensed attorney"); *Cf. Byers- Watts v. Parker*, 199 Ariz. 466, 469–70 (App. 2001) (non-lawyer guardian or person in another representative capacity required counsel to bring suit on behalf of another).

In *Pope*, the Ninth Circuit assessed whether a trustee of a trust could present argument *pro se* in federal court.  818 F.2d at 698.  The Ninth Circuit explained that while "a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him." *Id*.  The Ninth Circuit also assessed the applicability of Fed. R. Civ. P. 17(a) which "authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons 'for whose benefit the action is brought[.]'" *Id*.  The court explained that Rule 17 "does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona*.  The reciprocal relation between the bar and the bench permits an exception only for a person acting personally. A federal court rightly expects a lawyer to represent a litigant." *Id*.  Based on this analysis, the *Pope* court held that the trust required the representation of counsel.

Likewise, the Arizona Court of Appeals has held that while a trustee has the "power to prosecute, or standing to sue," this is distinct from "the authority to represent another's interests before the courts of this state." *Bryfogle*, 2007 WL 5463550, at *2. The *Bryfogle* court also analyzed the Arizona Supreme Court Rules, Rules 31 and 33, regarding the authorized and unauthorized practice of law in assessing whether a trustee could represent the interests of a trust in litigation. *Id*. The court ultimately held that "no Arizona statute or rule provides an exception for a non-attorney trustee to appear in court on behalf of a trust[.]" *Id*.  The Arizona Court of Appeals also agreed with the decision

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

4

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

in *Pope*—"[w]e agree with the Ninth Circuit's interpretation [of Rule 17 in *Pope*] and note that other state and federal courts that have considered this issue have come to the same conclusion." *Id.* at *3 (citing and collecting cases in various jurisdictions holding that trustees may not appear on behalf of trusts as *pro se* litigants in federal or state courts).

Simply put, Mr. Otteson's position as the trustee of the VKNG Fleet Trust does not give him the authority to practice law and represent the interests of the trust in these proceedings.[1] There is no doubt that is exactly what Mr. Otteson attempts to do here as he has clearly stated that he "appears solely in his capacity as duly appointed Trustee and Authorized Representative of the VKNG FLEET TRUST…." FAC ¶ I(A). Because Mr. Otteson is not a licensed attorney, and has no counsel of record, his attempt to represent the VKNG Fleet Trust in this Court is the unauthorized practice of law and should not be condoned. *See* Ariz. R. Sup. Ct. 31. As such, the First Amended Complaint should be dismissed as a matter of law.

## II.    PLAINTIFF'S FAC FAILS TO STATE A LEGALLY COGNIZABLE CLAIM.

Even if Mr. Otteson could represent the trust (which he cannot) or had brought these claims through counsel, each purported claim in the FAC is still subject to dismissal.

### A.    Plaintiff's Claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing Fail.

"To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages." *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (1975). "The party asserting the existence of a contract bears the burden of proof." *U S W. Commc'n, Inc. v. Ariz. Corp. Comm'n*, 197 Ariz. 16, 22, ¶ 20, 3 P.3d 936, 942 (App. Div. 1, 1999). Plaintiff attempts to assert a claim of breach of contract based on a Certification of Trust he signed and presented to

---

[1] Prior to removal of this matter to this Court, the state court issued an order advising Mr. Otteson that a *Motion for Preliminary Injunction* was stricken from the record because [p]ursuant to R.31.2, Arizona Rules of the Supreme Court, an unlicensed individual cannot represent a trust." *See* Order, Doc 1 at 36. Plaintiff then filed a Motion for Reconsideration of the state court's order. *Id*. at 37-40.

