1  Erik Arthur Otteson,
2  PO Box 4093
3  Cottonwood, AZ 86326
4  (928) 254-1037
5  vkngfleettrust@gmail.com
6
7               **UNITED STATES DISTRICT COURT**
8               **FOR THE DISTRICT OF ARIZONA**
9

☑ FILED    ___ LODGED
___ RECEIVED    ___ COPY

SEP 2 4 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

ERIK ARTHUR OTTESON,                 )
Trustee of the VKNG FLEET TRUST,     )
                      Plaintiff      )
                                     )
v.                                   )   Case No. CV-25-08198-PCT-DWL
                                     )
JPMORGAN CHASE BANK, N.A.,           )
                      Defendant      )

10          **Motion to Ratify Amended Complaint**

11          **(Alternative: Leave to Amend Nunc Pro Tunc)**

12  Plaintiff, Erik Arthur Otteson, appearing solely in his capacity as trustee of the Vkng

13  Fleet Trust under Fed. R. Civ. P. 17(a)(1)(E), respectfully moves the Court to ratify and

14  deem operative the Amended Complaint filed on September 23, 2025 (Case No. CV-25-

15  08198-PCT-DWL; Exhibit A, file-stamped first page) (ECF No.____), or, in the

16  alternative, to grant leave to file it nunc pro tunc under Rule 15(a)(2).

17  **I.        INTRODUCTION**

18  Post-removal and before any answer, scheduling order, or discovery, Plaintiff filed an

19  Amended Complaint to (i) correct capacity/caption consistent with Rule 17(a)(1)(E) and

20  controlling trust-capacity precedents, and (ii) narrow and clarify the claims and relief to

21  streamline adjudication. No new factual predicate was added; no party is prejudiced.

1    Ratifying (or granting leave for) the already-filed pleading serves Rule 1's mandate of the

2    "just, speedy, and inexpensive" determination of this action.

3  **II.**      BACKGROUND

4    A. This action was removed from Yavapai County Superior Court on or about Sept.

5        17–18, 2025.

6    B. On Sept. 23, 2025, Plaintiff filed an Amended Complaint to:

7        1.  clarify that the real party in interest is the trustee suing in his own name, see

8    Fed. R. Civ. P. 17(a)(1)(E);

9        2.  correct the caption accordingly; and

10        3.  narrow the pleadings and requested relief to promote efficiency and accuracy.

11        4.  No answer has been filed; no Rule 26(f) conference has occurred; no deadlines

12    would be impacted by ratification.

13  **III.**      LEGAL STANDARD

14    A. Under Rule 15(a)(2), courts "should freely give leave when justice so requires."

15        The Supreme Court instructs that leave should be denied only on grounds such as

16        undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. Foman

17        v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit applies this policy with

18        "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,

19        1051–52 (9th Cir. 2003).

20  **IV.**      ARGUMENT

21    A. Ratification or Leave Causes No Prejudice and Furthers Rule 1.

1       1.   This early, clarifying amendment creates no prejudice: Defendant has not

2    answered, and no discovery or deadlines are disrupted. The amendment streamlines

3    the case (corrects capacity, aligns the caption, and narrows issues), squarely fitting

4    Foman/Eminence Capital factors. Ratifying the filed pleading—or granting leave

5    nunc pro tunc—avoids needless motion practice about form and promotes an efficient

6    merits resolution.

7    **B.   The Capacity/Caption Correction Is Substantive Accuracy, Not Gamesmanship.**

8       1.   Rule 17(a)(1)(E) recognizes a trustee may sue in his own name as the real party

9    in interest. See, e.g., Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464–66 (1980) (trustees

10   who hold legal title may sue in their own names). The amendment merely corrects the

11   caption to reflect that black-letter rule and avoids confusion between an

12   express/private trust (which is not a separate juridical person) and statutory/business-

13   trust constructs discussed in Americold in other contexts. Clarifying this now benefits

14   all parties and the Court.

15   **C.   Any Local-Rule Formalities Are Satisfied or Should Be Excused.**

16      1.   To the extent Local Rule Civ. 15.1 would ordinarily require attaching a

17   "proposed" amended pleading to a motion, Plaintiff respectfully asks the Court to

18   construe the already-filed Amended Complaint (Doc. ___) as the proposed pleading

19   and deem it operative. Alternatively, Plaintiff can promptly refile the identical

20   pleading as an attachment if the Court prefers strict compliance. Either course avoids

21   duplicative paper and serves Rule 1.

