Erik Arthur Otteson,
PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
vkngfleettrust@gmail.com

FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 2 4 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERIK ARTHUR OTTESON,<br>Trustee of the VKNG FLEET TRUST,<br>          Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>          Defendant | Case No. CV-25-08198-PCT-DWL |

### NOTICE OF ERRATA AND CLARIFICATION

### RE: AMENDED COMPLAINT (CV-25-08198-PCT-DWL)

Plaintiff, Erik Arthur Otteson, appearing solely in his capacity as trustee of the Vkng Fleet Trust, respectfully submits this Notice to correct minor errors and prevent misreading of the Amended Complaint filed September 23, 2025 (Case No. CV-25-08198-PCT-DWL; Exhibit A, file-stamped first page) (ECF No.____). No new claim is added; none is withdrawn.

**I.    THIRTEENTH AMENDMENT**

A. Any reference to the Thirteenth Amendment in the Amended Complaint was inadvertent and is STRICKEN. The pleading does not assert a claim under the Thirteenth Amendment.

**II.    DUE PROCESS / CONSTITUTIONAL AUTHORITIES — SCOPE ONLY**

A. Citations to Mathews v. Eldridge, 424 U.S. 319 (1976), and Goldberg v. Kelly, 397 U.S. 254 (1970), are offered solely as persuasive standards on fair procedure and risk of erroneous deprivation. The Amended Complaint does not assert a claim under 42 U.S.C. § 1983 and does not allege state action. Any mention of the Fifth or Fourteenth Amendments is limited to equitable considerations (e.g., standards for notice, hearing, and balancing) and is not pleaded as an independent constitutional count.

## III. IRREPARABLE-HARM QUOTATIONS

Plaintiff recognizes Defendant is a private party and does not allege state action. The following authorities are cited by analogy only for the equitable principle that when core legal rights are obstructed, harms are often not compensable by money damages and thus are irreparable. No substantive constitutional claim is asserted.

A. Elrod v. Burns, 427 U.S. 347, 373 (1976): the intended quotation is "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." This case is cited only for the general irreparable-injury principle in equity.

B. Roman Catholic Diocese, 141 S. Ct. at 67 (per curiam) — cited solely for the principle that curtailment of protected rights supports a finding of irreparable harm for injunction purposes; no First Amendment claim is asserted.

C. Weinberger v. Romero-Barcelo, 456 U.S. 305 (1982): cited for the court's equitable discretion; no separate claim is intended.

## IV. TEXT & CITATION CORRECTIONS

A. Where "under the Fifth and Thirteenth Amendments" appears, replace with: "invoking equitable standards of fair procedure recognized in due-process jurisprudence (e.g., Mathews, Goldberg)."

B. Pin-cite Clean-Up (wherever appearing):

  1. Mathews, 424 U.S. at 335 (three-factor test).
  2. Goldberg, 397 U.S. at 266–71 (pre-termination hearing).
  3. Elrod, 427 U.S. at 373 (irreparable injury).
  4. Romero-Barcelo, 456 U.S. at 312–13 (equitable discretion).

V. EXHIBITS / STATE RECORD

A. References to "Exhibit X" and the state-court record will be supported by a separate Notice of Filing and Preservation of State-Court Record with an exhibit index to be filed promptly.

VI. SERVICE / E-NOTICING

A. Plaintiff has requested ECF e-noticing; until granted, service continues by Certified U.S. Mail, Return Receipt Requested (with courtesy email).

VII. CORE THEORY UNCHANGED

A. The operative claims remain contractual/UCC—including breach of the implied covenant of good faith and fair dealing—meeting Arizona's prima facie standard under Wells Fargo Bank v. Arizona Laborers and Schoenfelder v. Arizona Bank. The constitutional cases simply illuminate why the harms here are not adequately compensable by money damages and warrant equitable relief.

VIII. RESERVATION

Without alleging state action now, Plaintiff reserves the right to amend if discovery reveals state compulsion, joint action, significant nexus, or public-function facts satisfying the state-action doctrine.

## IX. CONCLUSION

A. This Notice is filed solely to correct minor citation and phrasing errors and to prevent any misreading of the Amended Complaint filed September 23, 2025 (Doc. ___). It does not add or withdraw any claim, party, or request for relief. The pleading continues to sound in contract and the implied covenant under Arizona law and the UCC; references to constitutional authorities are cited only for equitable principles (notice, hearing, balancing, irreparable harm).

B. Consistent with Rule 1, this filing is made to conserve resources and ensure accuracy for the Court and the parties. No party is prejudiced; Defendant may answer or move on the clarified understanding set out herein.

C. Accordingly, Plaintiff respectfully requests that the Court (a) take notice of this errata and constitutional clarification; (b) deem the Amended Complaint clarified as stated herein; and (c) direct the Clerk to annotate the docket entry for the Amended Complaint to reflect the filing of this Notice.

Dated this 24th day of September, 2025

Respectfully,

ERIK ARTHUR OTTESON

*/s/ Erik Arthur Otteson*

1   Trustee of the VKNG FLEET TRUST

2   PO Box 4093
3   Cottonwood, AZ 86326
4   (928) 254-1037
5   vkngfleettrust@gmail.com
6
7   **CERTIFICATE OF SERVICE**

8   I hereby certify that on this 24th day of September, 2025, a true and correct copy of the

9   foregoing NOTICE OF ERRATA AND CLARIFICATION RE: AMENDED

10  COMPLAINT (CV-25-08198-PCT-DWL) was served via Certified Mail, Return Receipt

11  Requested, upon the following:

12  Nicole M. Goodwin
13  Greenberg Traurig, LLP
14  2375 E. Camelback Road, Suite 700
15  Phoenix, Arizona 85016
16  CERTIFIED MAIL 9589 0710 5270 2831 2565 47
17
18  ERIK ARTHUR OTTESON

19  */s/ Erik Arthur Otteson/*

20  Trustee for the VKNG FLEET TRUST

**EXHIBIT A -** Amended Complaint (Case No. CV-25-08198-PCT-DWL; Exhibit A, file-stamped first page) (ECF No.____)

✓FILED ___ LODGED
___ RECEIVED ✓COPY

SEP 2 3 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___Kh___ DEPUTY

1 Erik Arthur Otteson,
2 PO Box 4093
3 Cottonwood, AZ 86326
4 (928) 254-1037
5 vkngfleettrust@gmail.com
6
7
8         UNITED STATES DISTRICT COURT
9         FOR THE DISTRICT OF ARIZONA

ERIK ARTHUR OTTESON,                      )
Trustee of the VKNG FLEET TRUST,          )
                    Plaintiff             )
                                          )
v.                                        )   Case No. CV-25-08198-PCT-DWL
                                          )
JPMORGAN CHASE BANK, N.A.,                )
                    Defendant             )

10                    **AMMENDED COMPLAINT**

11 **I.    INTRODUCTION**

12 Plaintiff brings this action to redress the unlawful denial of banking access following the
13 lawful presentment of Certification of Trust. Despite written notice and clear authority,
14 Defendant obstructed account access, refused fiduciary recognition, and failed to cure.
15 This action arises from intentional interference with rights secured under federal law.
16 Plaintiff seeks appropriate judicial remedy as the Court deems just and proper.

17 **II.   JURISDICTION AND VENUE**

18    A. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this
19       action arises under the Constitution and laws of the United States, including rights
20       secured by the Fifth and Thirteenth Amendments. The conduct giving rise to the
21       claim involves federal questions of liberty and due process.