FILED ✓  LODGED ___
RECEIVED ___  COPY ___

OCT 1 7 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Erik Arthur Otteson
PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| ERIK ARTHUR OTTESON, Pro Se, | Case No. 3:25-cv-08198-DWL |
|---|---|
| Plaintiff, | **MOTION TO CLARIFY REAL PARTY IN INTEREST AND SUBSTITUTE PLAINTIFF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 17(a)(3)** |
| vs. | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

This case arises from Defendant's refusal to honor Plaintiff's qualified signature indorsement made pursuant to UCC § 1-308, followed by Defendant's abrupt closure of bank accounts without legal justification. The Court's prior Order correctly applied C.E. Pope Equity Trust to bar unauthorized practice of law, and Plaintiff is grateful for that guidance. Upon examination, the answer is clear: the injuries alleged—rejection of Plaintiff's personal signature, waste of his time and labor, interference with his right to contract—belong to Plaintiff Erik Arthur Otteson personally, not to any trust or other entity. Plaintiff is the real party in interest. He is appearing pro se to vindicate his own rights, not to represent anyone else. Alternatively, even if the claims belonged to the trust, Plaintiff is its sole beneficial owner (no beneficiary is named in the trust instrument), satisfying the Pope exception recognized by the Ninth Circuit in Sundby. As a final safeguard, Plaintiff has executed a formal assignment transferring any trust interest to himself individually. Under any theory—personal injury, beneficial ownership, or assignment—Erik Arthur Otteson is the proper plaintiff, and this action should proceed on the merits.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

Plaintiff Erik Arthur Otteson respectfully submits this Motion to clarify the real party in interest in this action and, if necessary, to substitute himself as Plaintiff in his individual capacity. This Motion is filed in direct response to the Court's Order dated [INSERT DATE], which struck Plaintiff's motions on the ground that a non-attorney trustee may not represent a trust in federal court. Plaintiff is deeply grateful for the Court's guidance and for the opportunity to address this threshold issue with the clarity and precision that the Court's Order invites.

The Court's Order correctly applied the principle established in *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987), which holds that a non-lawyer may appear pro se only to vindicate his or her own rights, not to represent the interests of others or of a separate legal entity. With the benefit of that guidance, Plaintiff has carefully examined the nature of the claims asserted in this action, the structure of the VKNG Fleet Trust, and the identity of the real party in interest. That examination has led to a clear conclusion: the claims in this action belong to Plaintiff personally, and Plaintiff is appearing pro se to vindicate his own rights, not to represent any other person or entity.

This is not a case in which a trustee seeks to represent the interests of beneficiaries or to prosecute claims on behalf of a trust estate. Rather, this is a case in which an individual—Erik Arthur Otteson—seeks to remedy injuries done to him personally: the rejection of his personal signature, the waste of his time and labor, and the interference with his fundamental right to contract. To the extent any ambiguity existed in the caption or pleadings, Plaintiff seeks to cure that ambiguity through this Motion, consistent with the remedial purposes of Federal Rule of Civil Procedure 17(a)(3) and the principles articulated by the Ninth Circuit in *Sundby v. Marquee Funding Group, Inc.*, No. 24-865 (9th Cir. June 30, 2025).

**STATEMENT OF FACTS**

In 2024, Plaintiff Erik Arthur Otteson created the VKNG Fleet Trust. Plaintiff served as the grantor (also referred to in the trust instrument as "Executor/Creator"), the

1  trustee, and—as will be demonstrated—the sole beneficial owner. (Declaration of Erik

2  Arthur Otteson ("Otteson Decl.") ¶¶ 2-3, attached as Exhibit 1). The trust was created for

3  the purpose of holding assets and conducting business. However, the trust never became

4  operational in any meaningful sense. No assets were transferred into the trust beyond the

5  initial funding necessary to open bank accounts, no distributions were ever made, and no

6  business was ever conducted. The trust existed for only a brief period before the events

7  giving rise to this lawsuit occurred. (*Id.* ¶ 4). Critically, the trust instrument does not

8  name any beneficiary. Although the instrument repeatedly references "the Beneficiaries"

9  and contemplates that beneficiaries might exist, it does not identify any specific person or

10 entity as a beneficiary. (Relevant pages of the trust instrument are attached as Exhibit 3).

11 This omission is not an oversight; it reflects the reality that Plaintiff created the trust for

12 his own benefit and never designated any other person to receive distributions or hold

13 beneficial interests. (Otteson Decl. ¶ 5).

