Nicole M. Goodwin, SBN 024593
Nicole.Goodwinn@gtlaw.com
Adrianna Griego Gorton, SBN 031836
GortonA@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Arthur Otteson, Trustee and Authorized Representative of the VKNG Fleet Trust,<br><br>Plaintiff,<br><br>vs.<br><br>JPMorgan Chase Bank, N.A.,<br><br>Defendant. | Case No. 3:25-cv-08198-DWL<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY REAL PARTY IN INTEREST AND SUBSTITUTE PLAINTIFF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 17(a)(3) AND LODGED THIRD AMENDED COMPLAINT** |

On September 29, 2025, this Court issued a clear and unambiguous Order directing Plaintiff Erik Arthur Otteson, in his capacity as trustee and representative of the VKNG Fleet Trust (the "Trust"), to "retain counsel, and, by October 17, 2025, retained counsel for the remaining Plaintiff must file a complaint…." Doc. 16 at 2. The Court stated that "if Plaintiff does not file a complaint *via competent counsel* by October 17, 2025, the Clerk of Court shall dismiss this case without further notice." *Id*. (emphasis in original). The Court further ordered that "Plaintiff may not file any additional pleadings or motions until he is represented by competent counsel." *Id*. at 1.

Instead of abiding by the Court's Order, Mr. Otteson filed a Motion to Clarify the Real Party in Interest and Substitute Plaintiff Pursuant to Federal Rule of Civil Procedure 17(a)(3) (Doc. 17) and lodged a Third Amended Complaint (lodged Doc. 18) seeking to

ACTIVE 715815489v2

substitute himself as plaintiff to bring, essentially, the same claim and seek the same relief he sought on behalf of the Trust. Mr. Otteson has failed to comply with this Court's Order and that alone should warrant denial of any relief sought by Mr. Otteson.

Chase does not take a position on the validity of Mr. Otteson's arguments regarding his ability to proceed in this matter as a pro se litigant either as the settlor of the Trust, the sole beneficiary of the Trust, or as an assignee of the Trust. However, even if the Court does not summarily dismiss Mr. Otteson's Motion contrary to the Order, Mr. Otteson should not be allowed to proceed with his proposed Third Amended Complaint. The proposed Third Amended Complaint fails to state any legally cognizable claim against Chase and thus allowing Mr. Otteson to proceed, even in his individual capacity as a *pro se* litigant, is futile. As such, there is no basis for Mr. Otteson to proceed with this litigation.

## ARGUMENT

### I.   MR. OTTESON'S PROPOSED CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IS FUTILE.

If Mr. Otteson is allowed to proceed in this matter on a *pro se* basis, his singular claim for breach of the implied covenant of good faith and fair dealing as set forth in his proposed Third Amended Complaint is futile. As such, this Court should exercise its discretion and deny Mr. Otteson's request to (1) substitute himself as plaintiff and (2) file his proposed Third Amended Complaint.

First, Mr. Otteson's Motion and proposed Third Amended Complaint are riddled with admissions that the claim, if one could be stated (it cannot), belongs to the Trust as the owner of the bank account at issue, regardless of whether Mr. Otteson is the trustee, settlor, or sole beneficiary and whether Mr. Otteson claims some sort of individualized harm. In his Motion, Mr. Otteson concedes that the bank accounts at issue were opened in the name of and for the benefit of the Trust:

- He approached Chase "to open bank accounts **in the name of the [T]rust**" (Doc. 17 at 3) (emphasis added);
- As the authorized representative/trustee, Mr. Otteson was

2

- required to "complete and sign a 'Certification of Trust' form, which is a standard document used by financial institutions to **verify the existence and authority structure of a trust** without requiring the institution to review the entire trust instrument" (*id.*) (emphasis added);
- "Chase accepted …the Certification of Trust and opened bank accounts **for the VKNG Fleet Trust**" (*id.* at 4) (emphasis added); and that
- Mr. Otteson "**signed** [the Certification of Trust] **in his capacity as trustee**" (*id.* at 5) (emphasis added).

There is no doubt that the account at issue was opened in the name of the Trust, for the Trust, and the Certification of Trust was signed by Mr. Otteson as the Trustee. Likewise, in his proposed Third Amended Complaint, Mr. Otteson further admits that the claims, if any could be stated, belong to the Trust:

- "In June 2025, Plaintiff Erik Arthur Otteson, **acting as Trustee of the VKNG FLEET TRUST** (the 'Trust'), sought to open **trust bank accounts** with Defendant Chase at a branch location in Arizona[,]" (Doc. 18 at ¶ 5) (emphasis added);
- "**Chase** accepted the Certification of Trust . . . processed the application, and **opened trust bank accounts for the Trust**[,]" (*id.* at ¶ 8) (emphasis added);
- "When Defendant accepted Plaintiff's Certification of Trust bearing his qualified indorsement and opened the trust bank accounts, a contractual relationship was formed. The benefit of this contract to Plaintiff was **the ability to use the accounts for business purposes**[,]" (*id.* at ¶ I(A)(2)) (emphasis added);

These types of allegations are exactly why the Court issued its October 9, 2025 Order directing Mr. Otteson to retain competent counsel.

