# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Arthur Otteson, | No. CV-25-08198-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| JPMorgan Chase Bank NA, | |
| Defendant. | |

On September 29, 2025, the Court issued an order noting that Plaintiff Erik Arthur Otteson could not appear pro se in his capacity as trustee and representative of the VKNG Fleet Trust, striking the pleadings and motions impermissibly filed by Otteson in this regard, and ordering Plaintiff to retain counsel and file a complaint via competent counsel by October 17, 2025. (Doc. 16.)

On October 17, 2025, Plaintiff, still pro se, lodged a proposed complaint (Doc. 18) and filed a "motion to clarify real party in interest and substitute Plaintiff pursuant to Federal Rule of Civil Procedure 17(a)(3)," asserting that "the injuries alleged . . . belong to Plaintiff Erik Arthur Otteson personally, not to any trust or other entity," such that "Plaintiff is the real party in interest" and "is appearing pro se to vindicate his own rights, not to represent anyone else." (Doc. 17 at 1.)

Defendant "does not take a position on the validity of Mr. Otteson's arguments regarding his ability to proceed in this matter as a pro se litigant" and does not advance any substantive arguments against the proposed party substitution. (Doc. 19.) Instead,

Defendant simply argues that "Mr. Otteson has failed to comply with this Court's [September 29, 2025] Order and that alone should warrant denial of any relief sought by Mr. Otteson." (*Id.* at 2.) Defendant also asserts that the lodged complaint "fails to state any legally cognizable claim" (*id.*) but emphasizes that the response to the motion to substitute party "is not intended to be a Motion to Dismiss pursuant to Fed. R. Civ. P. 12" and reserves the right to move to dismiss the complaint once it is filed (*id.* at 4 n.1).

The Court will not evaluate the sufficiency of the complaint on its merits at this time. In light of the lack of substantive opposition to Plaintiff's motion for party substitution and Plaintiff's status as a *pro se* litigant, that motion will be granted. Because Plaintiff may represent himself pro se, the Court's order requiring Plaintiff to retain counsel is no longer applicable.

Accordingly,

**IT IS ORDERED** that the motion to substitute party (Doc. 17) is **granted**. Pursuant to Rule 21, Otteson in his capacity as trustee of VKNG Fleet Trust is **dropped** as a party to this action, and Otteson in his individual capacity is **added**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint, currently lodged at Doc. 18.

**IT IS FURTHER ORDERED** that, as explained in the Court's September 29, 2025 order, this pleading is the "Complaint," not the "Third Amended Complaint," as all previous pleadings have been stricken, such that they do not exist. (Doc. 16.) Henceforth, the parties shall refer to this pleading as "the Complaint."

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket to reflect that the Plaintiff in this action is "Erik Arthur Otteson" and shall change the caption of this action to "Otteson v. JPMorgan Chase Bank NA."

Dated this 3rd day of November, 2025.

Dominic W. Lanza
United States District Judge