Nicole M. Goodwin, SBN 024593
Nicole.Goodwinn@gtlaw.com
Adrianna Griego Gorton, SBN 031836
GortonA@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Erik Arthur Otteson,<br><br>  Plaintiff,<br><br>vs.<br><br>JPMorgan Chase Bank, N.A.,<br><br>  Defendant. | Case No. 3:25-cv-08198-DWL<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), through undersigned counsel, moves to dismiss Plaintiff Erik Arthur Otteson, Trustee and Authorized Representative of the VKNG Fleet Trust's ("Otteson" or "Plaintiff") Complaint filed on November 3, 2025 (Doc. 21). This Motion is based on the grounds outlined below as well as the entire record in this matter. Concurrently with this Motion, Defendant has also filed a Certificate of Attempted Good Faith Consultation pursuant to Rule 7.1(h).

**INTRODUCTION**

Plaintiff's Complaint must be dismissed because it fails to state any legally cognizable claim against Chase. Plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing because no contractual relationship exists between Plaintiff and Chase. Plaintiff's allegations of an "agreement" between Plaintiff and Chase are contradicted by the very document Plaintiff attempts to enforce – a Certification of

Trust, which does not constitute a valid or enforceable agreement between the parties. As such, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails. Simply put, Plaintiff's Complaint must be dismissed in its entirety.

## FACTUAL BACKGROUND

Plaintiff, in his capability as Trustee of the VKNG FLEET TRUST (the "Trust"), "sought to open trust bank accounts with Defendant Chase…." Doc. 21 at ¶ 5 (emphasis added). As part of the account opening process, the Trust was required to provide a "Certification of Trust." *Id*. at ¶ 6. Under A.R.S. § 14-11013, a trustee is permitted to provide a Certification of Trust to third parties in lieu of disclosing the full trust instrument. *See* A.R.S. § 14-11013(A). Plaintiff signed the Certification of Trust, as the trustee, on May 14, 2025, with the words "without prejudice" above his signature. *Id*. at ¶ 6-7. According to Plaintiff, the "without prejudice" notation was pursuant to A.R.S. § 47-1308(A). *Id*. at ¶ 7. Plaintiff further alleges that Chase accepted the Certification of Trust and opened the trust bank account. *Id*. Plaintiff alleges that by "accepting Plaintiff's performance and opening the accounts, Chase ratified the terms of the agreement, including Plaintiff's reservation of rights." *Id*. at ¶ 8.

Thereafter, on May 27, 2025, Chase issued a notice requesting updated documentation regarding the trust by June 6, 2025 or the account would be restricted or closed. *Id*. at ¶ 9. Plaintiff claims that he then hand-delivered a formal letter to Chase on June 3, 2025 explaining that "his indorsement was made pursuant to his rights under UCC § 1-308, that Chase's acceptance of the indorsement and opening of the accounts constituted ratification of the contract, and that he sought clarification regarding Chase's objection." *Id*. at ¶ 10. Plaintiff further alleges that "[h]aving receive no substantive response," he hand-delivered a "more specific letter on June 4, 2025," one day after his original letter. *Id*. at ¶ 11. The June 4, 2025 letter purportedly requested "(1) the name of the decision-maker who objected to his indorsement; (2) the specific written policy or legal basis Chase was relying upon; (3) confirmation of whether this policy applies to trustee indorsements made under UCC § 1-308; and (4) whether Chase intended to close

716259677

the account on this basis." *Id*. According to Plaintiff, Chase did not respond to the request but, on June 9, 2025, allegedly circulated an internal email communication stating that "without prejudice" should not be used on a legal bank document, with no mention of UCC § 1-308. *Id*. at ¶ 13. Plaintiff alleges that Chase then proceeded to close the Trust's bank account. *Id*. at ¶ 14.

Based on the above allegations, Plaintiff asserts a single claim for breach of the implied covenant of good faith and fair dealing.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal can be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Although well-pled factual allegations are taken as true, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80.

