Nicole M. Goodwin, SBN 024593
Nicole.Goodwinn@gtlaw.com
Adrianna Griego Gorton, SBN 031836
GortonA@gtlaw.com
GREENBERG TAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Erik Arthur Otteson, | Case No. 3:25-cv-08198-DWL |
|---|---|
| Plaintiff, | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | |
| JPMorgan Chase Bank, N.A., | |
| Defendant. | |

Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), through undersigned counsel, submits its Reply in Support of its Motion to Dismiss Plaintiff's Complaint (Doc. 22) (the "Motion"). Plaintiff Erik Arthur Otteson ("Otteson" or "Plaintiff") filed his Response in Opposition to Motion to Dismiss on December 1, 2025 (Doc. 25) (the "Response").

Plaintiff's Response makes clear that his Complaint must be dismissed as it does little to rebut the fact that his Complaint fails to allege a critical prerequisite for his claim of breach of the implied covenant of good faith and fair dealing—the existence of a valid and enforceable contract. While Plaintiff argues that not one, but two, contracts form the basis for his claim, each argument fails.

First, the Certification of Trust upon which Plaintiff relies is simply not a contractual agreement between the parties. It is nothing more than a representation made by Plaintiff, in his capacity as trustee, summarizing the terms of the trust. There are no

obligations imposed upon Chase in the Certification of Trust (nor could there be) and the essential elements of contract formation—offer, acceptance, consideration, and mutual assent—are neither pled nor met.

Second, Plaintiff's assertion of an implied contract fails for the same reason as his argument regarding the existence of an express contract in the form of the Certification of Trust—Plaintiff has failed to plead the essential elements of the contract. And while this Court is required to accept well-plead facts, there is no requirement that the Court accept Plaintiff's conclusory allegations as truth.

Third, even if Plaintiff had sufficiently alleged the existence of an express or implied contract (he has not), Plaintiff's claim for breach of the implied covenant of good faith and fair dealing still fails. Plaintiff has not pled, nor can he, the essential elements required for his claim – namely, the terms of the alleged agreement. Without the terms, the Court cannot assess whether Plaintiff had a justifiable expectation that Chase would either accept the Certification of Trust without reserving any rights, or maintain Plaintiff's unidentified accounts open in perpetuity without proper documentation.

Finally, Plaintiff's requests for discovery should be denied. A motion to dismiss tests the sufficiency of Plaintiff's allegations as pled in the Complaint. A request for discovery and depositions at this stage is without basis. Should Plaintiff's claim succeed (it should not), discovery will take place in due course and within the parameters set forth by this Court and the Federal Rules of Civil Procedure.[1]

---

[1] On December 1, 2025, Plaintiff also filed a Response to Defendant's Certificate of Consultation. *See* Doc. 25. As stated in the Certificate of Consultation, Defendant's counsel sent multiple emails to attempt to meet and confer with Plaintiff at the email address previously provided and which Plaintiff had used to communicate. On December 10, 2025, the Plaintiff and undersigned counsel met and conferred, and the parties recognized they have differing opinions regarding the merits of Plaintiff's Complaint and Plaintiff's request for discovery. As such, any meet and confer requirement has been met.

2

717034647

**LEGAL ARGUMENT**

**I.   NEITHER THE CERTIFICATION OF TRUST NOR AN ALLEGED "IMPLIED CONTRACT" CAN FORM THE BASIS FOR PLAINTIFF'S CLAIM OF BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

In his Response, Plaintiff argues (for the first time) that "two contracts exist between Plaintiff and Defendant." Doc. 25 at 5. According to Plaintiff, those two contracts are (1) the Certification of Trust and (3) an implied contract formed by Chase's "acceptance" of the Certification of the Trust. *Id*. at 5-6. Neither are sufficient to survive Chase's Motion to Dismiss.

Plaintiff carries the burden to prove existence of a contract. *U S W. Commc'n, Inc. v. Ariz. Corp. Comm'n*, 197 Ariz. 16, 22, ¶ 20, 3 P.3d 936, 942 (App. Div. 1, 1999). And "***a contract must exist*** before there can be a breach of the covenants of good faith and fair dealing implied in every contract." *Norman v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 196, 198 (App. 2001) (emphasis added). A valid contract requires "offer, acceptance of the offer, consideration, sufficient specification of terms so that the obligations involved can be ascertained, and the parties must have intended to be bound by the agreement." *Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1153 (D. Ariz. 2016) (citations omitted). This is true regardless of whether Plaintiff is asserting an express or implied contract. *See Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 50 (D. Ariz. 2021). As discussed below, Plaintiff cannot meet his burden.

