Erik Arthur Otteson
PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com

FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 2 7 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERIK ARTHUR OTTESON,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 3:25-cv-08198-DWL<br><br>**MOTION FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201** |

Plaintiff Erik Arthur Otteson respectfully moves this Court to take judicial notice of certain adjudicative facts pursuant to Federal Rule of Evidence 201. These facts are not subject to reasonable dispute and are directly relevant to Defendant's credibility and its asserted defense of good faith.

## LEGAL STANDARD

1. Federal Rule of Evidence 201(b) permits a court to judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

2. The court must take judicial notice if a party requests it and supplies the necessary information. FRE 201(c)(2).

3. Public records, including government agency press releases, federal court filings, and Congressional reports, are proper subjects for judicial notice.

## FACTS TO BE NOTICED

**I.     Defendant Has a Criminal Conviction for Wire Fraud.**

**A.**     On September 29, 2020, the U.S. Department of Justice announced that JPMorgan Chase & Co. agreed to pay $920 million and admitted to wire

fraud in connection with schemes to manipulate the precious metals and U.S. Treasuries markets. Multiple traders were criminally convicted and sentenced to prison. (A true and correct copy of the DOJ Press Release is attached hereto as Exhibit A.)

**II.    Defendant Is Currently Being Sued by the Federal Government for Consumer Fraud.**

A.    On December 20, 2024, the Consumer Financial Protection Bureau filed a lawsuit against Defendant alleging it failed to properly investigate fraud complaints, denied legally required reimbursement to victims, and "rushed to market" the Zelle payment platform without adequate consumer safeguards. The CFPB alleges consumers lost over $870 million due to Defendant's failures. (A true and correct copy of the CFPB Press Release is attached hereto as Exhibit B.)

**III.   Defendant Has the Highest Rate of Improper Account Closures in the Nation.**

A.    In February 2025, the U.S. Senate Committee on Banking, Housing, and Urban Affairs published a staff analysis titled "De-Banking in America." The report found that Defendant JPMorgan Chase had the highest number of improper account closure complaints (1,423) and improper account denial complaints (443) among all banks analyzed. (A true and correct copy of the relevant portions of the Senate Report is attached hereto as Exhibit C.)

**IV.    Defendant Is Being Sued for the Same Conduct Alleged Here.**

A.    On January 22, 2026, President Donald J. Trump filed a lawsuit against Defendant JPMorgan Chase and its CEO James Dimon in Miami-Dade County Court, Florida, alleging discriminatory de-banking practices. The complaint alleges Defendant closed accounts without explanation based on political or ideological considerations—the same conduct alleged in the

present case. (A true and correct copy of the Complaint is attached hereto as Exhibit D.)

## ARGUMENT

A.  These public records establish a clear and undeniable pattern of institutional bad faith by Defendant JPMorgan Chase.

B.  Defendant's primary defense in this case is that it acted in good faith and within its contractual discretion. The adjudicative facts contained in Exhibits A-D directly impeach this defense:

1.  A bank with a criminal conviction for wire fraud cannot credibly claim good faith.

2.  A bank facing a federal lawsuit for abandoning fraud victims cannot credibly claim it treats customers fairly.

3.  A bank with the highest rate of improper account closures in the nation cannot credibly claim its closure of Plaintiff's accounts was proper.

4.  A bank being sued by another party for the exact same conduct cannot credibly claim Plaintiff's allegations are unfounded.

C.  Plaintiff does not ask the Court to adjudicate the merits of these other matters. Plaintiff asks only that the Court acknowledge their existence as public records under FRE 201. Their existence demonstrates that the allegations in this case are not an isolated incident, but part of a documented, ongoing pattern of misconduct.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of the facts contained in Exhibits A-D.

Dated this 27th day of January, 2026

Respectfully,

ERIK ARTHUR OTTESON

*Erik Arthur Otteson*

Plaintiff, Pro Se

PO Box 4093

Cottonwood, AZ 86326
(928) 254-1037

erikotteson@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 01/27/2026, I caused the foregoing MOTION FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201 to be served upon counsel for Defendant via personal service by a licensed process server:

Nicole Goodwin
Greenberg Traurig, LLP
2375 E. Camelback Road
Suite 700
Phoenix, Arizona 85016

In addition, Plaintiff's Notice of Presumptions Pursuant to Federal Rule of Evidence 301 was personally served upon counsel for Defendant at the same time and location.

An Affidavit of Service will be filed with the Court upon receipt from the process server.

Dated this 27th day of January, 2026

ERIK ARTHUR OTTESON

Plaintiff, Pro Se