Nicole M. Goodwin, SBN 024593
Nicole.Goodwinn@gtlaw.com
Adrianna Griego Gorton, SBN 031836
GortonA@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Arthur Otteson,<br><br>    Plaintiff,<br><br>vs.<br><br>JPMorgan Chase Bank, N.A.,<br><br>    Defendant. | Case No. 3:25-cv-08198-DWL<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OBJECTION TO MOTION FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201** |

Defendant JPMorgan Chase Bank, N.A.'s ("Chase"), through undersigned counsel, hereby objects to Plaintiff Erik Arthur Otteson's ("Otteson" or "Plaintiff") Motion for Judicial Notice Pursuant to Federal Rule of Evidence 201 ("Motion") (Doc. No. 27) filed on January 27, 2026 and served on January 28, 2026. Through his Motion, Plaintiff requests that the Court judicially notice the following:

- <u>Exhibit A</u> – a September 2020 press release from the U.S. Department of Justice related to allegations of unlawful trading in the markets for precious metals futures contracts, U.S. Treasury future contracts, and U.S. Treasury notes and bonds;

- <u>Exhibit B</u> – a press release issued by the Consumer Financial Protection Bureau ("CFPB") which includes allegations of consumer losses after Zelle was launched in 2017;

718949275

- <u>Exhibit C</u> – a Supplemental Memorandum related to an "Analysis of CFPB consumer complaints related to debanking"; and
- <u>Exhibit D</u> – a complaint filed by certain defendants against Chase and its CEO Jamie Dimon alleging that Chase improperly closed the defendants' accounts as a result of political motivations.

## I. **BRIEF PROCEDURAL HISTORY**

Plaintiff originally filed a complaint on August 15, 2025 styled as *Erik Arthur Otteson, Trustee and Authorized Representative of the VKNG Fleet Trust*, Case No. S1300CV202580331 in the Superior Court of Yavapai County, Arizona. *See* Doc. 1 at 9-13. The matter was subsequently removed to this Court by Chase on September 17, 2025. *See* Doc. 1. Thereafter, facing dismissal and the need to retain counsel, Plaintiff sought leave to amend the complaint and substitute himself as plaintiff (as opposed to the trust he previously attempted to represent). *See* Doc. 17.

Plaintiff was subsequently granted leave to amend and filed the operative Complaint in this matter on November 13, 2025, alleging a singular claim for breach of the implied covenant of good faith and fair dealing. *See* Docs. 18 -21. The basis for Plaintiff's claim appears to be Chase's refusal to accept a Certification of Trust due to Plaintiff's inclusion of "without prejudice" in the signature line. *See* Doc. 21 at ¶¶ D(2) ("Defendant's Fraud Specialist incorrectly concluded that 'without prejudice' applies only to settlement negotiations and is inappropriate on an indorsement line. This conclusion is legally wrong. UCC § 1-308, as enacted in Arizona at A.R.S. § 47-1308, expressly authorizes the use of 'without prejudice' or similar language to reserve rights when signing documents."). Chase then filed its Motion to Dismiss as there is no contractual agreement between Plaintiff and Chase that would provide grounds for

2

Plaintiff's claim. *See* Doc. 22. The Motion to Dismiss is fully briefed and pending a decision from this Court.

## II. PLAINTIFF'S PROPOSED DOCUMENTS ARE NOT PROPER SUBJECTS FOR JUDICIAL NOTICE.

In his current Motion, Plaintiff asks the Court to take judicial notice of four documents he has attached as Exhibits A-D. The proposed exhibits are neither proper subjects of judicial notice under Federal Rule of Evidence 201 nor relevant to the claim asserted in the operative Complaint. Federal Rule of Evidence 201 permits a court to take judicial notice only of facts that are not subject to reasonable dispute because they are either: (1) generally known within the court's territorial jurisdiction; or (2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201. Judicial notice is a narrow exception and not a vehicle for admitting evidence, resolving factual disputes, or bolstering contested allegations. Courts routinely reject attempts to use Rule 201 to introduce documents for the truth of their contents or to bypass evidentiary rules governing relevance, authentication, and admissibility, which is exactly what Plaintiff's Motion attempts to do.

