Erik Arthur Otteson
PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com

FILED ___ LODGED
RECEIVED ___ COPY

FEB 1 3 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| ERIK ARTHUR OTTESON, | Case No. 3:25-cv-08198-DWL |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR JUDICIAL NOTICE** (Doc. 27) |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

Plaintiff ERIK ARTHUR OTTESON, proceeding pro se, respectfully submits this Reply in support of his Motion for Judicial Notice ("MJN") (Doc. 27) and in response to Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Objection (Doc. 28).

## ARGUMENT

Chase's Objection mischaracterizes both the nature of Plaintiff's request and the controlling legal standard for judicial notice. It speaks of adjectives where this Motion concerns verbs. Plaintiff does not ask this Court to characterize Chase's conduct, only to notice that it occurred. The fact that Chase has been criminally prosecuted by the Department of Justice, investigated by the United States Senate, and sued by both the Consumer Financial Protection Bureau and the President of the United States are historical, adjudicative facts, not reasonably subject to dispute.

**I.      The Exhibits Are Proper Subjects for Judicial Notice Under Rule 201.**

Chase's reliance on this Court's ruling in *Potter v. Meza, No. CV-25-00663-PHX-DWL, 2026 WL 35276 (D. Ariz. Jan. 6, 2026)*, is misplaced. In *Potter*, this Court correctly declined to take judicial notice because the plaintiff sought notice of *legislative facts* (statutes) and his own *legal interpretations* of those statutes. *Id.* at *11-12*. That is the opposite of what Plaintiff requests here.

Plaintiff seeks judicial notice of *adjudicative facts* under Federal Rule of Evidence 201(b)(2): the existence of official publications from the United States Department of

Justice, the Consumer Financial Protection Bureau, and the United States Senate, as well as a publicly filed complaint in a state court. These documents are published on official government and court websites and constitute "matters of public record" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of matters of public record."). The fact that the DOJ prosecuted Chase, the CFPB sued Chase, the Senate investigated Chase, and the President sued Chase are historical, adjudicative facts, not legislative interpretations.

The Ninth Circuit's holding in *Lee* is instructive. A court may take judicial notice of the *existence* of public records, but not of the disputed facts *within* them. *Id.* at 690. That is precisely what Plaintiff requests: notice that these proceedings and investigations occurred—the verb—not a finding on the ultimate truth of the allegations therein—the adjective. Chase's entire objection is aimed at the latter, a request Plaintiff never made.

**II.     Chase's Request for Further Briefing Should Be Granted.**

Chase does not dispute the authenticity of a single exhibit. Instead, it requests that "[i]f the Court is inclined to consider any of the Exhibits . . . Chase requests leave and opportunity to address each specific item." (Doc. 28 at 5). Plaintiff enthusiastically agrees. For the Court's convenience, the following are the adjudicated matters, official government findings, and pending actions reflected in Plaintiff's exhibits:

**A.**     Exhibit A: *United States v. JPMorgan Chase & Co.*, No. 20-CR-175 (D. Conn.) — Deferred Prosecution Agreement. Chase admitted to wrongdoing and paid $920,203,609.

**B.**     Exhibit B: *CFPB v. Early Warning Services, LLC, et al.*, No. 2:24-cv-03652 (D. Ariz.) — Federal enforcement action alleging hundreds of millions in consumer losses on the Zelle network. Filed in this District.

**C.**     Exhibit C: U.S. Senate Committee on Banking, Housing, and Urban Affairs, Supplemental Memorandum (Feb. 4, 2025) — Official analysis finding Chase had the highest volume of debanking complaints of any bank in the country.

**D.**    Exhibit D: *Trump, et al. v. JPMorgan Chase Bank, N.A., and James Dimon,* Filing No. 240043433 (11th Jud. Cir., Miami-Dade Cty., Fla.) — $5 billion pending lawsuit alleging politically motivated account closures.

If Chase believes it can explain away a criminal prosecution, a federal enforcement action filed in this District, a United States Senate report, and a lawsuit brought by the sitting President of the United States — all concerning bad faith conduct toward its own customers — Plaintiff agrees it should have the opportunity to do so, on the record.

## CONCLUSION

Chase speaks of adjectives where this Motion concerns verbs. JPMorgan Chase has undoubtedly had its bad faith called into question by verifiable, uncontestable sources. In speaking, they hold onto a sliver of a position that brings a question to the table: What happens to this case the moment Judge Lanza determines a contract — in paper, or an implied contract via relationship — exists?

Dated this 13th day of February, 2026

Respectfully,

ERIK ARTHUR OTTESON

*Erik Arthur Otteson*

Plaintiff, Pro Se

PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2026, a true and correct copy of the foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR JUDICIAL NOTICE (Doc. 27) was served via Certified Mail, Return Receipt Requested, upon the following:

Nicole M. Goodwin
Greenberg Traurig, LLP
2375 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
CERTIFIED MAIL 9589 0710 5270 2831 2565 61

ERIK ARTHUR OTTESON

_Erik Arthur Otteson_