ERIK ARTHUR OTTESON
PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

ERIK ARTHUR OTTESON,

Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,
GREENBERG TRAURIG, LLP,
NICOLE M. GOODWIN,
ADRIANNA G. GORTON,

Defendants.

Case No. 3:25-cv-08198-DWL

**NOTICE OF LODGING OF EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff ERIK ARTHUR OTTESON, respectfully gives notice that the following exhibits are lodged with the Court in support of Plaintiff's concurrently-filed Motion for Summary Judgment. This Notice constitutes the master exhibit index for this case, revised for maximum accuracy, consolidating all evidence into a single unified record. Exhibits previously filed at Doc. 13 are re-lodged herewith to ensure the complete evidentiary record is before the Court in one location.

**MASTER EXHIBIT INDEX**

**Exhibit A** — Certification of Trust (VKNG Fleet Trust). Dated May 14, 2025. Signed and accepted by JPMorgan Chase Bank, N.A. Establishes that Defendant accepted the trust, acknowledged Plaintiff as trustee, and opened accounts pursuant to the trust instrument. Proves the banking relationship was properly established. Authenticated under FRE 902(9) (commercial paper) and FRE 901(b)(1) (witness with knowledge). Filed electronically.

**Exhibit B** — Chase "Action Needed Regarding Signature" Letter. Dated May 27, 2025. Defendant's first written communication regarding Plaintiff's signature. Initiates the dispute that forms the basis of this action. Authenticated under FRE 801(d)(2)(A) (opposing party's own statement). Filed electronically.

**Exhibit C** — First Notice to Chase — Signature Clarification. Dated June 3, 2025. Plaintiff's written response clarifying the legal basis for the signature under UCC § 1-308 (A.R.S. § 47-1308). Establishes Plaintiff's good faith attempt to resolve the dispute. Authenticated under FRE 901(b)(1) (witness with knowledge; Plaintiff authored). Filed electronically.

**Exhibit D** — Second Notice to Christian Zamora — Signature Policy Challenge. Dated June 4, 2025. Plaintiff's direct communication to branch manager challenging the purported "policy" and requesting its production. No policy was ever produced. Authenticated under FRE 901(b)(1). Filed electronically.

**Exhibit E** — Internal Chase Communication — San Agustin to Zamora ("Wet Ink Memo"). Dated June 9, 2025. Email from Miguel San Agustin directing Christian Zamora to reject Plaintiff's signature. Contains handwritten case number notation. Proves the rejection was directed from above branch level and was a deliberate institutional decision, not a branch-level error. Authenticated under FRE 801(d)(2)(D) (statement by party-opponent's agent within scope of employment) and FRE 901(b)(1), (b)(4) (distinctive characteristics). Filed electronically.

**Exhibit F** — Personal Email Correspondence with Christian Zamora. Dated June 9, 2025. Direct communications between Plaintiff and branch manager Zamora regarding the account dispute. Establishes Zamora's knowledge and involvement. Authenticated under FRE 901(b)(1), (b)(4) (distinctive characteristics, email headers). Filed electronically.

**Exhibit G** — Chase Debit Card, Voided Check, and Account Confirmation. Dated May– June 2025. Physical evidence proving the account was fully operational and in good standing prior to Defendant's unilateral closure. Negates any claim that the account was

improperly established. Authenticated under FRE 901(b)(1) (witness with knowledge) and FRE 901(b)(4) (distinctive characteristics). Filed electronically.

**Exhibit H** — Notice of Legal Dispute and Demand to Cure. Dated June 10, 2025. Plaintiff's formal demand sent via certified mail to Chase Legal Department. Establishes that Defendant was on notice of the legal dispute and given opportunity to cure before litigation commenced. Authenticated under FRE 901(b)(1) and certified mail receipt. Filed electronically.

**Exhibit I** — Chase Executive Office Letter — Written Admission. Dated July 31, 2025. Defendant's own written statement admitting the account was closed "because the letter was signed 'without prejudice.'" This is Defendant's stated reason for closure, in its own words, from its own Executive Office. Constitutes a binding judicial admission. Authenticated under FRE 801(d)(2)(A) (opposing party's own statement) and FRE 902(7) (trade inscription). Filed electronically.

**Exhibit J** — 21 Bravo Mold Report. Dated July 26, 2025. Professional inspection report documenting consequential damages to Plaintiff's property resulting from Defendant's account closure and denial of access to funds needed for remediation. Authenticated under FRE 901(b)(1) and FRE 703 (expert basis). Filed electronically.

