Erik Arthur Otteson
PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERIK ARTHUR OTTESON,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 3:25-cv-08198-DWL<br><br>**NOTICE OF PRESUMPTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 301**<br><br>**(Oral Argument Requested)** |

**<u>TO: JPMORGAN CHASE BANK, N.A. AND ITS COUNSEL OF RECORD</u>**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Evidence 301, Plaintiff Erik Arthur Otteson hereby places Defendant on formal notice of the following presumptions that arise from Defendant's failure to produce evidence despite the Notice to Preserve Evidence served on August 12, 2025 (to Christian Zamora) and August 14, 2025 (to Defendant's Legal Department).

These presumptions are based on the logical inferences drawn from Defendant's conduct and its status as a Depositary Bank under the Uniform Commercial Code. Under FRE 301, the burden of producing evidence to rebut these presumptions lies with Defendant.

**<u>PRESUMPTION 1: THE "HOLDER IN DUE COURSE" AVOIDANCE</u>**

**PRESUMED FACT:** Defendant closed Plaintiff's accounts because Plaintiff's "without prejudice" indorsement (UCC § 1-308) on the Certification of Trust put Defendant on NOTICE of a claim or defense.

**LEGAL EFFECT:** This notice prevented Defendant from becoming a Holder in Due Course (HDC) under UCC § 3-302. Consequently, Defendant was relegated to the status

of a mere "Agent for Collection" under UCC § 4-201, stripping it of ownership rights and forcing it to assume provisional status on all items. Without HDC protection, Defendant could not take instruments free of claims and defenses (UCC § 3-305), thereby disrupting its ability to process transactions without exposure to underlying disputes.

## PRESUMPTION 2: THE "STRICT LIABILITY" AVOIDANCE

**PRESUMED FACT:** Defendant closed Plaintiff's accounts to eliminate the risk of Strict Liability for Conversion under UCC § 3-420.

**LEGAL EFFECT:** As a Depositary Bank, Defendant is explicitly excluded from the "good faith" immunity provided by UCC § 3-420(c). Defendant's only remaining defense against conversion liability was reliance on the customer's authorization. Plaintiff's "without prejudice" signature rendered that authorization conditional, leaving Defendant legally exposed to strict liability for every transaction processed through the account.

## PRESUMPTION 3: THE "SAFE HARBOR" AVOIDANCE

**PRESUMED FACT:** Defendant closed Plaintiff's accounts because Plaintiff's reservation of rights destroyed Defendant's statutory immunity under A.R.S. § 14-11013.

**LEGAL EFFECT:** This statute protects banks who rely on a Certification of Trust in "good faith." Plaintiff's qualified signature ("without prejudice") negated the presumption of good faith reliance, forcing Defendant to either assume full liability for the Trust's transactions or expend resources verifying the Trust Deed—a cost Defendant chose to avoid by terminating the relationship.

## PRESUMPTION 4: THE "CONTRACTUAL WAIVER" AVOIDANCE (NULLIFICATION OF DEPOSIT AGREEMENT)

**PRESUMED FACT:** Defendant closed Plaintiff's accounts because Plaintiff's reservation of rights under UCC § 1-308 effectively nullified the key protective waivers contained in Defendant's standard Deposit Account Agreement (Effective 3/23/2025), specifically:

    **A.** The "At-Will" Closure Clause (Section VIII, Page 22) is Void Ab Initio:

1. Defendant's clause claiming the right to close accounts "at any time for any reason or no reason" is an illegal attempt to disclaim the mandatory obligation of Good Faith under UCC § 1-302(b) (A.R.S. § 47-1302(B)).

2. Because the duty of Good Faith "may not be disclaimed by agreement," the "At-Will" clause was void from the start. Defendant's reliance on this void clause to terminate Plaintiff constitutes a per se violation of the UCC.

    **B.**    The Arbitration Clause (Section X, Page 26): Plaintiff's reservation preserved the right to litigate in a court of law, preventing the "attachment" of the mandatory arbitration provision.

    **C.**    The Limitation of Liability (Section IX(B), Page 23): Plaintiff's reservation preserved the right to seek full consequential damages, nullifying the DAA's liability caps.

    **D.**    The Right of Set-Off (Section VII(E), Page 21): Plaintiff's reservation prevented the authentication of the security agreement (UCC § 9-203), stripping Defendant of its automatic lien on account funds.

**LEGAL EFFECT:** Defendant terminated the relationship solely because it could not enforce its standard adhesion contract against a customer who had successfully reserved their statutory rights and exposed the illegality of their "At-Will" clause.

**PRESUMPTION 5: INTENT AND SCIENTER (BAD FAITH)**

**PRESUMED FACT:** Defendant's internal policies (whether written or unwritten) identify UCC § 1-308 reservations as "risk factors" that eliminate the Bank's ability to claim HDC status and statutory immunity.

**LEGAL EFFECT:** Defendant acted with scienter (knowledge of wrongdoing). The decision to close the account was not a routine "risk management" decision but a specific, calculated act of retaliation against a customer for exercising statutory rights. This constitutes a breach of the Duty of Good Faith and Fair Dealing (UCC § 1-304).

**PRESUMPTION 6: EXISTENCE OF IDEOLOGICAL PROFILING POLICY**

**PRESUMED FACT:** Defendant's refusal to provide a specific reason for closure is an admission that Defendant maintains an undisclosed "Risk Tolerance" or "Reputational Risk" policy that functions as a de facto ideological blacklist. Specifically, it is presumed that this policy targets and "de-banks" customers who assert individual sovereignty or exercise rights under the Uniform Commercial Code, effectively operating a private social credit system in violation of public policy and the Equal Credit Opportunity Act.

**LEGAL EFFECT:** Unless Defendant produces the actual reason for closure (supported by contemporaneous business records), it is established as a matter of law that the closure was discriminatory and based on Plaintiff's exercise of protected legal rights.

### NOTICE OF BURDEN:

Plaintiff relies on these presumptions as established facts. Defendant may rebut these presumptions only by producing the unredacted "internal policy" and "KYC email" referenced in prior communications. Continued reliance on privilege logs or redactions will be deemed a failure to rebut.

Dated this 27th day of January, 2026

Respectfully,

ERIK ARTHUR OTTESON

Plaintiff, Pro Se

PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com