Erik Arthur Otteson
PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERIK ARTHUR OTTESON,<br><br>          Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>          Defendant. | Case No. 3:25-cv-08198-DWL<br><br>**SECOND NOTICE OF PRESUMPTIONS AND OPPORTUNITY TO REBUT PURSUANT TO FEDERAL RULE OF EVIDENCE 301** |

## RE; SECOND NOTICE OF PRESUMPTIONS REGARDING DEFENDANT'S PATTERN OF BAD FAITH AND WILLFUL CONCEALMENT OF EVIDENCE

Dear Ms. Gorton and Ms. Goodwin,

This second notice serves to memorialize a now seven-month pattern of bad faith and willful concealment of evidence by your client, JPMorgan Chase Bank, N.A. ("Chase"), and to establish further presumptions of fact based on Defendant's and its counsel's documented conduct. These presumptions are based on facts, recorded communications with Chase representatives, and your own direct actions.

Pursuant to Federal Rule of Evidence 301, a presumption imposes on the party against whom it is directed the burden of producing evidence to rebut the presumption. Failure to rebut these presumptions with specific, competent evidence within fourteen (14) days of service will be deemed an adoptive admission of their truth under FRE 801(d)(2)(B).

## I.     PRESUMPTIONS REGARDING DEFENDANT'S WILLFUL FAILURE TO COMPLY WITH PRESERVATION OBLIGATIONS

1. It is presumed that on August 19, 2025, Defendant was put on formal, legal notice of its duty to preserve evidence when a Notice to Preserve Evidence was served by process server upon its registered agent, CT Corporation. This duty was established prior to the instant case's removal to federal court.

2. It is presumed that on August 22, 2025, Defendant's records preservation department acknowledged its preservation duty, assigned internal case number SB1746986-F1 to this matter, and confirmed its obligation to preserve records, including internal emails.

3. It is presumed that on February 10, 2026, Plaintiff served upon your office a detailed demand for written confirmation of Defendant's preservation efforts (the "Preservation of ESI Letter"), setting a compliance deadline of February 27, 2026.

4. It is presumed that your office requested an extension to this deadline but failed to specify the amount of time needed, an act inconsistent with a good faith intent to comply.

5. It is presumed that Plaintiff, acting in good faith, granted a twenty-day grace period, extending the deadline to March 19, 2026.

6. It is presumed that as of the expiration of the grace period on March 19, 2026, Defendant and its counsel have failed to provide any of the written confirmations demanded in the February 10, 2026 letter, constituting a continuous and willful failure to engage in good faith regarding Defendant's preservation duties.

II. **PRESUMPTIONS REGARDING THE EXISTENCE AND WILLFUL CONCEALMENT OF THE CONTROLLING WRITTEN POLICY**

1. It is presumed that a written policy governing the closure of bank accounts based on signature qualifications exists and is being actively concealed. This presumption is based on, inter alia, the following recorded admissions by Defendant's own representatives:

a. On August 1, 2025, a Chase representative identified as "Stephanie" admitted in a recorded communication that the decision to close Plaintiff's account was based on a "Chase policy" which was "internal information" and "not something we can show to you."

b. On September 24, 2025, Defendant's counsel, Adrianna G. Gorton, Esq., acknowledged in a recorded communication that "internal policies" exist and stated they "would likely come during the course of discovery," despite the fact that a preservation notice had already been served and acknowledged by her client.

2. It is presumed that Defendant's seven-month refusal to produce this policy—despite multiple admissions of its existence, the assignment of an internal preservation case number, and a formal demand from Plaintiff—gives rise to the presumption that the policy, if produced, would be adverse to Defendant's legal position and would prove that the closure of Plaintiff's account was an act of bad faith.

3. It is presumed that this pattern of conduct—acknowledging a preservation duty, opening an internal case file, admitting the controlling evidence exists through multiple representatives, requesting an extension to a demand letter, and then remaining silent—is not negligence, but a deliberate and willful strategy to conceal dispositive evidence from Plaintiff, constituting spoliation.

## III. CONCLUSION

The foregoing presumptions are based on a documented, multi-month record of Defendant's conduct. Defendant and its counsel are afforded fourteen (14) days from the date of service to provide a point-by-point rebuttal with specific, competent evidence. In the absence of such rebuttal.

Dated this 19th day of March, 2026

Respectfully,

ERIK ARTHUR OTTESON

*Erik Arthur Otteson*

Plaintiff, Pro Se

PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com