**From:** **Erik Otteson** erikotteson@gmail.com 📎
**Subject:** Re: Otteson v. JPMC: Response to "Second Notice of Presumptions and Opportunity to Rebut Pursuant to Federal Rule of Evidence 301"
**Date:** May 11, 2026 at 10:03 AM
**To:** GortonA@gtlaw.com

Ms. Gorton,

You mean conduct like this?

Please find attached the Third Notice of Presumptions and Opportunity to Rebut.

You wrote that Chase "expressly reserves all rights, including the right to seek sanctions for improper litigation conduct should your conduct continue."

SEND IT 👍

Erik Arthur Otteson

On Tue, Apr 28, 2026, 9:03 PM <GortonA@gtlaw.com> wrote:

> Mr. Otteson:
>
> We write in response to your "Second Notice of Presumptions and Opportunity to Rebut Pursuant to Federal Rule of Evidence 301" which is neither procedurally proper nor founded in the law. You misstate both the Federal Rules of Evidence and Chase's obligations thereunder.
>
> First, your attempt to unilaterally impose "presumptions" and shift burdens under Federal Rule of Evidence 301 is improper. Rule 301 governs the effect of presumptions when recognized and applied by a court—it does not provide you with the authority to create binding presumptions (whether by notice or otherwise), nor does it impose any obligation on Chase to "rebut" your baseless allegations.
>
> Second, your accusations of "bad faith," "willful concealment," and "spoliation" are, again, unsupported. Chase's Motion to Dismiss is pending; discovery has not yet started (if it ever does). To the extent that this case proceeds, the appropriate mechanism for obtaining information will be through discovery, not through unilateral declarations. At this stage in the litigation, Chase is under no obligation to produce internal policies (even if relevant) nor is it under any obligation to respond to your premature demands for disclosure based on your speculative conclusions about their contents.
>
> Finally, your demand for a "point-by-point rebuttal" within fourteen days has no basis in the Federal Rules or any applicable authority. Your assertion that a failure to respond within fourteen days constitutes an "adoptive admission" under Rule 801(d)(2)(B) is likewise incorrect and completely unsupported by the Federal Rules or applicable case law. Chase will respond to properly served discovery requests and will comply with all applicable rules and court orders should the Court deny Chase's Motion to Dismiss. Chase will not, however, engage in informal rebuttal of unsupported accusations framed as evidentiary presumptions that do not have a basis in fact or the law.
>
> Chase expressly reserves all rights, including the right to seek sanctions for improper litigation conduct should your conduct continue.

Thank you,


**Adrianna Gorton**
Practice Group Attorney

Greenberg Traurig, LLP
2375 E. Camelback Rd. | Suite 800 | Phoenix, AZ 85016
T +1 602.445.8414
GortonA@gtlaw.com | www.gtlaw.com | View GT Biography



If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**THIRD NOTICE OF PRESUMTPIONS SCAN (1).pdf**