Erik Arthur Otteson
PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERIK ARTHUR OTTESON,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 3:25-cv-08198-DWL<br><br>**THIRD NOTICE OF PRESUMPTIONS AND OPPORTUNITY TO REBUT PURSUANT TO FEDERAL RULE OF EVIDENCE 301** |

**TO: JPMORGAN CHASE BANK, N.A. AND ITS COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Evidence 301, Plaintiff ERIK ARTHUR OTTESON hereby places Defendant on formal notice of the following presumptions that arise directly from the April 28, 2026 email correspondence sent by Defendant's counsel, Adrianna G. Gorton, Esq., at 9:03 PM MST, and from the cumulative record of Defendant's conduct in this matter.

The record of formal communications served upon Defendant and its counsel outside of court is as follows:

1. Preservation Demand Letter — Served upon counsel Gorton and counsel Goodwin. Acknowledged by counsel Gorton. No response provided.

2. First Notice of Presumptions — Served February 9, 2026, upon counsel Goodwin. No response provided.

3. Second Notice of Presumptions — Served April 14, 2026. Counsel Gorton responded April 28, 2026 at 9:03 PM MST. No substantive presumption was rebutted.

4. This Third Notice of Presumptions — Served May 8, 2026.

Under FRE 301, the burden of producing evidence to rebut these presumptions lies with Defendant.

## **PRESUMPTION 1: UNREBUTTED PRESERVATION DEMAND**

**PRESUMED FACT**: Plaintiff served a Preservation Demand Letter upon both counsel of record, Adrianna G. Gorton and Nicole M. Goodwin, demanding that Defendant preserve all documents, communications, and internal policies related to the closure of Plaintiff's accounts. Counsel Gorton acknowledged receipt and affirmatively stated she would respond. No response was ever provided.

**LEGAL EFFECT**: Counsel's acknowledged receipt and promise to respond, followed by complete silence, is presumed to constitute acceptance of all obligations and demands contained in the Preservation Demand Letter. Defendant's failure to confirm preservation is presumed to indicate that Defendant has not preserved the demanded documents, including the internal account closure policies at the center of this dispute.

## **PRESUMPTION 2: ADOPTION BY DEFENDANT AND BOTH COUNSEL OF RECORD**

**PRESUMED FACT:** In her April 28, 2026 correspondence, counsel Gorton stated, "We write in response to your 'Second Notice of Presumptions...'" The use of the plural pronoun "we" confirms that the response was issued on behalf of three parties: counsel Adrianna G. Gorton, counsel Nicole M. Goodwin, and their client, JPMorgan Chase Bank, N.A. Counsel did not state "I write" or "on my own behalf." Under FRE 801(d)(2)(D), a statement by a party's agent concerning a matter within the scope of the agency or employment relationship is admissible against the party.

**LEGAL EFFECT:** All three parties—Gorton, Goodwin, and JPMorgan Chase Bank, N.A.—are bound by the adoptive admissions framework. All three parties are confirmed to be aware of the First Notice of Presumptions (served February 9, 2026). None has rebutted any presumption contained therein.

## **PRESUMPTION 3: CONCESSION OF RELEVANCE REGARDING CONCEALED POLICIES**

**PRESUMED FACT:** In her April 28, 2026 correspondence, counsel Gorton stated that "Chase is under no obligation to produce internal policies (even if relevant)."

**LEGAL EFFECT:** Counsel's use of the phrase "even if relevant" is a written concession that the internal policies governing account closures—which Defendant has refused to produce for eight months—are relevant to the claims and defenses in this litigation.

## PRESUMPTION 4: SCIENTER — DELIBERATE SEPARATION OF THE SPOLIATION RECORD

**PRESUMED FACT:** Plaintiff's April 15, 2026 email—attaching the Second Notice of Presumptions—was sent as a reply within the existing email thread initiated by counsel Gorton's February 24, 2026 correspondence, in which counsel acknowledged receipt of the Preservation Demand and stated, "We intend to respond substantively to your letter within the next week." No substantive response was ever provided. Rather than reply within that same thread, counsel Gorton created a new, separate email thread titled "Otteson v. JPMC: Response to 'Second Notice of Presumptions and Opportunity to Rebut Pursuant to Federal Rule of Evidence 301'" to issue her April 28, 2026 response. In that deliberately constructed new thread, counsel wrote "we" on behalf of all parties.

**LEGAL EFFECT:** The deliberate creation of a new email thread—separating counsel's substantive response from the unanswered Preservation Demand—demonstrates scienter: conscious awareness that the Preservation Demand remains unanswered and that the original thread constitutes an adverse record. The word "we" was written with scienter. It appeared in a consciously crafted new communication, confirming that all statements therein were made with deliberation on behalf of JPMorgan Chase Bank, N.A., counsel Gorton, and counsel Goodwin. Counsel's decision to bifurcate the record is presumed to constitute consciousness of guilt regarding the failure to preserve documents demanded by Plaintiff and the failure to respond to the Preservation Demand as promised.

### NOTICE OF BURDEN:

Defendant may rebut these presumptions by producing specific, competent evidence within fourteen (14) days of service.

Counsel's reservation of the right to seek sanctions for "improper litigation conduct" is noted. Plaintiff welcomes any such motion.

Dated this 8th day of May, 2026

Respectfully,

ERIK ARTHUR OTTESON

Plaintiff, Pro Se

PO Box 4093
Cottonwood, AZ 86326
(928) 254-1037
erikotteson@gmail.com