# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Erik Arthur Otteson,

Plaintiff,

v.

JPMorgan Chase Bank NA, et al.,

Defendants.

No. CV-25-08198-PCT-DWL

**ORDER**

In November 2025, following an array of procedurally irregular filings by *pro se* Plaintiff that were struck by the Court (*see generally* Doc. 16), Plaintiff's operative pleading, the complaint, was filed (Doc. 21). The complaint is subject to a fully briefed motion to dismiss (Doc. 22), which, as the Court previously clarified (Doc. 32), will be resolved in due course.

Plaintiff has now filed a motion for leave to file an amended complaint (Doc. 35), has separately filed a purported First Amended Complaint (Doc. 36), has filed a motion for summary judgment that is predicated on the claims in the purported First Amended Complaint (Doc. 39), has filed certain other motions and notices related to the summary judgment motion (Docs. 37, 38, 40, 41, 42, 43), and has filed a motion for sanctions against defense counsel (Doc. 46).

Beginning with the motion for leave to file an amended complaint, LRCiv 15.1(a) provides that "[a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what

respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff did not comply with that requirement here when filing his motion to amend. Additionally, Plaintiff was issued a notice of deficiency on June 16, 2026, advising him of the need to correct the deficiency "within one business day of this notice" (Doc. 44), but Plaintiff did not comply with that deadline. Instead, on June 22, 2026, he belatedly filed a redlined version. (Doc. 45.)

Although these violations are troubling, the Court concludes that it would be overly harsh to deny the amendment request based on them. Accordingly, the Court will simply specify that the deadline for responding to the motion to amend will be 14 days from when Plaintiff belatedly came into compliance with LRCiv 15.1(a)—that is, any response to the motion to amend must be filed by July 6, 2026.

Second, as for the purported First Amended Complaint, LRCiv 15.1(a) further provides that "[i]f a motion for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, unless the Court orders otherwise." Here, because the Court has not granted Plaintiff's motion for leave to amend, it was improper for him to file the purported First Amended Complaint.

Third, as for the summary judgment motion, it is improper because it presupposes that the First Amended Complaint is the operative pleading and seeks relief based on the claims asserted therein. (Doc. 39 at 1 ["This Motion for Summary Judgment is Document 2 of the evidentiary sequence. It applies the facts established in the First Amended Complaint to the legal framework established in . . . ."].)

Fourth, as for the various motions and other notices related to the summary judgment motion, they are moot in light of the impropriety of the summary judgment motion.

Fifth, as for the motion for sanctions against defense counsel, the Court has carefully reviewed the motion and concludes that it fails to justify the "extraordinary remedy" of

sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent authority. *See, e.g.*, *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010) ("The district court's authority to sanction attorneys under § 1927 . . . must be exercised with restraint and discretion."); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (noting that the power to sanction under 28 U.S.C. § 1927" is "an extraordinary remedy . . . to be exercised with extreme caution") (citation omitted). Thus, the motion will be denied without the need for further briefing.

Sixth, although the Court previously granted Plaintiff's motion to allow electronic filing by a party appearing without an attorney (Doc. 33), Plaintiff's recent activity in this case has caused the Court to reconsider whether Plaintiff should be allowed to continue engaging in electronic filing. The order granting Plaintiff's motion specified that "[t]he party is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual" and that "[a]ny misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party." (Doc. 34.) Plaintiff's procedurally improper filings are placing a strain on the Clerk's office, such that it makes sense to require Plaintiff to make future filings in person.

Accordingly,

**IT IS ORDERED** that:

1. The deadline to respond to Plaintiff's motion for leave to file an amended complaint (Doc. 35) is extended to July 6, 2026.

2. The purported First Amended Complaint (Doc. 36) is **struck**.

3. Plaintiff's motion for summary judgment (Doc. 39) is **denied**.

4. Plaintiff's summary judgment-related motions (Docs. 37, 41) are **denied as moot**.

5. Plaintiff's motion for sanctions (Doc. 46) is **denied**.

…

…

6. The privilege of electronic filing granted to Plaintiff on April 13, 2026 (Doc. 34) is **discontinued**.

Dated this 22nd day of June, 2026.

Dominic W. Lanza
United States District Judge