Nicole M. Goodwin, SBN 024593
Nicole.Goodwinn@gtlaw.com
Adrianna Griego Gorton, SBN 031836
GortonA@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Erik Arthur Otteson, | Case No. 3:25-cv-08198-DWL |
| Plaintiff, | |
| vs. | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT PURSUANT TO FRCP 15(a)(2)** |
| JPMorgan Chase Bank, N.A., | |
| Defendant. | |

Defendant JPMorgan Chase Bank, N.A.'s ("Chase"), through undersigned counsel, hereby responds to Plaintiff Erik Arthur Otteson's ("Plaintiff") Motion For Leave to Amend his Complaint ("Motion") (Doc. 35) filed on June 15, 2026.

Plaintiff seeks leave to file a proposed first amended complaint (Doc 45) that does not cure the fundamental defects in his operative pleading (Doc. 21) and instead attempts to expand this action with additional legally baseless theories against Chase and through an improper effort to sue Chase's litigation counsel for ordinary advocacy undertaken in this case. Although Rule 15 embodies a liberal amendment policy, it does not require the Court to permit futile amendments, amendments sought in bad faith, or amendments that would reward continuing disregard of the Federal Rules, the Local Rules, and this Court's orders.

This is particularly true here. The Court has already recognized that this case has been marked by Plaintiff's "array of procedurally irregular filings," including unauthorized filings that were struck by the Court. [Doc. 47 at 1.] The Court also has

725398647

already found that Plaintiff failed to comply with LRCiv 15.1(a), that his violations were "troubling," that his filing of the purported First Amended Complaint was "improper," and that his summary-judgment motion was improper because it "presuppose[d] that the First Amended Complaint [was] the operative pleading." [*Id*. at 2.] The Court further observed that Plaintiff's "procedurally improper filings" were "placing a strain on the Clerk's office," warranting discontinuation of his electronic-filing privilege. [*Id*. at 3-4.] Those findings confirm that Plaintiff's proposed amendment should be scrutinized against the full procedural history of this case—not as an isolated request for leave.

The proposed amendment rests on several legally defective premises, including: (1) a supposed duty to disclose Chase's internal and confidential policies outside the discovery process; (2) a misapplication of Federal Rule of Evidence 801(d)(2) and the doctrine of adoptive admissions; and (3) an improper attempt to impose personal liability on litigation counsel for responses made on behalf of a client. [*See generally* Doc. 45]. The proposed pleading also does nothing to cure the foundational defect identified in Chase's pending Motion to Dismiss: Plaintiff still does not plausibly allege any contractual relationship between himself and Chase that could support a claim for breach of the implied covenant of good faith and fair dealing. [*See* Docs. 22, 26.]

There is also no doubt that Plaintiff's proposed first amended complaint was brought in bad faith. Plaintiff seeks to convert ordinary litigation conduct into substantive tort claims and to impose personal liability on opposing counsel for actions undertaken in representation of their client. Leave must be denied and Plaintiff's continued efforts to abuse the litigation process and thwart the Federal Rules of Civil Procedure and the Federal Rules of Evidence should not be condoned.

## I.      BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed a complaint on August 15, 2025 styled as *Erik Arthur Otteson, Trustee and Authorized Representative of the VKNG Fleet Trust*, Case No. S1300CV202580331 in the Superior Court of Yavapai County, Arizona. [*See* Doc. 1 at 9-13.] The matter was subsequently removed to this Court by Chase on September 17,

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

725398647

2025. [*See* Doc. 1.] Thereafter, facing dismissal and the need to retain counsel, Plaintiff sought leave to amend the complaint and substitute himself as plaintiff (as opposed to the trust he previously attempted to represent). [*See* Doc. 17.]

Plaintiff was subsequently granted leave to amend and filed the operative Complaint in this matter on November 13, 2025, alleging a singular claim for breach of the implied covenant of good faith and fair dealing against Chase. [*See* Docs. 18-21.] The basis for Plaintiff's claim appears to be Chase's refusal to accept a Certification of Trust due to Plaintiff's inclusion of "without prejudice" in the signature line. [*See* Doc. 21 at ¶¶ D(2) ("Defendant's Fraud Specialist incorrectly concluded that 'without prejudice' applies only to settlement negotiations and is inappropriate on an indorsement line. This conclusion is legally wrong. UCC § 1-308, as enacted in Arizona at A.R.S. § 47-1308, expressly authorizes the use of 'without prejudice' or similar language to reserve rights when signing documents.").] Chase then filed its Motion to Dismiss as there is no contractual agreement between Plaintiff and Chase that would provide grounds for Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. [*See* Doc. 22.] The Motion to Dismiss is fully briefed and pending a decision from this Court.

