Nicole M. Goodwin, SBN 024593
Nicole.Goodwin@gtlaw.com
Adrianna Griego Gorton, SBN 031836
GortonA@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Arthur Otteson,<br><br>Plaintiff,<br><br>vs.<br><br>JPMorgan Chase Bank, N.A.,<br><br>Defendant. | Case No. 3:25-cv-08198-DWL<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), through undersigned counsel, moves to dismiss Plaintiff Erik Arthur Otteson's ("Otteson" or "Plaintiff") First Amended Complaint filed on July 30, 2026 (Doc. 51). This Motion is based on the grounds outlined below as well as the entire record in this matter. Concurrently with this Motion, Defendant has also filed a Certificate of Good Faith Consultation pursuant to Rule 7.1(h).

## INTRODUCTION

This is now Plaintiff's fifth attempt to state a legally cognizable claim. Like the previous four attempts, Plaintiff's First Amended Complaint ("FAC") fails as a matter of law and should be dismissed.

Plaintiff attempts to transform a routine bank documentation request, made entirely consistent with the Deposit Account Agreement ("DAA") upon which Plaintiff relies, into a cause of action simply because Plaintiff refused to correct a Certification of

727180680

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

Trust ("Certification") he signed with a self-serving "without prejudice" annotation. The facts, as Plaintiff himself pleads them, tell a straightforward story. Chase opened deposit accounts for the VKNG FLEET Trust (the "Trust'") in May 2025. Chase required — as it was expressly entitled to do under the DAA — a standard Certification of Trust that it could rely upon to "open, close, and maintain" the trust accounts that Plaintiff opened. Plaintiff signed the Certification with the handwritten notation "without prejudice" appended to his signature. Chase identified a problem with the signature, explained the issue to Plaintiff in writing, and provided Plaintiff the opportunity to correct the issue by providing a Certification without the addition of "without prejudice."  Plaintiff refused. Chase then closed the accounts but still offered Plaintiff the opportunity to open new accounts on standard terms—a routine banking event. Except, of course, that Plaintiff does not see it that way. He has constructed an elaborate legal theory in which Chase's conduct was somehow "retaliatory" — an alleged act of bad faith directed at his exercise of a "statutory right" under A.R.S. § 47-1308. Plaintiff's theory fails at every level.

**First**, Plaintiff, as assignee of the Trust, stands in the shoes of the assignor and takes subject to all defenses that would have applied to the Trust. The Certification executed by Plaintiff on behalf of the Trust expressly permitted Chase to rely on it to "open, close, or maintain" accounts. In opening the account and presenting the Certification, under the terms of the DAA , the Trust covenanted not to sue Chase and to indemnify Chase for any action taken in reliance on the Certification. The Trust, and now Plaintiff as the Trust's assignee, cannot escape its (1) covenant not to sue Chase and (2) agreement to indemnify Chase and hold Chase harmless "from any and all liability" for actions Chase took in reliance on the Certification of Trust.  As such, Plaintiff is unable to maintain his breach of the implied covenant of good faith and fair dealing claim.

**Second**, setting aside any standing issues, the DAA—the very contract Plaintiff invokes—expressly authorizes Chase to close accounts "at any time for any reason or no reason without prior notice." While Plaintiff alleges that Chase's reason for closing the account was "retaliatory," no reasonable customer could harbor a "justified expectation"

2

727180680

of an indefinite banking relationship when the clear and unambiguous language of the DAA expressly authorizes either party to cease the relationship "***at any time for any reason or no reason***." Plaintiff's own allegations and the documents he references and attaches confirm that Chase acted well within its contractual rights: Chase requested a standard Certification of Trust without the phrasing of "without prejudice"; Plaintiff refused; and Chase closed the accounts (while offering Plaintiff the opportunity to open new accounts with a proper Certification of Trust). This is plainly not bad faith regardless of how Plaintiff attempts to color his allegations.

**Third**, despite Plaintiff's contention to the contrary, A.R.S. § 47-1308 (UCC § 1-308) is not a substantive right of action. It does not compel any bank to maintain a customer relationship, does not prohibit account closure, and does not create a cause of action for "retaliatory" closure. The statute simply preserves rights that otherwise exist under substantive law; it does not manufacture new ones.

**Finally**, even if Plaintiff could state a claim (he cannot), the damages he seeks are contractually barred. The DAA expressly disclaims consequential damages, which are the only damages Plaintiff pleads.