ACTIVE 714772922v3

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

1    Chase.  However, Plaintiff has failed to plead the essential elements of its claim: an offer;

2    acceptance; consideration; mutual assent; what provisions were allegedly breached by

3    Chase; and corresponding damages.  *See Cameron v. Wells Fargo Bank NA*, No. CV-13-

4    01921-PHX-GMS, 2014 U.S. Dist. LEXIS 95311, at \*14 (D. Ariz. July 14, 2014)

5    (dismissing breach of contract claim when plaintiff failed to specifically allege terms of

6    the contract at issue and the alleged breach); see *also Maloney v. Blair*, CV 12-01955-

7    PHX-JAT, 2012 WL 6101998, at \*3 (D. Ariz. Dec. 7, 2012), *aff'd,* 585 Fed. Appx. 934

8    (9th Cir. 2014) (dismissing a breach of contract claim where plaintiff failed to "allege an

9    offer, an acceptance, consideration for such offer and acceptance, breach of any specific

10   terms of a contract, or damages incurred as a result of the breach").  What is more, the

11   conclusory allegations of a binding agreement are belied by the Certification of Trust

12   attached to Plaintiff's original Complaint.  *See* Doc. 1 at 16-18.

13       Simply put, a Certification of Trust is not an agreement between Plaintiff and

14   Chase.  Under A.R.S. § 14-11013, a trustee is permitted to provide a Certification of Trust

15   to third parties in lieu of disclosing the full trust instrument.  *See* A.R.S. § 14-11013(A).

16   The purpose of the Certification of Trust is to serve as a mechanism wherein the trustee

17   or an authorized representative of the trust asserts the existence of the trust and their

18   authority to act on behalf of the trust—it is merely a summary of the essential terms of

19   the trust instrument.  *See generally* A.R.S. § 14-11013.  The statute provides the terms

20   that must be included in a certification of trust including that it "be signed or otherwise

21   authenticated by any trustee."  A.R.S. § 14-11013(B).

22       The basis for Plaintiff's claim appears to be Chase's refusal to accept the

23   Certification of Trust due to Mr. Otteson's inclusion of "without prejudice" in the

24   signature line.  *See* Doc. 1 at 29-31, FAC ¶¶ III(A)-(J).  Plaintiff fails to allege or provide

25   any reasoning as to why Chase would be obligated to accept the Certification of Trust

26   with the qualified signature or any provision of the Certification of Trust that would

27   impose such a requirement on Chase.  Chase is not a "party" to the Certification of Trust

28   but merely a "recipient" of the Certification and, under Arizona statutes, authorized to

ACTIVE 714772922v3

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

1   rely on a properly executed Certification. *See* A.R.S. § 14-11013(F)-(G); *see also*

2   Certification of Trust, Doc. 1 at 16-18 ("Trustee shall complete this Certification, which

3   will be relied upon by the Bank to open, close, or maintain deposit account(s) in the

4   Trust."). <u>However, receiving a Certification of Trust does not confer obligations on</u>

5   <u>Chase</u>. As such, Plaintiff has failed to plead or assert a binding agreement between

6   Plaintiff and Chase, the breach of contract claim fails as a matter of law.

7           Because Plaintiff's breach of contract claim fails, so does its claim for breach of

8   the implied covenant of good faith and fair dealing. It is axiomatic "that a contract must

9   exist before there can be a breach of the covenants of good faith and fair dealing implied

10  in every contract." *Norman v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 196, 198 (App.

11  2001). In other words, while "every contract contains implied covenants of good faith and

12  fair dealing, such covenants *presume the existence of a valid contract*." *Id.* at 203

13  (emphasis added). Plaintiff has not pled that there is a valid agreement between the

14  parties. *See generally* FAC, Doc. 1 at 28-35. Because the existence of a valid contract is

15  required to assert a claim for breach of the implied covenant of good faith and fair dealing,

16  Plaintiff's claim necessarily fails and should be dismissed. *See Norman*, 201 Ariz. at 203

17  (holding that, because the contract "ceased to exist," there was "no contract it could

18  breach nor any obligation . . . under implied covenants of good faith and fair dealing").

19      **B.    Plaintiff's Claims for "Irreparable Harm: Liberty" and "Fraudulent**
20              **Obstruction of Liberty" Are Not Cognizable Legal Theories.**

21          Relying on the Arizona Constitution, Article 2 Section 4, Plaintiff attempts to

22  assert a claim for "Irreparable Harm: Liberty" and "Fraudulent Obstruction of Liberty."