22   **V.       CONCLUSION**

1    Plaintiff respectfully requests that the Court ratify and deem operative the September 23,

2    2025 Amended Complaint (Doc. ___). In the alternative, grant leave to file it nunc pro

3    tunc under Rule 15(a)(2), and direct the Clerk to treat it as the operative pleading.

4    Dated this 24ᵗʰ day of September, 2025

5    Respectfully,

6    ERIK ARTHUR OTTESON

7    *Erik Arthur Otteson*

8    Trustee of the VKNG FLEET TRUST

9    PO Box 4093
10    Cottonwood, AZ 86326
11    (928) 254-1037
12    vkngfleettrust@gmail.com
13
14    **CERTIFICATE OF SERVICE**

15    I hereby certify that on this 24ᵗʰ day of September, 2025, a true and correct copy of the

16    foregoing Motion to Ratify Amended Complaint  (Alternative: Leave to Amend Nunc Pro

17    Tunc) was served via Certified Mail, Return Receipt Requested, upon the following:

18    Nicole M. Goodwin
19    Greenberg Traurig, LLP
20    2375 E. Camelback Road, Suite 700
21    Phoenix, Arizona 85016
22    CERTIFIED MAIL 9589 0710 5270 2831 2565 47
23
24    ERIK ARTHUR OTTESON

25    *Erik Arthur Otteson*

26    Trustee for the VKNG FLEET TRUST

1  Erik Arthur Otteson,
2  PO Box 4093
3  Cottonwood, AZ 86326
4  (928) 254-1037
5  vkngfleettrust@gmail.com
6
7              **UNITED STATES DISTRICT COURT**
8               **FOR THE DISTRICT OF ARIZONA**
9

ERIK ARTHUR OTTESON,                    )
Trustee of the VKNG FLEET TRUST,        )
                          Plaintiff     )
                                        )
v.                                      )    Case No. CV-25-08198-PCT-DWL
                                        )
JPMORGAN CHASE BANK, N.A.,              )
                          Defendant     )

10                    **[PROPOSED] ORDER**

11  Upon consideration of Plaintiff's Motion to Ratify Filing of Amended Complaint, or in

12  the Alternative, for Leave to File Nunc Pro Tunc (Doc. __), and good cause appearing,

13  **I.**         IT IS ORDERED that the Motion is GRANTED.

14  **II.**        IT IS FURTHER ORDERED that the Amended Complaint filed on September

15  23, 2025 (Doc. __) is RATIFIED and deemed the operative pleading in this action.

16  **III.**       IT IS FURTHER ORDERED that, to the extent leave is required, leave to

17  amend is GRANTED under Fed. R. Civ. P. 15(a)(2), and the Amended Complaint is

18  accepted nunc pro tunc to September 23, 2025.

19  **IV.**        IT IS FURTHER ORDERED that the Clerk shall update the docket to reflect

20  this ruling, and that Defendant shall answer or otherwise respond to the Amended

1    Complaint within 14 days after service of the Amended Complaint or this Order, pursuant

2    to Fed. R. Civ. P. 15(a)(3).

3    Dated: _____

4    Hon. Dominic W. Lanza

5    United States District Judge

**EXHIBIT A -** Amended Complaint (Case No. CV-25-08198-PCT-DWL; Exhibit A, file-stamped first page) (ECF No.____)

| ✔FILED | ___ LODGED |
| ___ RECEIVED | ✔COPY |

SEP 2 3 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  Erik Arthur Otteson,
2  PO Box 4093
3  Cottonwood, AZ 86326
4  (928) 254-1037
5  vkngfleettrust@gmail.com
6
7                    **UNITED STATES DISTRICT COURT**
8                    **FOR THE DISTRICT OF ARIZONA**
9

ERIK ARTHUR OTTESON,                    )
Trustee of the VKNG FLEET TRUST,        )
                        Plaintiff       )
                                        )
v.                                      )    Case No. CV-25-08198-PCT-DWL
                                        )
JPMORGAN CHASE BANK, N.A.,              )
                        Defendant       )

10                        **AMMENDED COMPLAINT**

11  **I.        INTRODUCTION**

12  Plaintiff brings this action to redress the unlawful denial of banking access following the

13  lawful presentment of Certification of Trust. Despite written notice and clear authority,

14  Defendant obstructed account access, refused fiduciary recognition, and failed to cure.

15  This action arises from intentional interference with rights secured under federal law.

16  Plaintiff seeks appropriate judicial remedy as the Court deems just and proper.

17  **II.       JURISDICTION AND VENUE**

18      A. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this

19          action arises under the Constitution and laws of the United States, including rights

20          secured by the Fifth and Thirteenth Amendments. The conduct giving rise to the

21          claim involves federal questions of liberty and due process.