14        After creating the trust, Plaintiff applied for and received an Employer

15 Identification Number (EIN) from the Internal Revenue Service for the VKNG Fleet

16 Trust. (Otteson Decl. ¶ 6). Plaintiff then approached Defendant Chase Bank, N.A.

17 ("Chase") to open bank accounts in the name of the trust. Chase required Plaintiff to

18 complete and sign a "Certification of Trust" form, which is a standard document used by

19 financial institutions to verify the existence and authority structure of a trust without

20 requiring the institution to review the entire trust instrument. (*Id.* ¶ 7).

21        When Plaintiff signed the Certification of Trust, he did so with a specific

22 reservation of rights, indorsing the document with his signature followed by the notation

23 "without prejudice," invoking his rights under Uniform Commercial Code § 1-308

24 (formerly § 1-207). (Otteson Decl. ¶ 8). It was Plaintiff's personal signature—not the

25 signature of the trust as an entity—that was placed on the Certification of Trust. The

26 signature was Plaintiff's act, reflecting Plaintiff's decision to reserve his rights. (*Id.* ¶

27 9).

28

1    Chase accepted Plaintiff's indorsed Certification of Trust and opened bank
2  accounts for the VKNG Fleet Trust. For a brief period, the accounts were operational.
3  (Otteson Decl. ¶ 10). However, shortly thereafter, Chase closed the accounts without
4  prior notice or explanation. (*Id.* ¶ 11). Plaintiff was given no opportunity to withdraw
5  funds, conduct pending transactions, or transition to another financial institution. The
6  closure was abrupt and, from Plaintiff's perspective, inexplicable.

7    Concerned and confused by Chase's actions, Plaintiff sent three separate written
8  notices to Chase, requesting clarification as to why his signature—which Chase had
9  initially accepted—was now being rejected, and why the accounts had been closed.
10  (Otteson Decl. ¶ 12). In response, Chase cited internal "policy" but provided no legal
11  authority, no contractual provision, and no statute to support its actions. Notably, Chase's
12  internal communications reveal that Chase employees claimed the Uniform Commercial
13  Code "does not apply" to this situation, without citing any legal authority for that
14  proposition. (*Id.* ¶ 13).

15    The harm caused by Chase's conduct was not harm to an abstract trust entity. The
16  harm was done to Plaintiff personally. It was Plaintiff's signature that was rejected. It was
17  Plaintiff's time that was wasted in attempting to open accounts, responding to Chase's
18  closure, and seeking explanations. It was Plaintiff's labor in creating the trust, obtaining
19  the EIN, and preparing documentation that was rendered futile. It was Plaintiff's right to
20  contract—a fundamental right recognized at common law and protected by the
21  Constitution—that was interfered with when Chase refused to honor the terms on which
22  Plaintiff had agreed to sign. (Otteson Decl. ¶¶ 14-16). The trust, as an entity, suffered no
23  cognizable injury. It held no significant assets, conducted no business, and had no
24  beneficiaries whose interests were harmed. The only person injured by Chase's conduct
25  was Erik Arthur Otteson, individually. (*Id.* ¶ 17).

26                                    **<u>ARGUMENT</u>**
27  **I.    THE CLAIMS ASSERTED IN THIS ACTION BELONG TO PLAINTIFF**
28         **PERSONALLY, MAKING HIM THE REAL PARTY IN INTEREST.**

A.    **The Injuries Alleged—Rejection of Plaintiff's Signature, Waste of His Time, and Interference with His Right to Contract—Are Inherently Personal.**

The threshold question under Rule 17 is: Who owns the claim? The answer is determined by examining the nature of the injury. *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74 (2008). Here, the claims arise from personal injuries to Plaintiff. The Certification of Trust was signed by Erik Arthur Otteson. Although Plaintiff signed in his capacity as trustee, the physical act of signing, and the decision to reserve rights by adding "without prejudice," were Plaintiff's personal acts. When Chase rejected that signature, it rejected Plaintiff's personal expression of conditional consent. The indorsement "without prejudice" is a personal reservation of rights under UCC § 1-308; it is not a reservation made by the trust as an entity. The trust, as an inanimate legal construct, cannot "reserve" anything. Only a person can. Thus, when Chase refused to honor the qualified indorsement, it was Plaintiff—not the trust—whose rights were violated.