Nonetheless, regardless if the claims belong to the Trust or Mr. Otteson individually, it is axiomatic "that a contract must exist before there can be a breach of the covenants of good faith and fair dealing implied in every contract." *Norman v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 196, 198 (App. 2001). In other words, while "every contract contains implied covenants of good faith and fair dealing, such covenants *presume the existence of a valid contract.*" *Id.* at 203 (emphasis added). "The party asserting the existence of a contract bears the burden of proof." *U S W. Commc'n, Inc. v. Ariz. Corp.*

3

*Comm'n*, 197 Ariz. 16, 22, ¶ 20, 3 P.3d 936, 942 (App. Div. 1, 1999).

Mr. Otteson's proposed Third Amended Complaint fails to plead that there is a valid contract between him and Chase.[1] *See generally* TAC, Doc. 18. What Mr. Otteson's allegations amount to (affording him every possible inference in his favor) is an attempt to allege the existence of a contract between Chase and the Trust but even this fails. Simply put, Mr. Otteson fails to establish the essential elements of a contract—an offer, acceptance, consideration, and mutual assent—which are required to form the prerequisite for a claim of breach of the implied covenant of good faith and fair dealing. *See Vega v. Am. Home Mortg. Servicing, Inc*., CV-10-02087-PHX-NVW, 2011 WL 317652, at *4 (D. Ariz. Feb. 1, 2011) ("Further, absent the showing of any contractual relationship . . . [p]laintiff cannot assert a claim for breach of the implied covenant of good faith and fair dealing.") (citing to *Rawlings v. Apodaca*, 151 Ariz. 149, 153 726 P.2d 565, 569 (1986) (noting duty of good faith and fair dealing "arises by virtue of a contractual relationship")).

Nor is Mr. Otteson's conclusory allegation that "a contractual relationship was formed" (*id*. at ¶ I(A)(2)) sufficient. A Certification of Trust is not an agreement between either the Trust and Chase or Mr. Otteson and Chase. Chase is not a "party" to the Certification of Trust, but rather a "recipient" of it; and pursuant to Arizona statutes, Chase is authorized to rely on a properly executed certification. *See* A.R.S. § 14-11013(F)-(G); *see also* Certification of Trust, Doc. 18 at 10-12 ("Trustee shall complete this Certification, which will be relied upon by the Bank to open, close, or maintain deposit account(s) in the Trust."). Receiving a Certification of Trust does not confer obligations on Chase. As such, Mr. Otteson cannot plead a binding agreement between

---

[1] This Response is not intended to be a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 or a full recitation of the deficiencies in the proposed Third Amended Complaint. As such, if Mr. Otteson is allowed to proceed with his proposed Third Amended Complaint, Chase reserves the right to move to dismiss the Third Amended Complaint for the reasons stated herein and all other grounds that may be asserted. This Response is not intended to be and should not be construed as a waiver of any argument Chase has or could make.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

him and Chase, or even the Trust and Chase, and thus his breach of implied contract claim (on behalf of himself, the Trust, as trustee, as settlor, or any other way he wishes to phrase it) is futile and this Court should not give it any credence.

Again, even if Mr. Otteson can bring claims on behalf of the Trust as the sole beneficiary, settlor, or trustee, the essential elements are nonexistent. Because the existence of a valid contract is required to assert a claim for breach of the implied covenant of good faith and fair dealing, and Mr. Otteson cannot plead a valid contract, his claim is futile, and his proposed Third Amended Complaint should be disallowed. *See Norman*, 201 Ariz. at 203 (holding that, because the contract "ceased to exist," there was "no contract it could breach nor any obligation . . . under implied covenants of good faith and fair dealing").

## CONCLUSION

For the reasons set forth above, Chase respectfully requests that the Court deny Mr. Otteson's Motion and proposed Third Amended Complaint because, even if allowed to proceed on a *pro se* basis, the proposed Third Amended Complaint is futile. Allowing Mr. Otteson to proceed with his proposed Third Amended Complaint as pled would be a waste of judicial resources and cause Chase to incur attorneys' fees and costs that are simply unwarranted. Given the obvious deficiencies in Mr. Otteson's proposed Third Amended Complaint, Chase further requests that the Court award its attorneys' fees and costs incurred in responding to Mr. Otteson's Motion and proposed Third Amended Complaint pursuant to A.R.S. §§ 12-341 and 12-341.1.

DATED this 31st day of October, 2025.

GREENBERG TAURIG, LLP

By: /s/ Adrianna Griego Gorton
    Nicole M. Goodwin
    Adrianna Griego Gorton
    *Attorneys for Defendant JPMorgan Chase Bank, N.A.*