# ARGUMENT

## I. PLAINTIFF'S CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING FAILS AS THE CERTIFICATION OF TRUST IS NOT A BINDING OR ENFORCEABLE AGREEMENT BETWEEN THE PARTIES.

It is axiomatic "that ***a contract must exist*** before there can be a breach of the covenants of good faith and fair dealing implied in every contract." *Norman v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 196, 198 (App. 2001) (emphasis added). In other words, while "every contract contains implied covenants of good faith and fair dealing, such covenants ***presume the existence of a valid contract***." *Id*. at 203 (emphasis added). "The party asserting the existence of a contract bears the burden of proof." *U S W. Commc'n, Inc. v. Ariz. Corp. Comm'n*, 197 Ariz. 16, 22, ¶ 20, 3 P.3d 936, 942 (App. Div. 1, 1999).

At the outset, it must be noted that Plaintiff's reliance on *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 38 P.3d 12 (Ariz. 2002) in paragraphs B(1)-(3) of his Complaint is misplaced and incorrect. Although *Arizona Laborers* is a well-known and often cited Arizona Supreme Court case, the quote Plaintiff attributes to it in paragraph B(2) of his Complaint—that a bank acts in bad faith when it "refuse[s] to articulate its reasons" for its actions—is not found on page 18 or anywhere else in the decision. In fact, *Arizona Laborer's* does not address whether a bank's reliance on internal policies, or its refusal to explain its actions, can support a claim for breach of the implied covenant of good faith and fair dealing. Instead, the Arizona Supreme Court held that when a bank is "directly and contractually involved in the transaction," it is for the jury to determine whether the bank "wrongfully exercised a contractual power" and identified several fact-specific issues in that case that precluded summary judgment. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 493, ¶¶ 62-69, 38 P.3d 12, 31 (2002), <u>as corrected</u> (Apr. 9, 2002). At its core, the fundamental distinction between the facts of *Arizona Laborers* (even if Plaintiff had correctly quoted the case) and the facts alleged by Plaintiff in this matter is the existence of a contractual agreement between the

parties which Plaintiff has failed to sufficiently allege in his Complaint.

Plaintiff's Complaint fails to establish the essential elements of a contract—an offer, acceptance, consideration, and mutual assent—which are required to form the prerequisite for a claim of breach of the implied covenant of good faith and fair dealing. *See Vega v. Am. Home Mortg. Servicing, Inc.*, CV-10-02087-PHX-NVW, 2011 WL 317652, at *4 (D. Ariz. Feb. 1, 2011) ("Further, absent the showing of any contractual relationship . . . [p]laintiff cannot assert a claim for breach of the implied covenant of good faith and fair dealing.") (citing to *Rawlings v. Apodaca*, 151 Ariz. 149, 153 726 P.2d 565, 569 (1986) (noting duty of good faith and fair dealing "arises by virtue of a contractual relationship")). Because the existence of a valid contract is required to assert a claim for breach of the implied covenant of good faith and fair dealing, and Plaintiff cannot plead a valid contract based on the Certification of Trust, he cannot plead a legally cognizable claim under his current theory, and the Complaint must be dismissed. *See Norman*, 201 Ariz. at 203 (holding that, because the contract "ceased to exist," there was "no contract it could breach nor any obligation . . . under implied covenants of good faith and fair dealing").

The basis for Plaintiff's claim appears to be Chase's refusal to accept the Certification of Trust due to Plaintiff's inclusion of "without prejudice" in the signature line. *See* Doc. 21 at ¶¶ D(2) ("Defendant's Fraud Specialist incorrectly concluded that 'without prejudice' applies only to settlement negotiations and is inappropriate on an indorsement line. This conclusion is legally wrong. UCC § 1-308, as enacted in Arizona at A.R.S. § 47-1308, expressly authorizes the use of 'without prejudice' or similar language to reserve rights when signing documents."). However, A.R.S. § 47-1308 applies to transactions in goods, not banking relationships. *See* A.R.S. § 47-2102. Furthermore, Plaintiff fails to allege or provide any reasoning as to why Chase would be obligated to accept the Certification of Trust with the qualified signature, fails to reference any provision within the Certification that would impose such a requirement on Chase,