**A.   The Certification of Trust is Not a Contract.**

The Certification of Trust is not a contract and Plaintiff's Response does not provide any basis for this Court to hold otherwise. Plaintiff cites to *Savoca Masonry Co. v. Homes & Sons Const. Co.,* 112 Ariz. 392, 394, 542 P. 2d 817, 819 (1975) ("*Savoca Masonry*") for the basic proposition that an enforceable contract contains an "offer, acceptance, consideration, and sufficient specification of terms…." Doc. 24 (Resp.) at 1. While this basic proposition is correct, *Savoca Masonry* does not provide support for Plaintiff's arguments. In *Savoca Masonry*, plaintiff was a masonry company that

3

submitted a bid to the defendant, a general contractor. *Id*. at 394-395. In the litigation, the plaintiff took the position that an enforceable oral contract existed between itself and the defendant general contractor when it received confirmation that "Your bid is accepted[.]" *Id*. While the offer and acceptance were not disputed by the parties, the defendant general contractor argued that there was a lack of specified material terms. The Arizona Supreme Court agreed with the defendant general contractor, holding that there was not "sufficient specification of terms so that obligations involved can be ascertained" and "the court's role is not that of contract maker." *Id*. at 395.

The same holds true here – this Court's role is not that of contract maker nor can it create a contract out of thin air, especially when the allegations are even more lackluster than those alleged in *Savoca Masonry*. The Certification of Trust is nothing more than a statutorily created instrument under which a trustee can provide specific categories of information to a third-party instead of furnishing trust documents. *See* A.R.S. § 14-11013. This point is reiterated in the Certification of Trust form signed by Plaintiff: "This Certification, effective upon execution, is provided to Bank by Trustee(s) of the trust identified above, instead of an in place of one or more pages of (a) the original trust instrument, (b) any amendment to the original trust instrument, and (c) any restatement of the original trust instrument." Doc. 18 at 10. Chase is not a "party" to the Certification of Trust, but rather a "recipient" of it. *See* A.R.S. § 14- 11013(F)-(G); *see also* Certification of Trust, Doc. 18 at 10-12 ("Trustee shall complete this Certification, which will be relied upon by the Bank to open, close, or maintain deposit account(s) in the Trust.").

To be clear, neither the Certification of Trust nor A.R.S. § 14-11013 create binding obligations on Chase. Instead, both provide safe harbors for Chase as a recipient of the representations contained therein. Specifically, A.R.S. § 14-11013(F) states that a "person who acts in reliance on a certification of trust without actual knowledge that the representations contained in the certification of trust are incorrect is not liable to any person for so acting and may assume without inquiry the existence of the facts contained

in the certification of trust." Likewise, the Certification of Trust includes both an indemnification provision wherein Plaintiff (as trustee) agrees to indemnify Chase and hold it harmless from any liabilities "it may suffer or incur by acting and relying upon this Certification" and a provision stating that Chase "may act in reliance upon this Certification." Doc. 18 at 11.

Contrary to Plaintiff's arguments, Chase's request that Plaintiff provide a certification of trust is not an "offer"; it is simply a request for information in lieu of requiring disclosure of confidential trust instruments. *See* A.R.S. § 14-11013. Nor is there any "acceptance" as there are no terms to which the parties are agreeing. Further, the Certification of Trust (and thus Plaintiff's Complaint) lacks any allegations to provide the required elements of consideration and mutual assent. Plaintiff's Complaint is devoid of any factual allegations beyond mere conclusions related to the alleged formation of a contractual agreement and Plaintiff's perceived "obligations." A plain reading of the Certification of Trust makes clear that there was no mutual intent to create contractual obligations. Doc. 18 at 10.

**B.     An Implied Contract Does Not Exist Between the Parties.**

Next, Plaintiff argues that an implied contract exists between him and Chase "created by [Chase's] conduct in accepting the Certification and opening accounts." Doc. 24 at 6-7. Like an express contract, "before a court can find the existence of an implied contract, there must be an offer; there must be an acceptance; the acceptance must be in the terms of the offer; it must be communicated to the offeror; there must be a mutual intention to contract; and there must be a meeting of the parties' minds." *Gannon v. Truly Nolen of Am. Inc.*, CV 22-428-TUC-JAS, 2023 WL 6536477, at *3 (D. Ariz. Aug. 31, 2023); *see also Savoca Masonry Co., Inc. v. Homes & Son Const. Co., Inc.*, 112 Ariz. 392, 396, 542 P.2d 817, 821 (1975) (a "'contract implied in fact' requires a meeting of the minds, an agreement, just as much as an 'express contract'; the difference between the two being largely in the character of the evidence by which they are established.").

Plaintiff's claim of an implied contract fails for the same reason its "express

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

717034647

contract" fails—he simply has not pled the required elements. Other than concluding that Chase's "acceptance" of the Certification of Trust created a binding contractual relationship between the parties, Plaintiff fails to allege any facts to support the required elements of contract formation and fails to provide sufficient allegations for this Court to determine the terms of the alleged implied contract between the parties. *See Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 51 (D. Ariz. 2021) ("On a motion to dismiss, the Court must assume Plaintiffs' factual allegations are true, but the Court has no obligation to consider conclusory or nonexistent allegations."). While Plaintiff argues that either the Certification of Trust or Chase's acceptance of the Certification of Trust created an express or implied contract between the parties, Plaintiff makes no allegations to substantiate when and to what extent the contracts applied. This is because there was no contract, implied or expressed, formed by Plaintiff providing Chase with the Certification of Trust. There is simply no basis for Plaintiff's arguments or conclusions, and no contractual agreement between Plaintiff, individually, and Chase.[2]

Because Plaintiff has failed to fulfill the most basic elements of his breach of the implied covenant of good faith and fair dealing claim – the existence of a binding and enforceable contract – Plaintiff's Complaint cannot survive and must be dismissed.