The documents identified in Exhibits A-D to Plaintiff's Motion (which include such items as online press releases and unproven allegations which are subject to dispute) may not be admitted for the truth of the facts contained therein, and are therefore not appropriate for judicial notice under Federal Rule of Evidence 201. *See Smith v. Internal Revenue Serv.*, 168 F. Supp. 3d 1221, 1225 (D. Ariz. 2016), *aff'd sub nom. Smith v. United States Internal Revenue Serv.*, 692 Fed. Appx. 883 (9th Cir. 2017) *citing Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.2010) (citation omitted) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

718949275

### III. PLAINTIFF'S PROPOSED DOCUMENTS ARE IRRELEVANT TO PLAINTIFF'S CLAIM.

Moreover, neither the proposed exhibits nor the allegations made therein have any bearing or relevance to Plaintiff's sole claim against Chase for breach of the implied covenant of good faith and fair dealing. *See* Doc. 21(Complaint). Even if the proposed exhibits were proper for judicial notice—which they are not—the Motion independently fails because the documents are irrelevant. *See e.g., Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (declining to take judicial notice of reports that were not relevant to the resolution); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n. 7 (9th Cir. 2000) (declining to take judicial notice of statistics that were not relevant to any issue on appeal); *see e.g. Hargis v. Access Cap. Funding, LLC*, 674 F.3d 783, 793 (8th Cir. 2012) ("Courts are not required to take judicial notice of irrelevant materials.").

Plaintiff should not be permitted to expand the record at this stage in the litigation with extraneous materials unrelated and unattached to his Complaint; judicial notice cannot be used to supplement Plaintiff's deficient pleadings, introduce new factual theories, or preemptively argue the merits of Plaintiff's claim. As admitted by Plaintiff, he seeks judicial notice to establish what he deems to be "a clear an undeniable pattern of institutional bad faith…." Doc. 27 at 3. And while Plaintiff asserts that he is "not ask[ing] the Court to adjudicate the merits of these other matters[,]" Plaintiff's request for "judicial notice" is nothing more than a thinly veiled attempt to persuade the Court to accept *his* interpretations, conclusions, and factual assertions to advance his meritless claim. *See* Doc. 27 at 3 ("Defendant's primary defense in this case is that it acted in good faith and within its contractual discretion. The adjudicative facts contained in Exhibits A-D directly impeach this defense[.]"). Judicial notice does not extend to the truth of disputed assertions or a party's characterization or interpretation of the same. *See Potter v. Meza*, CV-25-00663-PHX-DWL, 2026 WL 35276, at *5 (D. Ariz. Jan. 6, 2026), *reconsideration denied,* CV-25-00663-PHX-DWL, 2026 WL 183540 (D. Ariz. Jan. 23, 2026) (declining

4

to take judicial notice of irrelevant statutes and Plaintiff's own interpretation of said statutes). As such, Plaintiff's Motion should be denied in its entirety. However, should the Court seek to consider any of the Exhibits as being subject to judicial notice, Chase requests leave and opportunity to address each specific item.

## IV. CONCLUSION

For the foregoing reasons, Chase respectfully requests that Plaintiff's Motion be denied in its entirety. If the Court is inclined to consider any of the Exhibits for judicial notice, Chase requests leave and opportunity to address each specific item.

DATED this 10th day of February 2026.

GREENBERG TRAURIG, LLP

By: */s/ Adrianna Griego Gorton*
Nicole M. Goodwin
Adrianna Griego Gorton
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

5

718949275

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026 the foregoing was served by email and first-class mail on the following:

Erik Arthur Otteson
P.O. Box 4093
Cottonwood, AZ 86326
vkngfleettrust@gmail.com
erikotteson@gmail.com
*Pro Se Plaintiff*

                                        */s/ Tammy Mowen*

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

718949275