**Exhibit K** — Audio Recording and Verified Transcript: Chase KYC Compliance Department. Dated July 26, 2025. Agent confirms account was "closed because of the signature on the signature card." First recorded admission of closure reason by Defendant's agent. Corroborates Exhibit I. Authenticated under FRE 901(a), (b)(1) (Plaintiff was participant) and FRE 801(d)(2)(D) (agent admission within scope of employment). Transcript filed electronically; audio filed conventionally (USB).

**Exhibit L** — Audio Recording and Verified Transcript: Chase Representative "Stephanie." Dated August 1, 2025. Contains five distinct admissions: (1) closure was a "good faith" decision; (2) internal policy exists but "we can't show you that"; (3) same closure reason confirmed; (4) no appeal process available; (5) decision is final and irreversible. The "good faith" characterization and policy concealment are central to

Counts I and II. Authenticated under FRE 901(a), (b)(1) and FRE 801(d)(2)(D). Transcript filed electronically; audio filed conventionally (USB).

**Exhibit M** — Audio Recording and Verified Transcript: Chase Litigation/Preservation Department (Call #1). Dated August 22, 2025. Chase confirms receipt of Plaintiff's preservation notice, assigns case number SB1746986-F1, confirms records will be preserved. Establishes Defendant's litigation hold obligations and knowledge of pending dispute. Authenticated under FRE 901(a), (b)(1) and FRE 801(d)(2)(D). Transcript filed electronically; audio filed conventionally (USB).

**Exhibit N** — Audio Recording and Verified Transcript: Chase Litigation/Preservation Department (Call #2). Dated August 22, 2025. Continuation of preservation confirmation. Agent confirms two-year document hold period and provides direct department telephone number. Further establishes institutional awareness of preservation obligations. Authenticated under FRE 901(a), (b)(1) and FRE 801(d)(2)(D). Transcript filed electronically; audio filed conventionally (USB).

**Exhibit O** — Audio Recording and Verified Transcript: Defense Counsel Adrianna Gorton. Dated September 24, 2025. During telephonic meet-and-confer, Gorton states that internal policies "would likely come during the course of discovery" — acknowledging their existence and relevance. Gorton later reversed this position entirely, claiming no obligation to produce them. This reversal constitutes the foundation for Count II (fraudulent concealment) and the adoptive admission framework in the Motion. Authenticated under FRE 901(a), (b)(1) (Plaintiff was participant) and FRE 801(d)(2)(A) (statement by opposing party; counsel authorized to speak on behalf of client). Transcript filed electronically; audio filed conventionally (USB).

**Exhibit P** — Preservation Demand (Electronically Stored Information). Dated January 2026. Plaintiff's formal demand for preservation of all electronically stored information relevant to the dispute, including internal policies, communications, and decision records. Served upon Defendant's counsel. Establishes Defendant's obligation to preserve

evidence and Plaintiff's diligence in protecting the record. Authenticated under FRE 901(b)(1) (witness with knowledge; Plaintiff authored and served). Filed electronically.

**Exhibit Q** — First Notice of Presumptions Pursuant to Federal Rule of Evidence 301, with Cover Letter. Dated January 27, 2026. Served upon Nicole M. Goodwin at Greenberg Traurig offices via licensed process server, simultaneously with Motion for Judicial Notice (Doc. 27). Contains specific factual presumptions requiring rebuttal under FRE 301. No response of any kind was received from Goodwin or any attorney at Greenberg Traurig. Total silence. Authenticated under FRE 901(b)(1), proof of service by licensed process server, and Certificate of Service at Doc. 27, p. 4. Filed electronically.

**Exhibit R** — Email from Defense Counsel Adrianna Gorton to Plaintiff. Dated February 24, 2026. Gorton states: "we intend to respond substantively within the next week" regarding the Preservation Demand. No substantive response was ever provided. This broken promise establishes the pattern of delay and evasion that characterizes Defendants' litigation conduct. Authenticated under FRE 901(b)(1), (b)(4) (distinctive characteristics; email header; sender address gortona@gtlaw.com) and FRE 801(d)(2)(A). Filed electronically.

**Exhibit S** — Email from Plaintiff to Defense Counsel Adrianna Gorton. Dated April 19, 2026. Follow-up noting Gorton's broken promise to respond substantively, attaching Second Notice of Presumptions, requesting substantive engagement with the factual presumptions. Establishes that Defendants were given every opportunity to deny the presumptions before they ripened. Authenticated under FRE 901(b)(1) (witness with knowledge; Plaintiff authored). Filed electronically.