Rather than await a ruling on that motion or seek leave to amend in compliance with the Local Rules, Plaintiff filed the present Motion and separately filed a purported First Amended Complaint. [*See* Docs. 35, 36.] The Court has already held that Plaintiff did not comply with LRCiv 15.1(a), that his noncompliance was "troubling," and that because leave had not been granted, "it was improper for him to file the purported First Amended Complaint." [Doc. 47 at 2.] The Court struck the purported First Amended Complaint, denied Plaintiff's summary-judgment motion, denied related motions as moot, denied Plaintiff's motion for sanctions against defense counsel, and discontinued Plaintiff's electronic-filing privilege. [*Id*. at 2-4.]

## II.    LEGAL STANDARD

Under Rule 15(a)(2), leave to amend should be freely given "when justice so requires." However, the Supreme Court and Ninth Circuit have long recognized that leave

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

3

725398647

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

may be denied where amendment would be futile or if the amendment is sought in bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Malheur Forest Fairness Coal. v. Iron Triangle, LLC*, 164 F.4th 710, 739 (9th Cir. 2026) ("A district court may deny leave to amend in its discretion when amendment would be futile."); *see also Election Integrity Project California, Inc. v. Weber*, 113 F.4th 1072, 1099 (9th Cir. 2024) (A "district court does not abuse its discretion in denying leave to amend where 'any further amendment to the complaint would likely prove futile.'").

The Ninth Circuit consistently affirms denial of leave where the proposed amendment would not survive a motion to dismiss recognizing that district courts may deny leave to amend when amendment would be futile. *See Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) (affirming district court denials of leave to amend "when amendment would be futile.")  Indeed, courts may deny leave where "no set of facts" could cure the deficiency or where plaintiffs fail to identify facts that would render claims viable. *See Bagnall v. California State Univ. Mar. Acad.*, No. 25-248, 2025 WL 3654679, at *1 (9th Cir. Dec. 17, 2025); *see also Wa-Gino v. Arizona Dep't of Corr.*, 94 F.3d 654 (9th Cir. 1996) ("[A] pro se pleading may not be dismissed without notice of the deficiencies and an opportunity to amend, unless amendment would be futile."); *Stone v. Baum*, 409 F. Supp. 2d 1164, 1175 (D. Ariz. 2005) ("Leave to amend, however, is not proper in the presence of *any* of the following four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.")(emphasis in original). This District applies the same framework, recognizing that although Rule 15 is applied with "extreme liberality," futility alone is sufficient grounds for denial when the claims are legally insufficient. *See Jackson v. Mesa Cmty. Coll.*, No. CV-20-01869-PHX-DWL, 2021 WL 5040327, at *8 (D. Ariz. Oct. 29, 2021), *aff'd,* No. 21-17051, 2022 WL 17717402 (9th Cir. Dec. 15, 2022); *see also Gossett v. Stewart*, No. CV 08-2120-PHXDGCECV, 2009 WL 3379018, at *2 (D. Ariz. Oct. 20, 2009).

Leave may also be denied when amendment is sought in bad faith. *See Freestyle Mktg. LLC v. Seba Int'l Corp.,* No. CV-16-02023-PHX-BSB, 2016 WL 9343160, at *2

4

725398647

(D. Ariz. Dec. 7, 2016) (presuming "bad faith considering the procedural history of this matter"). In the context of a motion for leave to amend, "bad faith" means acting with intent to deceive, harass, mislead, delay, or disrupt. *See Olmos v. Path*, No. CV1908036PCTGMSJFM, 2020 WL 4188042, at *2 (D. Ariz. July 21, 2020).