For these reasons, as more fully explained below, Plaintiff's FAC should be dismissed with prejudice.

## FACTUAL BACKGROUND

As alleged by Plaintiff, "[t]he banking relationship at issue was originally formed between [Chase] and the VKNG FLEET Trust ('the Trust'). Plaintiff served as Trustee." Doc. 51 at ¶ 5. Plaintiff alleges that he, in his individual capacity, is pursuing the sole claim asserted in the FAC through an Assignment of Claims. *Id*. at ¶ 6.

Regarding the bank accounts at issue, Plaintiff states that in May 2025, Chase opened deposit accounts for the Trust that were "governed by a valid and enforceable contract" – the DAA effective March 23, 2025 and which Plaintiff attaches as Exhibit 1 to the FAC. *Id*. at ¶¶ 8-9. Plaintiff then alleges that "[a]s a condition precedent to opening the accounts and forming the DAA, [Chase] required the execution of its standard

**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

3

727180680

Certification of Trust form" which "[e]xpressly states it 'will be relied upon by the Bank to open, close, or maintain deposit account(s)." *Id*. at ¶ 15 (citing to Doc. 38-1).  Plaintiff admits that when executing the Certification of Trust, he provided a signature "that included the explicit notation 'without prejudice.'" *Id*. at ¶ 16.  Plaintiff asserts that the notation was included pursuant to "A.R.S. §  47-1308(A) (UCC §1-308)". *Id*. at ¶ 17. Plaintiff then alleges that Chase "accepted the Certification of Trust bearing this statutory reservation of rights, opened the accounts, and operated under the DAA." *Id*. at ¶ 18.

After opening the account, Chase "restricted and subsequently closed the accounts." *Id*. at ¶ 19.  Plaintiff admits that Chase explained in writing that, according to the DAA, Chase could close his account "at any time for any reason or no reason without prior notice." *Id*. at ¶ 20.  Plaintiff  alleges that Chase informed him that the closure of the account "was due to the Certification of Trust signature" and sent a letter dated July 31, 2025.  *Id*. at ¶¶ 11, 20, 21, and 23.  Plaintiff then concludes that Chase "terminated the accounts solely because a statutory right under A.R.S. § 47-1308(A) had been exercised on the document [Chase] required to open the accounts" and that closing the accounts for such a reason was "retaliatory" and in bad faith.  *Id*. at ¶¶ 21, 25-26, 32-33.

Based on the above allegations, Plaintiff asserts a single claim for breach of the implied covenant of good faith and fair dealing.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Dismissal can be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).  Although well-pled factual allegations are taken as true, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

4

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted).  Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim.  *Iqbal*, 556 U.S. at 679–80.

## **ARGUMENT**

**I.     PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS.**

**A.     The Trust, and Plaintiff as Assignee, Covenanted Not to Sue Chase for Relying on the Certification of Trust.**

Under Arizona law, "[a]n assignee steps into the shoes of her assignor. [H]e 'can stand in no better position than the assignor' and '[a]n assignment cannot alter the defenses or equities of the third party.'" *K.B. v. State Farm Fire & Cas. Co.*, 189 Ariz. 263, 267 (App. 1997)(internal citations and quotation omitted); *see also Van Waters & Rogers, Inc. v. Interchange Res., Inc.*, 14 Ariz. App. 414, 417 (1971). Plaintiff explicitly acknowledges he brings this action as assignee of the Trust. Doc. 51, ¶¶ 7–8; Doc. 51-2. He can acquire no greater rights than those the Trust possessed—and the Trust bound itself to two dispositive contractual defenses.

The Certification of Trust expressly provides that Chase may rely on it to "open, close, or maintain deposit account(s)." Doc. 51 at ¶ 15.  Plaintiff himself alleges that the Certification governed Chase's decision-making regarding the accounts. *Id*. at ¶¶ 15, 18, 24. And that the Certification was a "condition precedent" to opening the account and forming the DAA, the agreement governing the relationship between Chase and the Trust. *Id*. at ¶¶ 9-15.[1]

---

[1] The Court may consider both the Certification of Trust and the DAA in deciding this

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

727180680

Specific to trust accounts (such as the ones at issue in this matter), the DAA provides the following:

> **10. Other fiduciary accounts.**
>
> If you open an estate account, trust account, guardianship or conservatorship account, or other similar type or account, ***we reserve the right to require any documents we reasonably request to satisfy us that you are authorized to open and use the account***, including withdrawing the funds. We do not have to permit any withdrawal from the account until we receive all requested documents. We have no fiduciary duties to you as the trustee, executor, guardian or conservator, or to the beneficial owners of the account.
>
> For trust accounts, in place of any page(s) of (a) the original trust agreement, (b) any amendment to the original trust agreement, and (c) any restatement of the original trust agreement, ***you acknowledge and agree that we may rely solely on the Chase Certification of Trust (Certification) provided by the trustee(s). You agree, as trustee (on behalf of yourself individually, co-trustees and the trust), to indemnify and hold us harmless from any and all liability, and covenant not to sue us, relating to our reliance on the Certification or for any actions taken pursuant to the Certification***.

Doc. 51-1 at §II(A)(10) at 5 (emphasis added). The language of the DAA is unambiguous and clear: the Trust, and now Plaintiff as assignee, is contractually prohibited from bringing this action against Chase as Plaintiff's core allegation is that Chase closed the accounts based on the signatures appearing on the Certification—an action taken pursuant

---

Motion to Dismiss. "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). For materials incorporated by reference, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder*, 450 F.3d at 448. Here, the DAA is attached to Plaintiff's FAC as Exhibit 1 (Doc. 51-1) and the Certification of Trust was attached to Plaintiff's prior complaint (Doc. 21-1), is referenced in the FAC, and is central to the claims as the errant "without prejudice" language appeared on the Certification of Trust.

727180680

to the Certification. Doc 51 ¶¶ 21–25. That closure is precisely the kind of action the Certification authorized and the type of action over which the Trust covenanted not to sue pursuant to the unambiguous terms of the DAA. As assignee, Plaintiff cannot pursue a claim the Trust itself is barred from bringing. *See Miller v. Hehlen*, 209 Ariz. 462, 469, ¶ 23 (App. 2005) ("[t]he assignee's right ... is subject to limitations imposed by the terms of that contract and to defenses which would have been available against the obligee had there been no assignment.") (citation and punctuation omitted); *Indep. Nat. Bank v. Westmoor Elec., Inc.*, 164 Ariz. 567, 571 (App. 1990) ("[A]n assignee, cannot stand in any better position than its assignor")(internal citation and quotation omitted).

Because the Trust agreed not to sue Chase for actions taken pursuant to the Certification, and Plaintiff alleges and admits that Chase's actions were pursuant to the Certification and the DAA, Plaintiff, as assignee, is bound by that same limitation. The DAA therefore establishes a contractual bar to Plaintiff's claim requiring dismissal.

**B.      The DAA Expressly Authorized Chase To Close The Accounts.**

Even if Plaintiff was not contractually barred from bringing this action (which he is), Plaintiff's claim for breach of the implied covenant of good faith and fair dealing still fails as a matter of law.  The covenant of good faith and fair dealing "requires that neither party act to impair the right of the other ***to receive the benefits that flow from their agreement*** or contractual relationship. As a general rule, an implied covenant of good faith and fair dealing ***cannot directly contradict an express contract term***. Accordingly, the relevant inquiry always will ***focus on the contract itself***, to determine what the parties did agree to." *Kuehn v. Stanley*, 208 Ariz. 124, 132, 91 P.3d 346, 354 (App. Div. 2, 2004) (internal quotations and citations omitted) (emphasis added); *see also Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1038 (Ariz. 1985)        ("The covenant requires that neither party do anything that will injure the right of the other to receive the benefits of their agreement.").

Plaintiff alleges that Chase breached the DAA, the sole agreement governing the Trust's account, "[b]y exercising its termination power under the DAA specifically

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

7

727180680

because the 'without prejudice' reservation was utilized, [Chase] exercised its contractual discretion for a reason outside the contemplated range of the DAA … and inconsistent with the justified expectations of the account holder, whose claims Plaintiff holds by assignment." Doc. 51, ¶ 33. Plaintiff's allegations make clear that his claim fails because (1) the DAA expressly permits the closure of the account "for any reason or no reason"; (2) the DAA provides that Chase could (and did) require reasonable documentation to maintain the account; and (3) the FAC and its referenced documents demonstrate Chase's good faith.