23  FAC, Doc. 1 at 32-33. Plaintiff alleges that Chase's closure of his bank account violates

24  Plaintiff's "liberty interests" and "right to operate a duly formed trust and to contract

25  freely" and that Chase's reliance on an "internal adjudication" by a "foreign employee"

26  further deprived Plaintiff of its "liberty." *Id*. Plaintiff's claim, as pled and with all

27  allegations taken as true, is meritless.

28          The due process clause protects liberty and property interests[.]" *Matter of Appeal*

ACTIVE 714772922v3

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

1    *in Maricopa Cnty. Juvenile Action No. JD-6123*, 191 Ariz. 384, 391, 956 P.2d 511, 518

2    (App. 1997).   Substantive due process only "protects an individual ***from government***

3    ***interference*** with rights implicit in the concept of ordered liberty."   *State v. Tyau*, 250

4    Ariz. 659, 664, ¶ 15, 483 P.3d 281, 286 (App. 2021) (emphasis added).   The Unites States

5    Supreme Court has explained "liberty" and the interference with the right of "liberty" as

6    follows:

> While this court has not attempted to define with exactness the liberty thus guaranteed, the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men.
>
>                                 * * *
>
> The established doctrine is that this ***liberty may not be interfered with, under the guise of protecting the public interest, by legislative action*** which is arbitrary or without reasonable relation to some purpose within the competency of the state to effect.

18    *Meyer v. Nebraska*, 262 U.S. 390, 399–400, 43 S. Ct. 625, 627, 67 L. Ed. 1042 (1923).[2]

19    Likewise, Arizona courts have held that "Article 2, Sec. 4 of the Arizona Constitution

20    ***applies only to state action***."   *Dimond v. Samaritan Health Serv.*, 27 Ariz. App. 682, 684,

21    558 P.2d 710, 712 (1976) (dismissing a due process claim because plaintiff "failed to

22    show state action") (emphasis added).

23         Here, while Plaintiff's FAC concludes that Plaintiff has been deprived of the right

24    of "liberty" and the "right to contract" by Chase's actions, Counts III and IV of Plaintiff's

25    FAC fail as the nexus of those claims—if any exists—arises solely from a private banking

26

27    [2] The protections afforded under Arizona's due process clause and the federal due process

28    clause "contain nearly identical language and protect the same interests." *Vong v. Aune*, 235 Ariz. 116, 120, ¶ 21, 328 P.3d 1057, 1061 (App. 2014).

8

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

1    relationship between Plaintiff and Chase.  *See generally* FAC, Doc. 1 at 28-35.  Plaintiff

2    does not (and cannot) allege that Chase is a government agent, was acting on behalf of

3    the state of Arizona, or that Chase is anything other than a banking association.  Even

4    when assuming the truth of Plaintiff's allegations, there is simply no allegation of a "state

5    action" or that Chase was a "state actor" which would allow Plaintiff to state a legally

6    cognizable claim for a violation of the due process clause under the Arizona Constitution.

7    *Walker v. Washington Mut. Bank,* CV 11-584-PHX-SRB, 2011 WL 13229351, at *6 (D.

8    Ariz. Aug. 24, 2011) (dismissing constitutional claim because "[p]laintiffs make no

9    allegations regarding state action or participation in joint action, nor would such a theory

10    logically flow from a mortgage-related claim.").    As such, Plaintiff's claims for

11    "Irreparable Harm: Liberty" and "Fraudulent Obstruction of Liberty" must be dismissed

12    and any attempt to amend would be futile.

13                                                  **CONCLUSION**

14        For the reasons explained above, Chase respectfully requests that the Court grant

15    its Motion to Dismiss Plaintiff's First Amended Complaint in its entirety with prejudice

16    because Plaintiff is engaged in the unauthorized practice of law and has failed to state any

17    legally cognizable claim for relief.

18

19        DATED this 24th day of September, 2025.

20                                                  GREENBERG TRAURIG, LLP

21                                                  By:  /s/ Adrianna Griego Gorton
22                                                      Nicole M. Goodwin
                                                       Adrianna Griego Gorton
23                                                      *Attorneys for Defendant JPMorgan Chase*
                                                       *Bank, N.A.*
24

25

26

27

28

9