B.    **The Trust Itself Suffered No Cognizable Injury, Rendering It a Mere Vehicle for Plaintiff's Personal Undertaking.**

The Trust suffered no harm. It held no significant assets that were lost, conducted no business that was disrupted, and had no beneficiaries whose interests were impaired. The Trust was, in essence, a shell—a legal form that Plaintiff had created but that never became operational. In contrast, Plaintiff personally invested substantial time and effort in creating the trust, obtaining the EIN, gathering documentation, traveling to Chase's branch, completing forms, and attempting to resolve Chase's objections. When Chase abruptly closed the accounts, all of that time and labor were rendered futile. (Otteson Decl. ¶ 15). The trust, as an entity, has no "time" to waste. It does not labor. It does not experience frustration or loss of opportunity. Only Plaintiff, as a human being, suffered these injuries. For these reasons, Plaintiff respectfully submits that the claims in this action belong to him personally. He is the real party in interest. He is not representing the

1  trust or any other entity; he is vindicating his own rights. This satisfies the requirement of

2  *C.E. Pope* that a pro se litigant appear only on his own behalf.

3  **II.    ALTERNATIVELY, PLAINTIFF IS THE SOLE BENEFICIAL OWNER OF**

4  **THE TRUST AND MAY PROCEED PRO SE UNDER THE POPE**

5  **EXCEPTION.**

6  **A.    The Ninth Circuit in C.E. Pope and Sundby Recognizes an Exception**

7  **for Sole Beneficial Owners.**

8  Even if the Court were to conclude that the claims initially belonged to the VKNG

9  Fleet Trust, Plaintiff is entitled to proceed pro se under the exception to the *Pope* rule.

10 In *C.E. Pope Equity Trust v. United States*, the Ninth Circuit held that "a trustee who is

11 not a lawyer may not represent the trust in propria persona." 818 F.2d at 697. The

12 rationale is that a trustee representing a trust is, in effect, representing the interests of the

13 beneficiaries. However, the court recognized an important exception: if the trustee is the

14 actual beneficial owner of the claims being asserted, then the trustee is not representing

15 others, but is instead vindicating his or her own rights. *Id.* The Ninth Circuit recently

16 reaffirmed and applied this exception in *Sundby v. Marquee Funding Group, Inc.*, No.

17 24-865 (9th Cir. June 30, 2025), making clear that courts must examine the substance of

18 the ownership relationship, not merely the formal title.

19 **B.    Because the Trust Instrument Names No Beneficiary, a Resulting Trust**

20 **Arises in Plaintiff's Favor, Making Him the Sole Beneficial Owner.**

21 A trust, by definition, requires a trustee, a beneficiary, and trust property.

22 *Restatement (Third) of Trusts* § 2 (2003). When a settlor creates a trust but fails to

23 designate a beneficiary, the law does not permit the trustee to take the beneficial interest

24 for himself (unless that was the settlor's intent). Instead, equity implies a resulting trust in

25 favor of the settlor. *Id.* § 7. Here, the VKNG Fleet Trust instrument does not name any

26 beneficiary. (Exhibit 3). Under the doctrine of resulting trusts, the beneficial interest

27 reverts to the settlor—in this case, Plaintiff. Plaintiff is therefore both the trustee (holding

28 legal title) and the beneficiary (holding equitable title). The two titles merge in Plaintiff's

1  person, making him the sole beneficial owner of the trust and its assets. As Plaintiff has

2  submitted a declaration under penalty of perjury stating that no other person or entity has

3  any interest in the trust or its claims, he is not representing other beneficiaries, because

4  there are none. He is representing only himself. Accordingly, even if the claims are

5  deemed to belong to the trust, Plaintiff satisfies the *Pope* exception and may proceed

6  pro se.

7  **III.    AS A FURTHER ALTERNATIVE, ANY PROCEDURAL DEFECT HAS**

8  **BEEN CURED BY ASSIGNMENT.**

9  **A.    Federal Rule of Civil Procedure 17(a)(3) Expressly Provides for Cure**

10  **by Substitution or Assignment.**

11  To ensure complete compliance with Rule 17 and to provide the Court with a clear

12  procedural path forward, Plaintiff has executed a formal Assignment of Claim. (Exhibit

13  2). Rule 17(a)(3) expressly contemplates that a real-party-in-interest defect can be cured

14  by "ratification, joinder, or substitution." Courts have long recognized that an assignment

15  of the claim to the real party in interest is an appropriate method of curing such a defect.

16  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997).

17  The Supreme Court has confirmed that an assignee of a claim has standing to pursue that

18  claim in federal court. *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269

19  (2008).