716259677

and further fails to articulate how the UCC (as adopted in Arizona) applies to his matter.[1]

A Certification of Trust is not an agreement. Chase is not a "party" to the Certification of Trust, but rather a "recipient" of it; and pursuant to Arizona statutes, Chase is authorized to rely on a properly executed certification. *See* A.R.S. § 14-11013(F)-(G); *see also* Certification of Trust, Doc. 18 at 10-12 ("Trustee shall complete this Certification, which will be relied upon by the Bank to open, close, or maintain deposit account(s) in the Trust."). Under A.R.S. § 14-11013, a trustee is permitted to provide a Certification of Trust to third parties in lieu of disclosing the full trust instrument. *See* A.R.S. § 14-11013(A). The purpose of the Certification of Trust is to serve as a mechanism wherein the trustee or an authorized representative of the trust asserts the existence of the trust and their authority to act on behalf of the trust—it is merely a summary of the essential terms of the trust instrument. *See generally* A.R.S. § 14-11013. The statute provides the terms that must be included in a certification of trust including that it "be signed or otherwise authenticated by any trustee." A.R.S. § 14-

---

[1] A.R.S. § 47-1308 (A) and the UCC § 1-308 provide that "[a] party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice', 'under protest' or the like are sufficient." This section of the UCC (and the UCC in general) is often cited and used argument deployed under sovereign citizen theories. *See Willingham v. Flagstar Bank*, NA, 8:24-CV-02407-AH (JDEX), 2025 WL 1711442, at *5 (C.D. Cal. May 8, 2025) ("generally including 'UCC 1-308' as a basis to somehow reserve rights under a sovereign citizen or natural person theory has long been rejected"); *McCarley v. AIRBNB, Inc.*, 2:25-CV-00510-JAD-MDC, 2025 WL 1151131, at *1 (D. Nev. Apr. 17, 2025) ("the Court notes that including 'UCC 1-308' is a frequent and common tactic by those who adhere to the sovereign citizen movement."); *Yashar'el v. Wells Fargo Bank, N.A.,* 2:25-CV-182-Z, 2025 WL 2495550, at *3 (N.D. Tex. Aug. 29, 2025). These theories are commonly rejected by courts around the Country including this Court and the Ninth Circuit. *See Marcos v. Superior Court of Yavapai Cnty., Arizona*, CV-25-08162-PCT-MTL (ASB), 2025 WL 2928936, at *1 (D. Ariz. Oct. 15, 2025) (collecting cases); *Farrell v. Internal Revenue Serv.*, CV-21-00697-PHX-DGC, 2021 WL 4748778, at *3 (D. Ariz. Oct. 12, 2021) (same); *see also United States v. Studley*, 783 F.2d 934, 937, fn.3 (9th Cir. 1986) (finding that arguments based on sovereign citizen ideology is frivolous and grounds for sanctions).

716259677

11013(B). Receiving a Certification of Trust does not confer obligations on Chase. Plaintiff has failed to plead a binding agreement between him and Chase, or even the Trust and Chase, to serve as a basis for his claim. Because Plaintiff has failed to fulfill the most basic elements of his breach of the implied covenant of good faith and fair dealing claim – the existence of a binding and enforceable contract – Plaintiff's Complaint cannot survive and must be dismissed.

## CONCLUSION

For the reasons explained above, Chase respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety with prejudice because Plaintiff has failed to state any legally cognizable claim for relief.

DATED this 17th day of November, 2025.

> GREENBERG TRAURIG, LLP
>
> By: /s/ Adrianna Griego Gorton
> Nicole M. Goodwin
> Adrianna Griego Gorton
> *Attorneys for Defendant JPMorgan Chase Bank, N.A.*