**II. PLAINTIFF HAS FURTHER FAILED TO SUFFICIENTLY PLEAD THE REMAINING ELEMENTS REQUIRED FOR HIS BREACH OF THE IMPLIED COVENANT OF FAIR DEALING CLAIM.**

To sufficiently plead a claim for breach of the implied covenant of good faith and fair dealing, Plaintiff must allege "(1) the existence of a contract between the parties; (2) that defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract; and (3) the plaintiff's justified expectations under the contract were denied." *Ipro Tech LLC v. Sun W. Mortgage Co. Inc.*, CV-17-04015-

---

[2] Plaintiff does not argue that the basis for his claim for breach of the implied covenant of good faith and fair dealing is a contractual relationship between the Trust and Chase after the Trust accounts were opened. Nor can he. Afterall, Plaintiff, in his individual capacity, would not be a party to any agreement between Chase and the Trust.

6

717034647

PHX-DLR, 2019 WL 2106417, at *3 (D. Ariz. Mar. 21, 2019). Arizona courts have recognized that a party can breach the implied covenant of good faith and fair dealing by exercising express discretion in a way inconsistent with a party's reasonable expectations and/or by acting in ways that deprive the party's reasonably expected benefits of the bargain. *Wells Fargo Bank*, 38 P.3d at 30 ("Instances inevitably arise where one party exercises discretion retained or unforeclosed under a contract in such a way as to deny the other a reasonably expected benefit of the bargain.") (citation omitted). To determine the parties' reasonable expectations, "the relevant inquiry always will focus on the contract itself, to determine what the parties did agree to." *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565, 570 (1986) (quotation marks and citation omitted).

Not only is Plaintiff's claim deficient for failing to allege the existence of a valid and enforceable agreement between the parties, Plaintiff has also failed to provide any basis under which this Court can determine the reasonable expectations of the parties. In other words, Plaintiff's Complaint fails to sufficiently allege the terms of the agreement to allow this Court to assess what, if anything, the parties expected and whether Chase's actions in closing the account were indeed a breach of the implied covenant of good faith and fair dealing. The only allegations offered by Plaintiff are conclusory allegations regarding his assertion that he expected to receive the "benefits of the banking relationship." Doc. 18 at ¶(C)(4). How this is supported by the terms of the Certification of the Trust is left to the imagination.

Plaintiff further argues that Chase's Motion should be denied because whether Plaintiff breached the implied covenant of good faith and fair dealing is a question for the jury. Doc. 24 at 8-10. Chase does not disagree that if a genuine issue of material fact exists, the question of breach is usually left to the purview of the fact finder. However, Plaintiff must first sufficiently allege the required elements of his claim. Here, even when taking all of Plaintiff's allegations as true—(1) that an agreement (whether implied or express) was formed through the Certification of Trust; (2) that Chase refused to honor the Certification of Trust due to Plaintiff's purported reservation of right under A.R.S.

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

§47-1308(A); (3) that Chase subsequently closed the account due to Plaintiff's failure to submit a revised Certification of Trust; and (4) Chase refused to provide its internal policies to appease Plaintiff—it is clear that Plaintiff has failed to state a claim. *See generally*, Doc. 18. Plaintiff has not alleged any terms of the alleged agreement(s) between the parties that would require (1) Chase to accept the Certification of Trust, (2) produce its internal policies, or (3) maintain Plaintiff's account(s) open in perpetuity despite failing to provide required information.

### III.   PLAINTIFF'S REQUEST FOR DISCOVERY AT THIS STAGE MUST BE DENIED.

In his proposed order, Plaintiff seeks an order from this Court ordering expedited discovery and depositions. Plaintiff's request should be denied. First, Plaintiff's claim should be dismissed for failure to state a legally cognizable claim. Second, even if Plaintiff's claim survives (which they should not), both the local rules of this Court and the Federal Rules of Civil Procedure provide mechanisms for adequate discovery. Finally, there is nothing in Plaintiff's Complaint or the allegations therein that would require this matter to proceed on an expedited basis as it relates to discovery, nor did Plaintiff meet and confer regarding his request as required by LRCiv 7.2(j) prior to filing. *See* LRCiv. 7.2(j) ("No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions.")

### CONCLUSION

For the reasons explained above, Chase respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety with prejudice because Plaintiff has failed to state any legally cognizable claim for relief. Chase further requests that Plaintiff's request for expedited discovery must be denied even if Chase's Motion to Dismiss is not granted.

8

717034647

DATED this 11th day of December, 2025.

GREENBERG TAURIG, LLP

By: */s/ Adrianna Griego Gorton*
   Nicole M. Goodwin
   Adrianna Griego Gorton
   *Attorneys for Defendant JPMorgan Chase Bank, N.A.*

717034647