**Exhibit T** — Second Notice of Presumptions Pursuant to Federal Rule of Evidence 301. Dated April 2026. Served upon Gorton via email attachment (Exhibit S). Contains updated presumptions based on continued silence. This is the specific document that triggered Gorton's April 28 response (Exhibit U). The Court can compare what was asked (Exhibit T) against what was answered (Exhibit U) to evaluate the selective silence. Authenticated under FRE 901(b)(1). Filed electronically.

**Exhibit U** — Email from Defense Counsel Adrianna Gorton to Plaintiff (April 28 Response). Dated April 28, 2026. The operative adoptive admission. Gorton addresses the FORM of the Notices ("even if relevant, which they are not") but affirmatively refuses to deny any specific factual presumption contained therein. States Defendant "reserves all rights." Threatens sanctions against Plaintiff. This selective response — addressing form while refusing to deny substance — constitutes an adoptive admission under FRE 801(d)(2)(B) stronger than mere silence, as analyzed in the Motion at Section III.J. Authenticated under FRE 901(b)(1), (b)(4) and FRE 801(d)(2)(A) (opposing party's own statement) and FRE 801(d)(2)(B) (adoptive admission by failure to deny). Filed electronically.

**Exhibit V** — Email from Plaintiff to Defense Counsel Adrianna Gorton. Dated May 11, 2026. Service of Third Notice of Presumptions upon Gorton. Authenticated under FRE 901(b)(1). Filed electronically.

**Exhibit W** — Third Notice of Presumptions Pursuant to Federal Rule of Evidence 301. Dated May 8, 2026. Final set of presumptions served upon Gorton via email. No response of any kind was received. Complete silence for 28+ days and continuing. Three Notices, three opportunities to deny, zero denials. Authenticated under FRE 901(b)(1). Filed electronically.

**Exhibit X** — Verified First Amended Complaint. Filed concurrently. Sworn under penalty of perjury pursuant to 28 U.S.C. § 1746. Contains detailed factual allegations based on Plaintiff's personal knowledge. Constitutes competent summary judgment evidence under FRCP 56(c)(4) and *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) ("A verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence."). Self-authenticating under oath. Filed electronically.

**Exhibit Y** — Invoice 1025: Aspen RV. Dated April 11, 2026. Contract value: $10,721.00. Labor duration: 19 hours, 31 minutes, 8 seconds. Contains: commercial invoice, continuous unedited video recording of all work performed, and payment receipt

confirming collection. Multi-tiered commercial transaction including debt assignment ($5,604.09) and negotiable instrument processing ($5,116.91 check). Authenticated under FRE 803(6) (business record) and FRE 406 (routine practice). Invoice and payment receipt filed electronically; video filed conventionally (USB).

**Exhibit Z** — Invoice 1027: Northern Arizona Plumbing Solutions. Dated April 2026. Contract value: $4,041.25. Labor duration: 8 hours, 49 minutes, 23 seconds. Contains: commercial invoice, continuous unedited video recording of all work performed, and payment receipt confirming collection. First of three engagements with this client within the 45-day period. Authenticated under FRE 803(6) and FRE 406. Invoice and payment receipt filed electronically; video filed conventionally (USB).

**Exhibit AA** — Invoice 1028: DEMA, Camp Navajo Fire Department. Dated April 2026. Contract value: $3,002.00. Labor duration: 3 hours, 43 minutes, 1 second. Federal/state agency contract. Contains: commercial invoice, continuous unedited video recording of all work performed, and payment receipt confirming collection. Establishes that government agencies contract with Plaintiff at commercial rates. Authenticated under FRE 803(6) and FRE 406. Invoice and payment receipt filed electronically; video filed conventionally (USB).

**Exhibit AB** — Invoice 1029: Northern Arizona Plumbing Solutions (second engagement). Dated April 2026. Contract value: $4,041.25. Labor duration: 7 hours, 31 minutes, 24 seconds. Repeat client — second engagement within the period. Contains: commercial invoice, continuous unedited video recording of all work performed, and payment receipt confirming collection. Authenticated under FRE 803(6) and FRE 406. Invoice and payment receipt filed electronically; video filed conventionally (USB).