## III.    ARGUMENT

### A.    Amendment Is Futile Because the Proposed Claims Fail as a Matter of Law

#### 1.    *Plaintiff's Theory of Liability Based on Chase's Alleged "Failure" to Produce its "Internal Policies" Is Legally Baseless*

Plaintiff's proposed amendment rests heavily on the assertion that Chase and its counsel committed actionable misconduct by declining to produce Chase's internal policies or procedures outside the discovery process. That theory fails as a matter of law.

First, there is no independent legal duty requiring a party to voluntarily disclose internal policies in response to informal demands, pre-discovery correspondence, or unilateral accusations. Plaintiff identifies no contract, statute, fiduciary relationship, discovery order, or other source of law imposing such a duty on Chase. Nor could he. Disputes about the relevance, discoverability, timing, or scope of internal documents are governed by the Federal Rules of Civil Procedure and resolved, if necessary, through Court-supervised discovery. *See* Fed. R. Civ. P. 26, 34, 37. They are not tort claims.

This case also remains at the pleading stage. Chase's Motion to Dismiss the operative Complaint is fully briefed and pending. [*See* Docs. 22, 26.] Discovery has not commenced and Chase has no obligation to produce its internal policies—policies which Chase treats as confidential. Plaintiff cannot manufacture a tort claim from Chase's rightful refusal to acquiesce to Plaintiff's demands for documents before discovery has commences of confidential internal policies and while threshold dismissal issues remain pending.

Second, Plaintiff's reliance on Federal Rule of Evidence 801(d)(2) fares no better. The proposed pleading repeatedly suggests that Chase and its counsel "adopted" Plaintiff's accusations by not responding to them in the manner Plaintiff demanded. [*See*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA  85016
(602) 445-8000

725398647

Doc. 45 at ¶¶ 2, 6-7, 17-25, 27, and V(B)(3).] That is not the law. Rule 801(d)(2) is an evidentiary rule governing whether certain statements are excluded from hearsay when offered against an opposing party. It does not create substantive rights, impose pre-discovery disclosure obligations, convert silence during litigation into liability, or require counsel to respond to every accusation a *pro se* litigant elects to send by email.

Plaintiff's theory is especially untenable given the actual correspondence. Plaintiff sent Chase's counsel three "Notices of Presumptions," purporting to impose evidentiary consequences under Federal Rule of Evidence 301. [*See* Docs. 38-18, 38-21, 38-24.] Chase's counsel responded to the Second Notice of Presumptions and explained that Plaintiff's notices were procedurally improper, legally defective, and that Rule 301 did not allow Plaintiff to unilaterally create binding presumptions. [*See* Doc. 38-22.] The response further explained that "[a]t this stage of the litigation, Chase is under no obligation to produce internal policies (even if relevant) nor is it under any obligation to respond to your premature demands for disclosure based on your speculative conclusions about their contents." [*Id*.] The response informed Plaintiff that Chase would "respond to properly served discovery requests and will comply with all applicable rules and court orders should the Court deny Chase's Motion to Dismiss" but Chase would not "engage in informal rebuttal of unsupported accusations framed as evidentiary presumptions that do not have a basis in fact or the law." [*Id*.]

That response was ordinary litigation advocacy. It was not an admission, a concealment, an adoptive admission, or substantial assistance in any tort. Plaintiff's contrary theory reflects the same misunderstanding of the litigation process that has already required Court intervention. Neither Chase nor its counsel were under any duty to deny Plaintiff's baseless assertions and legally deficient accusations and "presumptions." Parties are not required to respond to unilateral "notices," informal accusations, or self-created procedural devices.

Even when taking Plaintiff's accusations as true, none amount to actionable conduct. Allowing Plaintiff's proposed claims to proceed would undermine the

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

6

725398647

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

adversarial system and chill routine advocacy as Plaintiff's allegations reflect nothing more than disagreement with counsel's litigation positions. While Chase and undersigned counsel understand that *pro se* parties are afforded latitude, such latitude has been grossly exceeded in this matter. Plaintiff's attempts to characterize statements that materials "would likely come during discovery" or that there is "no obligation to produce" them as evidence of wrongdoing should be bellied by this Court. As a matter of law, and as explained below, such allegations cannot sustain claims for aiding and abetting, fraud, or any other tort. Amendment on this basis is futile.