### 1. *The DAA Expressly Authorized Chase to Close The Accounts*

As Plaintiff admits, the DAA states: "Either you or we may close your account at any time ***for any reason or no reason*** without prior notice." Doc. 51-1, Ex. 1 § VIII at 22 (emphasis added); *see also* Doc. 51, ¶¶ 11, 22.  Plaintiff alleges that Chase breached the covenant of good faith and fair dealing by exercising its contractual right to close the accounts "for any reason or no reason" when (1) Chase required a Certification of Trust devoid of the "without prejudice" annotation and (2) in "retaliation" for Plaintiff's exercise of his "statutory right" under A.R.S. § 47-1308.  Plaintiff alleges that closing the account deprived him of the benefits he bargained for under the DAA because "[n]o depositor assumes the risk that a bank will exercise its at-will termination power to retaliate against the lawful exercise of a statutory right under A.R.S. § 47-1308(A)."  Doc. 51 at ¶ 32.

It is well-established that the implied covenant of good faith and fair dealing cannot directly contradict an express contract term.  *See Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 46 P.3d 431 (Ct. App. 2002).  The covenant protects a party's right to receive the benefits already bargained for under the contract, but it cannot supply a benefit that was never part of the agreement.  *See 11333 Inc. v. Certain Underwriters at Lloyd's, London*, 261 F. Supp. 3d 1003, 1024 (D. Ariz. 2017) ("The implied covenant of good faith and fair dealing is not a vehicle for creating contractual terms that the parties did not otherwise agree to; it protects the existing terms from subversion.").  However, that is

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

8

727180680

exactly what Plaintiff attempts to do through the conclusory allegations that form the basis for his claim.

Here, neither Plaintiff nor the Trust bargained for a relationship that would continue in perpetuity—quite the opposite. The DAA clearly states that either party could terminate for any reason or no reason at all. *See* Doc. 51-1 at Ex. 1 § VIII at 22. The right to continued account access was therefore never a benefit inherent in the agreement; it was expressly disclaimed. Because the very "benefit" Plaintiff claims was denied—continuation of the accounts—is one the DAA expressly does not promise, Plaintiff cannot plausibly allege deprivation of any contractual benefit. *See Nairn v. JP Morgan Chase & Co.*, No. 1:24-CV-00064-DDD-KAS, 2025 WL 4091216, at *5 (D. Colo. Feb. 12, 2025) ("The deposit agreement, including the implied covenant of good faith and fair dealing, was not breached by ceasing to do business with a customer, whether in retaliation for her complaints or not.") (internal citation omitted).

In the FAC, Plaintiff relies on *Sw. Sav. & Loan Ass'n v. SunAmp Sys., Inc.*, 172 Ariz. 553 (Ct. App. 1992). Doc. 51 at ¶ 31. However, Plaintiff's reliance is misplaced. In *Sw. Sav. & Loan Ass'n v. SunAmp Sys., Inc.*, the Arizona Court of Appeals held that a savings and loan association ***did not*** breach the implied covenant of good faith and fair dealing when it exercised its contractual power to freeze and ultimately terminate a borrower's credit line. 172 Ariz. at 563. The court assessed whether the bank exercised its contractual right to restrict and terminate for a reason beyond the risks assumed by the party claiming a breach. *Id*. at 558-559. The court held that where the bank acted for a legitimate business purpose within the contemplated range of risks, the exercise of an express contractual right does not, and cannot, breach the implied covenant. *Id*. at 560-561. Again, there is no dispute that Chase acted for a legitimate business purpose—ensuring that it had a Certification it could rely upon to "open, close and maintain" the trust accounts at issue and, as more fully described below, relying on its reservation of the right to require documentation that Plaintiff was authorized to act on behalf of the Trust.

9

727180680

Plaintiff's allegation that Chase "exercised its contractual discretion for a reason outside….a range [Chase's] own agreement defines (Ex. 1 § IX.C at 23)" does nothing to save his claim.  The DAA provision to which Plaintiff cites states that Chase

> ***[M]ay decline or prevent transactions*** to or from your account or otherwise restrict your account….***including in one or more of the following circumstances***:
>
> - Your account is involved in any legal or administrative proceeding;
>
> - We receive conflicting information or instructions regarding account ownership, control, funds or activity;
>
> - We suspect that you may be the victim of a fraud, scam or financial exploitation, even though you have authorized the transaction(s);
>
> - We suspect that any transaction may involve illegal activities or may be fraudulent;
>
> - We are complying in our sole discretion with any federal, state or local law, rule or regulation, including federal asset control and sanction rules and anti-money laundering rules, or with our policies adopted to ensure that we comply with those laws, rules or regulations; or
>
> - ***We reasonably believe that doing so is necessary to avoid a loss or reduce risk to us***.
>
> \* \* \*
>
> We will have ***no liability*** for any action we take under this section and/or related sections, and we may take such action without advance notice.