20  **B.    Plaintiff Has Executed a Formal Assignment Transferring All of the**

21  **Trust's Interests to Himself Individually.**

22  `As the sole trustee of the VKNG Fleet Trust, Plaintiff has full authority to manage

23  trust assets, including the authority to assign claims. (Exhibit 3, p. 12, "Declaration of

24  Authority"). Moreover, because Plaintiff is also the sole beneficial owner, there is no

25  conflict of interest or breach of fiduciary duty in executing the assignment. By executing

26  the Assignment, Plaintiff has ensured that he—individually—is now the owner of the

27  claims. Even if the Court were to find that the claims initially belonged to the trust (a

28  conclusion Plaintiff respectfully disputes), the Assignment cures that defect. The claims

1   now belong to Erik Arthur Otteson, an individual, who may prosecute them pro se

2   without implicating the *Pope* rule.

3       C.    **CONCLUSION AND RELIEF REQUESTED**

4       This Motion arises from Plaintiff's sincere desire to comply with the Court's

5   guidance and to ensure that this action is prosecuted by the proper party in the proper

6   capacity. Plaintiff is grateful to the Court for its Order clarifying the requirements of

7   *C.E. Pope Equity Trust* and for the opportunity to address this issue before the Court.

8   Upon careful examination, it is clear that Plaintiff is the real party in interest. Whether the

9   analysis proceeds under the "personal injury" theory, the "beneficial ownership" theory,

10  or the "assignment" theory, the conclusion is the same: Erik Arthur Otteson, individually,

11  is the proper plaintiff in this action, and he is appearing pro se to vindicate his own rights,

12  not to represent any other person or entity.

13      Plaintiff respectfully requests that the Court grant this Motion and enter an order:

14  (1) Clarifying that Erik Arthur Otteson, individually, is the real party in interest in this

15  action; (2) Substituting Erik Arthur Otteson, individually, as Plaintiff in place of the

16  VKNG Fleet Trust; (3) Directing that the caption be amended to reflect "Erik Arthur

17  Otteson, Plaintiff, pro se" in place of "VKNG Fleet Trust, by Erik Arthur Otteson,

18  Trustee"; (4) Ordering that the action shall proceed as if it had been originally

19  commenced by Erik Arthur Otteson individually, pursuant to Rule 17(a)(3); and (5)

20  Granting such other and further relief as the Court deems just and proper. In the

21  alternative, if the Court requires additional time or briefing, Plaintiff respectfully requests

22  that the Court grant him fourteen (14) days to file a conforming amended complaint,

23  consistent with Rule 17(a)(3).

24  Respectfully,

25  ERIK ARTHUR OTTESON

26  *Erik Arthur Otteson*

27  Plaintiff, Pro Se

28  PO Box 4093

1  Cottonwood, AZ 86326
   (928) 254-1037
2  erikotteson@gmail.com

3

4  **CERTIFICATE OF SERVICE**
   I hereby certify that on this 17th day of October, 2025, a true and correct copy of the
5  foregoing MOTION TO CLARIFY REAL PARTY IN INTEREST AND SUBSTITUTE
   PLAINTIFF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 17(a)(3) was
6  served via Certified Mail, Return Receipt Requested, upon the following:

7
   Nicole M. Goodwin
8  Greenberg Traurig, LLP
   2375 E. Camelback Road, Suite 700
9  Phoenix, Arizona 85016
   CERTIFIED MAIL 9589 0710 5270 2831 2565 54
10

11

12  ERIK ARTHUR OTTESON

13  *Erik Arthur Otteson*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT 1

## DECLARATION OF ERIK ARTHUR OTTESON

I, Erik Arthur Otteson, declare as follows:

1. I am the Plaintiff in this action, over the age of eighteen, and competent to testify to the matters stated herein. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify thereto.

2. I created the VKNG FLEET TRUST ("the Trust") on or about 04/21/2025. I am the sole Grantor and sole Trustee of the Trust. The purpose of the Trust was to serve as a legal vehicle for my business ventures.

3. The Trust instrument does not name any beneficiaries. It was my intent at the time of creation, and remains my intent, that I am the sole beneficial owner of the Trust. No other person or entity has any beneficial interest in the Trust.