**Exhibit AC** — Invoice 1030: Longfellow Excavating WT-3. Dated April–May 2026. Contract value: $8,423.50. Labor duration: 21 hours, 47 minutes, 38 seconds. Contains: commercial invoice, continuous unedited video recording of all work performed, and payment receipt confirming collection. Authenticated under FRE 803(6) and FRE 406. Invoice and payment receipt filed electronically; video filed conventionally (USB).

**Exhibit AD** — Invoice 1031: Wilson's Heating and Cooling. Dated May 2026. Contract value: $2,887.50. Labor duration: 2 hours, 32 minutes, 28 seconds. Contains: commercial invoice, continuous unedited video recording of all work performed, and payment receipt confirming collection. Authenticated under FRE 803(6) and FRE 406. Invoice and payment receipt filed electronically; video filed conventionally (USB).

**Exhibit AE** — Invoice 1032: Premier Diesel. Dated May 2026. Contract value: $5,304.00. Labor duration: 21 hours, 33 minutes, 22 seconds. Contains: commercial invoice, continuous unedited video recording of all work performed, and payment receipt confirming collection. Authenticated under FRE 803(6) and FRE 406. Invoice and payment receipt filed electronically; video filed conventionally (USB).

**Exhibit AF** — Invoice 1033: Longfellow Excavating (second engagement). Dated May 2026. Contract value: $3,620.00. Repeat client. Contains: commercial invoice and payment receipt confirming collection. No video recording for this engagement. Authenticated under FRE 803(6) and FRE 406. Filed electronically.

**Exhibit AG** — Invoice 1034: Abe's Custom Upholstery. Dated May 2026. Contract value: $2,544.00. Labor duration: 7 hours, 38 minutes, 39 seconds. Contains: commercial invoice, continuous unedited video recording of all work performed, and payment receipt confirming collection. Authenticated under FRE 803(6) and FRE 406. Invoice and payment receipt filed electronically; video filed conventionally (USB).

**Exhibit AH** — Invoice 1035: Northern Arizona Plumbing Solutions (third engagement). Dated May 2026. Contract value: $4,041.25. Labor duration: 8 hours, 5 minutes, 53 seconds. Repeat client — third engagement within the 45-day period. Contains: commercial invoice, continuous unedited video recording of all work performed, and payment receipt confirming collection. Authenticated under FRE 803(6) and FRE 406. Invoice and payment receipt filed electronically; video filed conventionally (USB).

**Exhibit AI** — Invoice 1036: Wilson's Heating and Cooling (second engagement). Dated May 2026. Contract value: $427.50. Repeat client. Contains: commercial invoice and

payment receipt confirming collection. No video recording for this engagement. Authenticated under FRE 803(6) and FRE 406. Filed electronically.

**Exhibit AJ** — Invoice 1037: Abe's Custom Upholstery (second engagement). Dated May 2026. Contract value: $1,275.00. Repeat client. Contains: commercial invoice and payment receipt confirming collection. No video recording for this engagement. Authenticated under FRE 803(6) and FRE 406. Filed electronically.

**Exhibit AK** — Invoice 1038: Longfellow Excavating (third engagement). Dated May 2026. Contract value: $5,295.00. Repeat client — third engagement within the 45-day period. Contains: commercial invoice and payment receipt confirming collection. No video recording for this engagement. Authenticated under FRE 803(6) and FRE 406. Filed electronically.

## CERTIFICATION

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that all exhibits lodged herewith are true and correct copies of the documents they purport to be. The audio recordings are unaltered original recordings made by Plaintiff as a participant to each conversation, lawfully recorded under Arizona's one-party consent statute, A.R.S. § 13-3012. The transcripts are accurate representations of the audio content, prepared by automated speech-to-text transcription and verified by Plaintiff against the original recordings.

Dated this 15th day of June, 2026

Respectfully,

ERIK ARTHUR OTTESON

*without prejudice*

Plaintiff, Pro Se

PO Box 4093
Cottonwood, AZ 86326

(928) 254-1037
erikotteson@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 06/15/2026, I caused the foregoing NOTICE OF LODGING OF EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT to be served upon all Defendants via CM/ECF:

Nicole Goodwin
Adrianna Gorton
Greenberg Traurig, LLP
2375 E. Camelback Road
Suite 700
Phoenix, Arizona 85016
Counsel for Defendant JPMorgan Chase Bank, N.A., and Defendants in their individual capacities

Dated this 15th day of June, 2026

ERIK ARTHUR OTTESON

Plaintiff, Pro Se