### 2. *Plaintiff's Substantive Causes of Action Remain Deficient*

Leave to amend should be denied as each one of Plaintiff's proposed claims substantively fails as a matter of law:

- ***Breach of the Implied Covenant of Good Faith and Fair Dealing (as to Chase)***:  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing continues to fail for the same reasons argued in Chase's Motion to Dismiss and its Reply in Support of its Motion to Dismiss (*see* Docs. 22 and 26). The implied covenant does not exist in the abstract. It arises from a contractual relationship. *See Norman v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 196, 198 (App. 2001). Plaintiff does not plausibly allege the existence of a contractual relationship between Plaintiff and Chase—a critical prerequisite for his claim of breach of the implied covenant of good faith and fair dealing. Despite Plaintiff's posturing, there is nothing in the proposed first amended complaint that establishes the existence of a contractual relationship between Plaintiff and Chase. [*See generally*  Doc. 45.]  Instead, Plaintiff alleges that Chase accepted a Certification of Trust, opened an account, and later closed it. [*Id.*] But those allegations do not establish a contract between Plaintiff personally and Chase that would support a claim for breach of the implied covenant. Nor does Plaintiff identify any contractual benefit that Chase allegedly deprived him of receiving. Because the proposed amended pleading still fails to allege the threshold contractual relationship required for an implied-covenant claim, the amendment would be subject to dismissal and should be denied as futile.

7

725398647

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

- ***Fraudulent Concealment (as to Chase)***: "Under Arizona law, a fraudulent concealment claim transpires when '[o]ne party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering.'" *Hale v. Norcold Inc.*, No. CV-18-03597-PHX-SPL, 2019 WL 3556882, at *2 (D. Ariz. Aug. 5, 2019)(internal quotations and citations omitted). As Plaintiff's claim sounds in fraud, Plaintiff must also satisfy the heightened pleading standard under Fed. R. Civ. P. 9(b).

Plaintiff fails to plead the threshold requirements of a claim for fraudulent concealment—a transaction. Plaintiff's claim rises and falls on Chase's alleged failure to produce internal, confidential policies. The proposed first amended complaint alleges that Chase representatives said the policy was internal and not something they could provide, and later that Chase had no obligation to produce internal policies while its Motion to Dismiss was pending "even if relevant." *See* Doc. 45 at ¶¶ VI.(A)-(B). But nowhere in the proposed first amended complaint does Plaintiff allege any type of "transaction" between the parties wherein Chase would need to hand over internal policies that it treats as confidential in response to informal demands, pre-suit accusations, or unilateral correspondence. *See Hale v. Norcold Inc.*, No. CV-18-03597-PHX-SPL, 2019 WL 3556882, at *3 (D. Ariz. Aug. 5, 2019) (granting dismissal "because the [c]omplaint fails to allege that the [p]laintiffs were party to a transaction with the [d]efendants[.]") Discovery disputes are governed by procedural rules and judicial supervision; they are not "transactions" which form the basis for a fraudulent concealment claim.

Plaintiff also does not plead that he was ignorant that a material fact was being "concealed" or any intent on behalf of Chase that said "concealment be acted upon." *See generally* Doc. 45. This is because no such facts exist. This matter is in the early stages of litigation with Chase's Motion to Dismiss still pending before this Court. Chase is under no obligation to produce internal, confidential policies simply because Plaintiff (1) believes they exist, (2) Plaintiff believes that he is entitled to production, and (3) Plaintiff

8

725398647

misunderstands the fundamentals of the Federal Rules of Civil Procedure. Chase made this clear to Plaintiff at every stage of this litigation—there was no concealment. Fraudulent concealment requires more than allegations that a defendant refused to volunteer information during litigation; it requires facts showing that concealment was intentional and that Chase expected Plaintiff to act as a result. Those facts are absent here.