Doc. 51-1, Ex. 1 § IX(C) at 23 (emphasis added). This language does not obligate Chase to take any specific action nor, as Plaintiff alleges, does it limit the circumstances under which Chase may act. Quite the opposite: Chase can restrict accounts or transactions if it "reasonably believes that doing so is necessary to avoid a loss or reduce risk." *Id*. This is directly in line with Chase's right to close an account "***for any reason or no reason at all***."  Because Plaintiff cannot establish that Chase's conduct deprived him of any contractual benefit protected by the DAA or that Chase acted outside of the contemplated risks, Plaintiff's claim fails and must be dismissed.

    2. *Chase was within its contractual rights to require a Certification of*

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

10

727180680

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

*Trust that met its requirements.*

In addition to the DAA provision allowing Chase to close accounts "for any reason or no reason at all," specific to trust accounts such as the ones at issue here, the DAA provides that Chase "reserve[s] the right to require any documents [it] reasonably request[s] to satisfy [Chase] that you are authorized to open and use the account[.]" Doc. 51-1 at § II(A)(10) at 16.  This provision is not ambiguous, and it is not qualified. It grants Chase express contractual authority to require documentation—including a standard Certification of Trust—as a condition of opening and continuing to maintain a trust account.

Plaintiff's own allegations confirm that this is exactly what Chase did.  According to Plaintiff, Chase required, as a condition of opening and then maintaining the Trust accounts, execution of its standard Certification of Trust. *See* Doc. 51, ¶ 15. That request falls squarely within the plain language of § II(A)(10), which provides Chase the right to require authorization documentation. A standard, unqualified Certification of Trust is precisely the kind of "document" a bank "reasonably request[s]" to satisfy itself that the trustee is "authorized to open and use the account" and the type of document specifically authorized by statute.  *See* A.R.S. § 14-11013(A)-(B) (a "trustee may furnish . . . a certification of trust" that is "signed or otherwise authenticated…"). Nothing in the DAA required Chase to accept a Certification bearing a unilateral qualifying notation that Plaintiff inserted for his own purposes.[2]

Where the DAA expressly reserves discretion to Chase—here, discretion to determine what documentation is required and whether it is sufficient—the implied covenant cannot be invoked to strip Chase of that discretion *without more*. *See Wells*

---

[2] Courts assessing the use of UCC 1-308 by self-represented parties have noted that the inclusion of "without prejudice" or similar language on documents and pleadings is an attempt by the signer to "avoid the potential consequences of untruthful answers." *See Mace v. BMW Group Financial Services NA LLC*, No. CV-25-04430-PHX-MTL, 2026 WL 1815285 *2 (June 24, 2026) (dismissing plaintiffs' breach of contract claim and collecting cases regarding use of UCC 1-308); *see also McCarley v. AirBnB, Inc., et al.*, Case No. 2:25-cv-00510-JAD-MDC, 2025 WL 1151131 *1 (April 17, 2025).

727180680

*Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons*, 201 Ariz. 474, 491–92, ¶ 65 (2002) ("the duty to act in good faith does not alter the specific obligations of the parties under the contract.... Acts in accord with the terms of one's contract cannot *without more* be equated with bad faith.") (internal citation and quotation omitted); *Rawlings v. Apodaca*, 151 Ariz. 149, 153–54 (1986).

Plaintiff cannot rewrite § II(A)(10) by asking this Court to declare that Chase was contractually required to accept a non-standard Certification bearing his "without prejudice" notation. That reading would inverse the provision entirely, converting Chase's contractual right to require reasonable documentation into a customer's right to dictate the terms of that documentation. Section II(A)(10) authorizes exactly what Plaintiff complains Chase did: request a reasonable Certification and decline to open or maintain the account when the customer refused to comply. Plaintiff cannot state a claim for breach of the implied covenant premised on Chase exercising a right the DAA expressly conferred without more.