4. In or around 05/14/2025, I attempted to open trust bank accounts for the Trust at a JPMORGAN CHASE BANK, N.A. ("Chase") branch. I was required to sign a "Certification of Trust" document provided by Chase. I signed this document with the explicit reservation of my rights, "without prejudice," pursuant to UCC § 1-308

5. Chase employees accepted my qualified indorsement and proceeded to open the accounts. Shortly thereafter, Chase abruptly closed the accounts without explanation.

6. I sent three separate written notices to Chase requesting a legal and factual basis for the closure. In response, Chase vaguely cited its internal "policy" but refused, and continues to refuse, to produce the specific policy or provide any coherent legal justification for its actions.

7. The harm caused by Chase's actions was, and continues to be, personal to me. The Trust itself suffered no cognizable injury. It held no significant assets, had not yet commenced business operations, and had no beneficiaries whose interests could be harmed.

8. The actual injuries were inflicted upon me, Erik Arthur Otteson, the individual. It was my time that was wasted. It was my labor that was rendered futile. It was my

opportunity to launch and expand my businesses that was obstructed. It was my personal right to contract on my own terms, including the right to reserve my rights under UCC § 1-308, that was violated.

9. I am the real party in interest in this dispute because the injuries are mine alone. I am not representing the interests of any other person, beneficiary, or entity, because no such other interested party exists.

10. To cure any potential procedural defect, I have also executed an Assignment of Claim, attached as Exhibit 2, transferring any and all of the Trust's potential claims against Chase to myself, in my individual capacity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 17, 2025

*Erik Arthur Otteson*

ERIK ARTHUR OTTESON

## EXHIBIT 2

## ASSIGNMENT OF CLAIM

This Assignment of Claim (the "Assignment") is made and entered into as of this 17th day of October, 2025, by and between Erik Arthur Otteson, in his capacity as the sole Trustee of the VKNG FLEET TRUST (the "Assignor"), and Erik Arthur Otteson, in his individual capacity (the "Assignee").

### RECITALS

**WHEREAS**, Assignor is the sole Trustee of the VKNG FLEET TRUST, a private trust; and

**WHEREAS**, the VKNG FLEET TRUST may possess certain claims against JPMORGAN CHASE BANK, N.A. ("Chase") which are the subject of the action currently pending in the United States District Court for the District of Arizona, Case No. 3:25-cv-08198-DWL (the "Claims"); and

**WHEREAS**, Assignee is the sole Grantor and sole beneficial owner of the VKNG FLEET TRUST; an

**WHEREAS**, to clarify the real party in interest and to cure any potential procedural defects in the aforementioned action, Assignor desires to assign all of the Trust's right, title, and interest in and to the Claims to the Assignee.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Assignment. Assignor hereby irrevocably transfers, grants, and assigns to Assignee all of Assignor's right, title, and interest in and to the Claims, including all rights to sue for and recover any and all damages and other relief arising from the Claims.

2. Authority. Assignor represents that he is the sole Trustee of the VKNG FLEET TRUST and has full authority to execute this Assignment. Assignor further represents that this Assignment does not conflict with the trust instrument or impair the rights of any beneficiary, as Assignee is the sole beneficial owner.

3. Governing Law. This Assignment shall be governed by the laws of the State of Arizona.

IN WITNESS WHEREOF, the Assignor has executed this Assignment as of the date first written above.

*Erik Arthur Otteson*

ERIK ARTHUR OTTESON, Trustee of the VKNG FLEET TRUST

("Assignor")

### NOTARY JURAT

State of Arizona

County of Yavapai

Subscribed and sworn to (or affirmed) before me this 17 day of October, 2025, by Erik Otteson _____, who is personally known to me or has produced satisfactory evidence of identity.

[SEAL]

_____
Notary Public

My commission expires: 8-28-2028

TRYNADEE ROUTH
Notary Public, State of Arizona
Yavapai County
Commission # 673203
My Commission Expires
August 28, 2028

**EXHIBIT 3** – Trust Instrutment

security as opposed to one of violence or warfare, but likewise a state of public order and decorum.
- Black's Law 4th Edition

# Declaration of Private Trust

This Private Trust, a Faith-Based entity is established under the Common Law Right of Contract within the Vkng State of America by and between the undersigned Executor/Creator **Erik Arthur Otteson,**Trustee: **Erik Arthur Otteson** as an Irrevocable Private Trust and shall be administered by the people holding legal title to the Trust assets, in Trust, not as individuals, but collectively as herein set forth and are empowered to function under the name of the Private Trust for the benefit of the beneficiaries. To reserve privacy, any beneficiary or beneficiaries will be private and may be changed, as needed, by the trustee.