The claim also fails Rule 9(b). Plaintiff does not plead with particularity the "who, what, when, where, and how" of any actionable fraudulent concealment claim. Instead, he strings together recorded calls, email exchanges, and legal disagreements, then leaps to the conclusion that Chase must have intentionally concealed evidence. That kind of inference-stacking is exactly what Rule 9(b) prohibits in fraud-based claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003)

- ***Intentional Interference with Contractual Relations (as to Chase)***: Arizona requires a plaintiff claiming intentional interference with contract to allege: (1) a valid contractual relationship; (2) the defendant's knowledge of that relationship; (3) intentional interference inducing or causing a breach or termination of the relationship; (4) resulting damage; and (5) that the defendant acted improperly. *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 386–88, 710 P.2d 1025, 1041–43 (1985); *Wells Fargo Bank v. Ariz. Laborers*, 201 Ariz. 474, 495–96, ¶ 74, 38 P.3d 12, 33–34 (2002). Critically, interference claims are directed at a third party who disrupts a contract between others; a party cannot tortiously interfere with its own contract. *See Wells Fargo Bank v. Arizona Laborers,* 201 Ariz. at 493, ¶ 75, fn. 19 ("As a general rule, a party cannot be held liable in tort for intentional interference with its own contract.").

Here, Plaintiff seeks to assert intentional interference against Chase based on the alleged banking relationship between Chase and Plaintiff. *See* Doc. 45 (Prop. FAC) at ¶¶ VII(A)(1)-(3). The proposed amended complaint alleges that Chase accepted the Certification of Trust signed by Plaintiff, opened the Trust account, and later closed it. *See* Doc. 45 (Prop. FAC) at ¶¶ VII(A)(1)-(2). In other words, by Plaintiff's own telling, Chase was a party to the very relationship with which it supposedly interfered. Arizona

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

9

725398647

law does not permit a contracting party to morph an alleged breach of its own contract into a tortious-interference claim against itself. *See Campbell v. Westdahl*, 148 Ariz. 432, 438, 715 P.2d 288, 294 (Ct. App. 1985).

The claim also fails because Plaintiff does not plead any plausible "improper" conduct. Instead, the allegations repeat the same conduct that Plaintiff asserts as a breach of the implied covenant of good faith and fair dealing: that Chase relied on an allegedly incorrect understanding of Plaintiff's signature language and then closed the account. *See* Doc. 45 (Prop. FAC) at ¶¶ VII(A)-(C). Even if Plaintiff believes that decision was wrong, that does not convert Chase into an outsider who induced someone else to breach a separate contract. Nor does the proposed pleading allege facts showing the sort of independently wrongful conduct Arizona requires for the "improper" element. As such, Plaintiff's claim cannot survive a motion to dismiss and should be denied as futile.

- ***Aiding and Abetting Fraudulent Concealment (as to Chase's Counsel: GT, Goodwin, and Gorton)***:  Plaintiff's proposed aiding-and-abetting claim against Chase's counsel Greenberg Traurig ("GT") and individual litigation counsel is particularly improper. Claims of aiding and abetting tortious conduct require proof of three elements: "(1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Wells Fargo Bank v. Arizona Laborers*, 201 Ariz. at 485, ¶ 34. Notably, "[a]iding and abetting liability is based on proof of a scienter . . . the defendants must *know* that the conduct they are aiding and abetting is a tort." *Id.* at ¶ 33 (citations omitted) (emphasis in original).

Plaintiff cannot plead the first element because, as explained above, he has not stated a viable underlying claim for fraudulent concealment against Chase. Without a plausible primary tort, the aiding-and-abetting claim necessarily fails as a matter of law. That alone makes amendment futile.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA  85016
(602) 445-8000

725398647

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

Plaintiff's knowledge allegations are also wholly conclusory. Plaintiff asserts that counsel knew Chase was "concealing" relevant policies because counsel discussed whether such policies might be produced in discovery and later stated that Chase had "no obligation to produce" them at the current stage of litigation—when Chase's Motion to Dismiss is pending. [*See* Doc. 45 (Prop. FAC), ¶¶ VIII(A)-(B).] But knowledge of a client's discovery position, or taking a legal position as counsel regarding producibility, is not the same thing as knowledge that the client is committing a tort (and no tort was committed here). At most, Plaintiff alleges that counsel disagreed with him about what had to be produced and when. That is ordinary advocacy, not well-pleaded scienter.