### 3. *Plaintiff's allegations and referenced documents demonstrate Chase's good faith.*

Plaintiff's allegations make the following clear: at every step, Chase acted in good faith in exercising its contractual right. Chase demonstrated a willingness to work with Plaintiff to maintain the Trust accounts but, at each step, Plaintiff refused. Plaintiff's refusal to abide by Chase's reasonable requests does not provide a basis for a claim for the breach of the implied covenant of good faith and fair dealing.

Plaintiff references Chase's July 31, 2025 letter [(*see* Doc. 51 at ¶¶ 11, 20, 21) which Plaintiff previously submitted to this Court at Doc. 38-9] to allege bad faith and/or "retaliatory" conduct.[3] However, the July 31, 2025 demonstrates the complete opposite. The July 31, 2025 Letter began by informing Plaintiff that "[w]e closed your accounts but

---

[3] The Court may consider the July 31, 2025 letter as it is referenced throughout the FAC and forms the basis for Plaintiff's bad faith allegations. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In addition, the July 31, 2025 was previously submitted to this Court by Plaintiff in support of his Motion for Summary Judgment. *See* Doc. 38-9.

12

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

727180680

you are eligible to open new ones." Doc. 38-9 at 2. The letter then informed Plaintiff that Chase was "unable to maintain the accounts" because "[t]he signatures you provided include additional verbiage 'without prejudice.'" *Id*. Chase then further explained that Plaintiff was "provided an opportunity to correct the signatures, however, the updates were not made and the account closed." *Id*. And even after Plaintiff refused to correct the deficiency, Chase extended yet another remedial offer: "[i]f you would like to open new accounts[,] you may do so. However, they may not contain additional verbiage with the signatures." *Id*.

Far from suggesting arbitrary or malicious conduct, these allegations describe a financial institution attempting to resolve concerns regarding account-opening documentation before exercising an express contractual right to terminate the relationship. The record Plaintiff himself has laid before this Court demonstrates that Chase repeatedly extended good-faith efforts to preserve the banking relationship, and that it was *Plaintiff* — not Chase — who refused to accept the reasonable terms on which that relationship could continue. While Plaintiff repeatedly characterizes Chase's conduct as "retaliatory," such labels are legal conclusions that the Court need not accept as true. Plaintiff's refusal to abide by Chase's reasonable requests is not a breach of the implied covenant by Chase; it was Plaintiff's own choice, and its consequences are Plaintiff's alone to bear. The claim fails as a matter of law.

### C.    A.R.S. § 47-1308 Does Not Create The Substantive Right On Which Plaintiff's Claim Depends.

Plaintiff's claim relies on his contention that the "without prejudice" notation on the Certification invoked a "statutory right" under A.R.S. § 47-1308, and that Chase's closure was "retaliation" against that right. FAC ¶¶ 16–17, 22–33. Plaintiff posits that A.R.S. § 47-1308 somehow prohibited Chase from closing the accounts after Plaintiff inserted the words "without prejudice" into the Certification. However, A.R.S. § 47-1308 (Arizona's codification of UCC § 1-308) is a rule of construction preserving existing rights when a party performs under reservation. It provides that a party who performs

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

13

727180680

while reserving rights (using language such as "without prejudice") does not thereby prejudice those rights. *See* A.R.S. § 47-1308. Nothing in the text of § 47-1308 requires a bank to establish a customer relationship. Nothing in the statute requires a bank to continue a customer relationship or restricts a bank's contractual authority to terminate an account relationship. And nothing in the statute creates a cause of action for an alleged "retaliatory" account closure. *See e.g. Yashar'el v. Wells Fargo Bank, N.A.*, 2:25-CV-182-Z, 2025 WL 2495550, at *3 (N.D. Tex. Aug. 29, 2025) (dismissing a plaintiff's attempted claim under the UCC 1-308 for bad faith when the defendant bank refused notarial services and terminated his account by holding that "[t]his provision is not relevant"); *see also* U.C.C. § 1-308, cmt. 1 (provision applies to preserve rights of a party continuing to perform in the face of a dispute; it "does not apply to an accord and satisfaction"). Courts have rejected attempts to transform § 1-308 into a freestanding source of substantive rights. *See Blaylock v. United States*, CV1700006TUCRMLCK, 2017 WL 2196765, at *2 (D. Ariz. Apr. 12, 2017), *report and recommendation adopted*, CV1700006TUCRMLCK, 2017 WL 2172002 (D. Ariz. May 17, 2017) ("There is no cause of action arising from this provision of the U.C.C. [1-308]"); *see e.g. Green v. Harley-Davidson*, 2024 WL 5498098, at *10 (D. Or. Dec. 23, 2024), *report and recommendation adopted*, 2025 WL 974074 (D. Or. Jan. 23, 2025) ("UCC § 1-308 does not provide a cause of action."); *Willingham v. Flagstar Bank, NA*, 8:24-CV-02407-AH (JDEX), 2025 WL 1711442, at *5 (C.D. Cal. May 8, 2025) ("Moreover, generally including 'UCC 1-308' as a basis to somehow reserve rights under a sovereign citizen or natural person theory has long been rejected.")