# Declaration of Authority

The Board of Trustees shall have all the power necessary, convenient or appropriate to effectuate the purpose of this Trust; and shall take any action which it deems necessary or desirable and proper to carry out such purposes, provided however, that those purposes and actions shall not be inconsistent with the provisions herein, or contrary to the law. Any determination of the purpose of this Trust, made in good faith by the Board of Trustees, shall be conclusive. In construing the purpose of this Trust Indenture Declaration, the presumption shall be in favor of the grant of power to the Board of Trustees.

# Name and Situs of Trust

**This trust, upon its birth, does not operate under Title 8 of the United States Code, or any other statutory body of law, but wants to be sure to reference any material that is an excellent description of the powers of this trust. Any statutory aspects in this indenture only ease the interfacing with other bodies of law and no usage of laws in this indenture establish that this trust is operating under the laws of any other nation.**

This trust, as a "person," has experienced "birth" in the Vkng State of America and may be moved anywhere in the world using the same process of naturalization as is described in 8 USC 1101(a)(23):

"The term 'naturalization' means the conferring of nationality of a state upon a person after birth, by any means whatsoever."

This document is the "birth certificate" of the trust. Naturalization (or change in location) may occur by the trustees at any time and as much and as often as they please.

The definition of "naturalization" is currently and, as far as this trust indenture is concerned, will always be defined as: "the conferring of nationality of a state upon a person after birth, by any means whatsoever."

## Private Trust Domicile Address at Birth (as a "person"):

777 Dominion Drive
Freetown, The Vkng State of America

## Private Trust Mailing Address:

PO Box 4093, Cottonwood AZ 86326

# Agreement of Contract

*Term of Trust*
1. That this Trust shall be established for a term of 21 years. The Board of Trustees shall be empowered by unanimous decision to renew its operation for the new terms, each term not to exceed 21 years, ad infinitum. The Trustees, at their unanimous discretion, may terminate the Trust at an earlier date and distribute assets to the Beneficiary(ies) as their pro rata interests appear or vest after the death of all Beneficiaries.

*Funding of Trust*
2. That the Executor/Creator shall execute and cause to be delivered to the Trustees of this Trust all documents necessary to convey rights, title, and interest in and to any real property transferred to this Trust and such other documents as may be required to transfer and convey all rights, title, and interest in and to any personal property, notes receivable, stocks, bonds, or other investments which the Executor/Creator grants to the Trust hereby created and which the Trustees shall hold title to collectively as the Board, for the benefit of the Beneficiary(ies). Any assets that shall be placed in the trust will be done through simple declaration by the Trustees. These declarations may be private (unannounced) or public (recorded in a county recorded or court case), at the discretion of the trustees.

Initial funding of this trust will include any and all assets such as tools, equipment, Federal Reserve Notes and other negotiable instruments, machines, tangible valuables, etc.

*Trustee Resignation*
3. That upon proper notice to the Board of Trustees, any Trustee with proper signed resignation, may withdraw from the Board, The Protector, if appointed, shall have the right to designate a Successor Trustee. If no Successor Trustee is designated by a Protector, the remaining Board of Trustees shall have the right to designate a Successor Trustee. Such Successor Trustee shall not be liable or responsible in any way for the acts or defaults of any predecessor Trustee; but the Successor Trustee shall be liable only for his/her own acts or defaults with respect to the Trust

funds and/or assets actually received by him/her as Trustee. Every Successor Trustee shall be vested with all the duties, rights, titles, and powers, whether discretionary or otherwise, of the original Trustees.

## Distribution of Beneficial Units

4. That in equal exchange for the conveyances described in this Contract, the Trustees shall issue to the Exectutor/Creator named herein a Certificate evidencing one hundred (100) Units of Equitable Ownership. These Units are non-Transferable. The Trustees, on written order of the Grantor/Creator, shall transfer the future right to receive distribution of said 100 Units of Equitable Ownership to, and among, the designated Beneficiaries, if any, by canceling the original Certificate and issuing new Certificates of Beneficial Interest. This right of distribution of the Beneficial Interest is personal property of the holder, and all rights to that property are possessed by holder.

## Unity of Board of Trustees

5. That the Trustee(s) so nominated and appointed shall administer this Trust, sitting as Board of Trustees, for the benefit of this Trust as a whole, and not as individuals for separate Trusts through which they are associated.