Nor does Plaintiff plead "substantial assistance." Again, the only concrete acts alleged against counsel are statements regarding discovery timing, responses to correspondence, non-response to Plaintiff's unilateral "Notices of Presumptions," and legal positions taken on Chase's behalf. *Id*. Those are paradigmatic litigation activities. They are not factual allegations showing counsel substantially assisted an independent tort, as opposed to simply representing a client in a disputed matter. Plaintiff's theory would collapse the distinction between advocacy and tort liability and would allow any disgruntled litigant to sue opposing counsel for ordinary lawyering. Arizona law does not permit that result, and neither should this Court.

The Court's recent Order underscores why this proposed amendment should not be allowed. Plaintiff already moved for sanctions against defense counsel, and the Court "carefully reviewed the motion" and concluded that it failed to justify the "extraordinary remedy" of sanctions under 28 U.S.C. § 1927 or the Court's inherent authority. [Doc. 47 at 2-3.] Plaintiff proposed amended complaint simply repackages the same grievance against opposing counsel as a proposed tort claim. Rule 15 does not require the Court to permit that maneuver.

Because each claim asserted in the proposed first amended complaint fails as a matter of law and would be subject to dismiss, Plaintiff's Motion should be denied as the claims are futile.

11

725398647

### B. The Proposed First Amended Complaint Should Be Denied As It Was Filed In Bad Faith.

Bad faith exists where amendment is sought for an improper purpose. *See Freestyle Mktg. LLC v. Seba Int'l Corp.,* 2016 WL 9343160, at *2. Several features of the proposed first amended complaint demonstrate bad faith.

First, the proposed amendment dramatically expands the litigation while leaving untouched the foundational defect identified in Chase's pending Motion to Dismiss.

Second, Plaintiff attempts to transform discovery disagreements into affirmative tort claims again without a legal or factual basis to do so. The alleged wrongdoing consists entirely of litigation conduct that is neither improper nor actionable. Third, Plaintiff seeks to add opposing counsel personally without a legal or factual basis to do so. Furthermore, Plaintiff seeks to add opposing litigation counsel as defendants based solely on counsel's representation of Chase in this case. He identifies no conduct outside the litigation process and no facts showing that counsel personally committed an actionable tort. He treats counsel's refusal to accept his unilateral procedural devices as an admission, counsel's discovery positions as fraudulent concealment, and counsel's advocacy as aiding and abetting. Those theories are not legitimate claims.

Granting leave under these circumstances would reward Plaintiff's continued misuse of the litigation process, invite further collateral litigation against counsel, and undermine orderly case administration. Rule 15 does not require that result and the amendment should be denied.

Chase recognizes that Plaintiff proceeds *pro se* and that *pro se* litigants are afforded some latitude. But *pro se* status does not excuse compliance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or this Court's Orders. Nor does it entitle Plaintiff to assert legally untenable claims, sue opposing counsel for routine advocacy, or convert discovery disagreements into tort claims.

The Court has already afforded Plaintiff leniency. In its June 23 Order, the Court declined to deny the amendment request solely based on Plaintiff's Local Rule violations,

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

12

concluding at that time that doing so would be "overly harsh." [Doc. 47 at 2.] But the Court's restraint on that issue does not require allowance of a futile, bad-faith amendment. To the contrary, the Court's same Order confirms that Plaintiff's litigation conduct has become sufficiently problematic to warrant striking filings, denying motions, rejecting sanctions against counsel, and discontinuing electronic-filing privileges. [*Id.* at 2-4.]  The proper course now is to deny leave because the proposed amendment fails as a matter of law and is directed toward improper ends.

## IV.    CONCLUSION

Because the proposed first amended complaint fails to cure existing deficiencies, adds claims that are futile as a matter of law, and improperly seeks to impose liability on litigation counsel for routine advocacy,  Defendant JPMorgan Chase Bank, N.A. respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend (Doc. 35).

DATED this 6th day of July 2026.

GREENBERG TRAURIG, LLP

By: /s/ Adrianna Griego Gorton
　　　Nicole M. Goodwin
　　　Adrianna Griego Gorton
　　　*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

725398647

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026 the foregoing was served by email and first-class mail on the following:

Erik Arthur Otteson
P.O. Box 4093
Cottonwood, AZ 86326
vkngfleettrust@gmail.com
erikotteson@gmail.com
*Pro Se Plaintiff*

/s/ Tammy Mowen

14

725398647