Because § 47-1308 confers no substantive right that Chase could have "retaliated" against, Plaintiff's theory of bad faith—premised entirely on the invocation of that statute—fails as a matter of law. Even accepting every factual allegation as true, the FAC does not identify any protected right whose exercise could sustain an implied covenant claim.

14

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

### D.    Plaintiff Has Not Alleged Recoverable Damages.

Finally, even if Plaintiff could state a claim (he cannot), the FAC should be dismissed because the only damages pled are contractually foreclosed.  The DAA states in clear and unequivocal terms (in bold and capital letters) that Chase "**WILL NOT BE LIABLE FOR INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES REGARDLESS OF THE FORM OF ACTION AND EVEN IF WE [CHASE] HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.**" Doc. 51-1, Ex. 1 § IX.B at 22–23 (emphasis in original). Yet, all of Plaintiff's pled damages are "indirect, special or consequential": "the destruction of its intended business operations"; "lost profits"; "the loss of the benefit of the bargain"; and "the costs incurred to mitigate the harm caused by the account closures."  Doc. 51, ¶ 35.  As such, Plaintiff is precluded from recovering those damages under the express terms of the DAA. *See Kocharov v. JPMorgan Chase Bank, N.A.,* No. CV-21-02220-PHX-DGC, 2023 WL 7018030, at *7 (D. Ariz. Oct. 25, 2023), aff'd, No. 23-4458, 2025 WL 2058817 (9th Cir. July 23, 2025) (holding that the damage limitations clause is enforceable and not unconscionable); *see e.g., Blackford v. JPMorgan Chase Bank, N.A.*, No. 1:14-cv-01717-JMS-DKL, 2015 WL 7017204, at * 6-7 (S.D. Ind. Nov. 10, 2015) (holding that the damage limitations clause is "valid and enforceable"); *see also Patterson v. J.P. Morgan Chase Bank*, No. 12-CV-2198,  2013 WL 182813, *3 (E.D.N.Y. 2013) (holding that "the Account Agreement forecloses any claim for consequential damages").  Plaintiff's addition of "including but not limited to" boilerplate damage allegation does not save the claim; no other category of damages is pleaded, and generic reservations do not satisfy Rule 8's requirement of factual allegations plausibly supporting relief. *Iqbal*, 556 U.S. at 678**.**

## II.    DISMISSAL WITH PREJUDICE IS WARRANTED.

The Court previously identified a deficiency in Plaintiff's breach of the implied covenant of good faith and fair dealing claim and afforded him an opportunity to amend. Plaintiff responded by abandoning his Certification of Trust and implied-in-fact contract theories, and relying instead on the DAA. However, the DAA forecloses his claim as it

15

expressly authorizes Chase to close accounts for any reason or no reason, authorizes Chase to require trust-related documentation, and incorporates provisions that bar claims arising from Chase's reliance on the Certification. Plaintiff's own allegations and incorporated documents therefore establish that he cannot state a viable implied-covenant claim as a matter of law. Accordingly, the FAC should be dismissed with prejudice.

## CONCLUSION

For the reasons explained above, Chase respectfully requests that the Court grant its Motion to Dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice because Plaintiff has failed to state any legally cognizable claim for relief.

DATED this 13th day of August, 2026.

GREENBERG TRAURIG, LLP

By: /s/ Adrianna Griego Gorton
Nicole M. Goodwin
Adrianna Griego Gorton
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

16

727180680