## Death of Trustee

6. That the Protector, if appointed, or the Board of Trustees shall designate one or more Successor Trustees. Upon the death, permanent disability, or resignation of any Trustee of this Trust, the Protector, if appointed, or the Board of Trustees shall by unanimous vote, if they deem necessary, appoint one or more of the Successor Trustees to be a Trustee. Should there be no Protector appointed, or be no remaining Trustees to appoint a Successor Trustee, the Beneficiaries may, by unanimous vote, appoint one or apply to a court of competent jurisdiction to appoint one, who shall have all powers of the original Trustees.

## Trustee's Agreement of Duties

7. That by signing and acknowledging this Agreement, the herein appointed Trustees accept, and will perform, all of the duties incumbent upon them as Trustees of this Trust. Whenever new or Successor Trustees are elected or designated for this Trust, the property of this Trust shall be vested in them collectively as the Board without the need of any further act or conveyance.

## Additional Corpus

8. That the Exectutor/Creator or any other person may, with the Trustees' consent, at any time during the terms of this Trust, add to, and increase the Trust's corpus by making donations, gifts, or grants thereto.

## Trustee's Acceptance of Controls of Corpus

9. That the Trustees hereby accept control over the corpus of this Trust and by their signatures to this document, they agree to fulfill the duties therein set forth and that they pledge their best efforts and interest to preserving and protecting the assets of this Trust for the benefit of the Beneficiaries.

ALL BENEFICIARIES REALIZE THAT THE TRUSTEES INVOLVED IN THIS TRUST HAVE ABSOLUTELY NO JURISDICTIONAL SENIOR AND ARE "GODS" IN THEIR OWN RIGHT. BENEFICIARIES SHOULD BE CAREFUL IN THEIR APPOINTMENT OF A TRUSTEE AND TRUSTEES SHOULD LOOK UPON THEIR POSITION WITH A SERIOUS MORAL AND ETHICAL CODE.

*Minutes of Trust*

10.  That the Trustees shall meet from time to time to enact Minutes which, when entered in the records of this Trust, shall constitute the authority and the official guide for the acts of the Trustees and/or Agents in executing their duties under this Trust. Such Minutes shall conform to the guidelines and mandates set forth in the Indenture and shall be binding. These Minutes are to be kept private, and are not to be loaned, read, or disclosed to anyone at any time, unless it is determined by unanimous consent of the Board to Trustees of this Trust that disclosure of a particular Minute would be in the best interest of this Trust. Notarization is not required when inked fingerprints or signatures of all the Trustees appear in the Minutes sheet(s)

*Designation of Trustees*

11.  That the Trustees of this Trust may elect one of their as Executive Trustee, another as the Secretary Trustee; and/or designate a Treasurer, Manager, and/or any position the Board of Trustees deems necessary. The Board of Trustees, through instructions received from the Executor, shall appoint a Protector, whose sole responsibility shall be to protect the interests of the Beneficiaries hereof, by having the power to remove any Trustee, upon written notice, when it has been determined that said Trustee has acted in bad faith or in violation of these Indentures. The Protector may appoint a qualified Successor Trustee or Trustees as replacement if deemed necessary. In the event a Protector resigns, is incapacitated, or dies, the Beneficiaries shall, if so desired, provide the Trustees a selected successor Protector. If the Trustee fails to appoint the selected Protector, the Beneficiaries may apply to a court of competent jurisdiction to resolve the dispute.

*Duties of Trustees*

12.  That it shall be the duty of the Trustees to manage the Trust properly for the benefit of the Beneficiaries in a manner which said Trustees deem the most desirable and beneficial. In doing so, the Trustees may perform any act that would be legal and proper for an individual, subject to the restrictions of applicable law and provisions contained in these Indentures. Further, that the Trustees, by duly recorded Minutes, adopt their own rules and regulations by which they shall be guided in carrying out their duties as Trustees.

*Bank Account, Financial Accounting*

13.  That the Trustees shall, if deemed appropriate or necessary, establish a separate bank account or other mean of financial accounting for this Trust, in which funds shall be secured; and the Trustees shall determine the authority by which payments may be distributed or withdrawn from said funds.

*Decision of Money/Negotiable Instrument Disbursements*

14.  That no decision of the Trustees, or any disbursements of money/funds, shall be effective or binding unless it is authorized by said Board of Trustees, and properly entered as a Minute in the

permanent record of the Trust. However, the Board of Trustees may confer upon a designated Trustee and/or Agent certain limited powers, to make day to day necessary disbursements and other decisions in the due course of ordinary concerns. Such disbursements and decisions shall be subject to subsequent review and approval by the Board of Trustees.

*Regular Meetings of Board of Trustees*
15.  That the Trustees shall, by a Minute properly inscribed in the official record, make provision as to the time and place for holding regular meetings. No decision shall be effective or binding unless ratified by the Board of Trustees. An emergency meeting of the Board shall be called, upon written request of any member of the Board of Trustees, to take place at a specified time and place.

*Records of Trust*
16.  That the Trustees shall maintain well-kept books, accounts and records, and shall preserve proper Minutes of meetings and record all decisions therein relative to this Trust. All such records shall thereafter and permanently be available to the Trustees at all times but shall be kept private.

*Contracting of Services*
17.  That the Trustees may contract for services deemed necessary or desired for the proper operation of this Trust. That the Trustees of this Trust may compensate anyone, including themselves, in a reasonable amount for necessary functions performed incidental to the operation of this Trust. All such compensation shall be fixed and paid at the discretion of the Board of Trustees, however any Trustee may waive compensation for services rendered.

*Trustee Removal*
18.  That the Trustee may be removed as fiduciary by the unanimous vote of the other two or more Trustees, by the Protector, or by a court of competent jurisdiction, when found guilty of fraud, theft, conversion, or other legal cause. That this action may be brought by the Executor/Creator, a Trustee, or a named Beneficiary in this Trust.

*Liability of Trustees*
19.  That the Trustees of this Trust shall serve without bond, and that, as individuals, none of them shall be held responsible for any debts or obligations incurred by this Trust, except for the actions of any Trustee found by a court of competent jurisdiction to be fraudulent or otherwise illegal.

*Use of Trust's Proceeds*
20.  That the proceeds of this Trust shall not be accessed for the relief for the Executor/Creator's judgements or other personal legal obligations. Trust's proceeds are for the use as Trustees decide, without limits, is in the best interest of the Beneficiaries to this Trust.

*Distribution of Proceeds*
21.  That the Trustees must distribute to the Beneficiaries all or any portion of the proceeds of this Trust, after necessary costs and expenses of the Trust are paid. When any such distribution is

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

ERIK ARTHUR OTTESON, pro se,

            Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,

            Defendant.

Case No. 3:25-cv-08198-DWL

**PROPOSED ORDER GRANTING MOTION TO CLARIFY REAL PARTY IN INTEREST AND SUBSTITUTE PLAINTIFF**

This matter having come before the Court on Plaintiff's Motion to Clarify Real Party in Interest and Substitute Plaintiff Pursuant to Federal Rule of Civil Procedure 17(a)(3), and the Court having reviewed the Motion, the Declaration of Erik Arthur Otteson, the Assignment of Claim, the relevant portions of the trust instrument, and all other materials submitted in support thereof, and being fully advised in the premises, the Court finds and orders as follows:

## FINDINGS

1. Erik Arthur Otteson is the grantor, trustee, and sole beneficial owner of the VKNG Fleet Trust.

2. The trust instrument does not name any beneficiary, and no person other than Erik Arthur Otteson has any present, contingent, or remainder interest in the Trust or in the claims asserted in this action.

3. The claims asserted in this action arise from injuries to Erik Arthur Otteson personally, including the rejection of his personal signature, the waste of his time and labor, and the interference with his right to contract.

4. Erik Arthur Otteson is the real party in interest within the meaning of Federal Rule of Civil Procedure 17(a)(1).

5. Erik Arthur Otteson is appearing pro se to vindicate his own rights, not to represent any other person or entity, and therefore his pro se appearance does not constitute the unauthorized practice of law under C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987).

## **ORDER**

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Clarify Real Party in Interest and Substitute Plaintiff is GRANTED.

2. Erik Arthur Otteson, individually, is substituted as Plaintiff in this action in place of the VKNG Fleet Trust.

3. The caption of this action is amended to reflect "ERIK ARTHUR OTTESON, Plaintiff, pro se" in place of "VKNG FLEET TRUST, by Erik Arthur Otteson, Trustee."

4. Pursuant to Federal Rule of Civil Procedure 17(a)(3), this action shall proceed as if it had been originally commenced by Erik Arthur Otteson individually.

5. The Clerk of Court is directed to update the docket and caption to reflect this substitution.

6. All deadlines and scheduling orders previously entered in this case shall remain in effect, and this action shall proceed on the merits.

_____
UNITED STATES DISTRICT JUDGE